KEVIN X. MCGANN (appearance *pro hac vice*)
kmcgann@fenwick.com
FENWICK & WEST LLP
902 Broadway, Suite 14
New York, NY  10010-6035
Telephone:     212.921.2001
Facsimile:     650.938.5200

BRYAN A. KOHM (CSB No. 233276)
bkohm@fenwick.com
DARGAYE H. CHURNET (CSB No. 303659)
dchurnet@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:     415.875.2300
Facsimile:     415.281.1350

REBECCA A.E. FEWKES (CSB No. 209168)
rfewkes@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
Telephone:     650.988.8500
Facsimile:     650.938.5200

Attorneys for Defendant
TILE, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CELLWITCH INC., | Case No.: 4:19-CV-01315-JSW |
| Plaintiff, | **TILE, INC.'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| v. | |
| TILE, INC., | |
| Defendant. | Date:      November 15, 2019 |
| | Time:      9:00 a.m. |
| | Courtroom: 5 |
| | Judge:     Jeffrey S. White |
| | Trial Date:  None Set |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION ............................................................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED ........................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 2

I.      SUMMARY OF ARGUMENT ........................................................................ 2

II.     STATEMENT OF FACTS ............................................................................... 3

III.    ARGUMENT ..................................................................................................... 4

IV.    CONCLUSION ................................................................................................. 8

FENWICK & WEST LLP
ATTORNEYS AT LAW

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Hamilton v. Rhoads*,
    No. C 11-0227 RMW (PR), 2011 WL 5085504 (N.D. Cal. Oct. 25, 2011) ........................... 5

*Hanni v. Amer. Airlines*,
    No. C-08-00732 CW (EDL), 2009 WL 1505286 (N.D. Cal. May 27, 2009) ....................... 6

*In re Nexus 6p Prods. Liab. Litig.*,
    No. 17-cv-02185-BLF, 2017 WL 3581188 (N.D. Cal. Aug. 18, 2017)................................. 5

*InterTrust Techs. Corp. v. Microsoft Corp.*,
    No. C 01-1640 SBA, 2003 WL 23120174 (N.D. Cal. Dec. 1, 2003) ................................. 6

*Little v. City of Seattle*,
    863 F.2d 681 (9th Cir. 1989)............................................................................................ 5

*Micron Tech., Inc. v. United Microelectronics Corp.*,
    No. 17-cv-06932-JSW, 2018 WL 7288018 (N.D. Cal. March 16, 2018)........................... 5, 6

*Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*,
    417 F. Supp. 2d 1121 (N.D. Cal. 2006) .......................................................................... 7

*Orchid Biosciences, Inc. v. St. Louis Univ.*,
    198 F.R.D. 670 (S.D. Cal. 2001)..................................................................................... 6

*Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
    220 F.R.D. 349 (N.D. Cal. 2003) ................................................................................... 5

*Silver State Intellectual Techs., Inc. v. Facebook, Inc.*,
    No. 4:17-cv-003349-JSW, Order, Dkt. 60 (March 7, 2019)................................................ 2

**STATUTES AND RULES**

Federal Rule of Civil Procedure 12(b)(6) ............................................................................... 3, 5

Federal Rule of Civil Procedure 26(c)(1)(A) .......................................................................... 5

Patent Local Rule 2-5................................................................................................................ 2, 7

Patent Local Rule 2-5(a) ........................................................................................................... 7, 8

Patent Local Rule 2-5(c) ........................................................................................................... 8

Patent Local Rule 2-5(d) ........................................................................................................... 8

Patent Local Rule 3-1 ................................................................................................................ 6

1

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:  PLEASE TAKE NOTICE

that, on November 15, 2019, at 9:00 a.m., or as soon thereafter as the motion may be heard, in the

courtroom of The Honorable Jeffrey S. White, located at Courtroom 5, 2nd Floor, 1301 Clay

Street, Oakland, California 94612, defendant Tile, Inc. ("Tile") will and hereby does move this

Court, pursuant to Fed. R. Civ. P. 26(c) and the Court's discretion, for a protective order staying

discovery in this case pending the resolution of Tile's motion to dismiss plaintiff Cellwitch Inc.'s

("Cellwitch's") Amended Complaint.  The motion is based on this Notice, the Memorandum of

Points and Authorities, the Declaration of Rebecca A.E. Fewkes ("Fewkes Decl.") and exhibits

submitted therewith ("Fewkes Ex. __"), the pleadings and records on file in this action, all

matters of which the Court may take judicial notice, and any other argument or evidence that may

be presented in support of this Motion.

## STATEMENT OF ISSUES TO BE DECIDED

Does the case-dispositive nature of Tile's motion to dismiss, the lack of a need for

discovery to decide the motion to dismiss, and the breadth and prematurity of Cellwitch's

discovery requests furnish good cause for a stay of discovery pending resolution of the threshold

motion to dismiss?

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   SUMMARY OF ARGUMENT

Tile respectfully requests a protective order from the Court to defer discovery, including responses to Cellwitch's pending discovery requests, until after the Court rules on Tile's motion to dismiss, in order to conserve the resources of the parties. *See, e.g.*, Dkt. 48 at 4:16–23, 7:3–12, 8:8–21, 11:7–9.

After Tile filed its case-dispositive motion to dismiss, the Court vacated the Initial Case Management Conference. Dkt. 47. Thus, disclosures under the Patent Local Rules are deferred as the timing of such disclosures is tied to the date of the conference. Yet, Cellwitch has refused to defer Tile's responses to its ten interrogatories and forty-nine requests for production, some of which are subject to objections as premature under Patent L.R. 2-5. Deferring the burdensome and potentially unnecessary discovery is consistent with the Court's goal of preserving parties' resources, as expressed in *Silver State Intellectual Techs., Inc. v. Facebook, Inc.*, No. 4:17-cv-003349-JSW, Order, Dkt. 60 (March 7, 2019).

The two factors considered in this district to determine whether there is good cause for a stay of discovery pending resolution of a dispositive motion are both met here. First, Tile's motion to dismiss, if granted, is entirely dispositive of the case. Second, no discovery is needed for a decision on Tile's motion to dismiss. In addition, the lack of prejudice to Cellwitch and the burdensome nature of Cellwitch's overbroad and premature requests further demonstrate good cause for a stay of discovery until the pending motion to dismiss is resolved.

## II.     STATEMENT OF FACTS

Cellwitch filed its Complaint in this matter on March 12, 2019.  Dkt. 1.  On May 2, 2019, Tile filed its Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6).  Dkt. 30.  On May 16, 2019, Cellwitch filed its Amended Complaint.  Dkt. 32.  Tile filed its Motion to Dismiss the Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) on May 30, 2019.[1]  Dkt. 36.

The parties held their Rule 26(f) conference on July 26, 2019, during which Tile proposed deferring discovery in light of the pendency of Tile's motion to dismiss.  Dkt. 48 at 7:7–14. Cellwitch disagreed, and on the same day, served ten interrogatories and forty-nine requests for production.  Fewkes Exs. A (Cellwitch's First Set of Requests for Production of Documents and Things to Tile, Inc. (Nos. 1–49)), and B (Cellwitch's First Set of Interrogatories to Tile, Inc. (Nos. 1–11) [*sic*]).  Cellwitch's interrogatories and requests for production broadly address all of Tile's products, devices, and applications without restriction (time period, model, version).  *See, e.g.*, Fewkes Ex. A at 2:9–16.  For example, Cellwitch's definitions state:

> "Tile Product(s)" means any product or platform, applications, accessories, and/or services used, manufactured, imported, offered for sale, or sold, in whole or in part, by Tile or by others on Tile's behalf, including but not limited to Tile Device(s), Tile App(s), Tile Premium, and services and functionalities such as Community Find, Smart Alerts, and Share.

> "Tile Device(s)" means any device manufactured, imported, offered for sale, or sold by Tile or by others on Tile's behalf that enables monitoring of locations of items by one or more wireless devices, including but not limited to Pro, Mate, and Slim.

> "Tile App(s)" means any and all version(s) of the Tile Application.

*Id*.  Cellwitch's requests for production require documents encompassing all operations and distributions of Tile's products, devices, and applications.  For example, Request for Production No. 4 requires "All Documents that describe or explain how Tile Products operate."  Fewkes Ex. A at 6:14–15.  Further, Request for Production No. 16 requires "Documents sufficient to identify and describe the purchase, distribution, marketing, supply and/or sales channels for the Tile Products."  Fewkes Ex. A at 8:1–3.  Cellwitch's interrogatories similarly encompass all operations and distributions at Tile.  For example, Cellwitch's Interrogatory No. 1 requires that

---

[1] As Tile has moved under Rule 12(b)(6), its answer to the complaint is not yet due.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1 Tile:  "Identify each Tile Product by name, internal code name (if any), version(s), release date(s),

2 operating platform(s), and any other identifying indicia."  Fewkes Ex. B at 7:2–4.  In similar

3 fashion, Interrogatory No. 5 requires:

4      For each Tile Product, provide the number of units sold in the United States on a
     quarterly basis since 2014, the average unit sale price during such period, the gross

5      revenue attributable to such sales during such period, and the net profit (EBIDTA)
     realized on such sales during such period, as well as the person(s) most

6      knowledgeable of the facts relating to this Interrogatory.

7 Fewkes Ex. B at 7:20–24.  And Interrogatory No. 4 requests Tile's noninfringement contentions,

8 claim charts, accused products, claim constructions and all documents supporting and persons

9 knowledgeable on these topics.  Fewkes Ex. B at 7:12–19 (full text, *infra*, at 7:20–28).

10      On August 8, 2019, the Clerk notified the parties that the hearing on the Motion to

11 Dismiss and the Initial Case Management Conference, scheduled for August 16, 2019, was

12 vacated, and that the Court would reschedule the Initial Case Management Conference, if

13 necessary, in its order resolving the Motion to Dismiss.  Dkt. 47.

14      The parties filed a Joint Case Management Statement on August 9, 2019.  Dkt. 48.  The

15 Joint Case Management Statement included a Proposed Order that "the time for responding to

16 any discovery requests propounded before the Court's decision on Tile's Motion to Dismiss [is/is

17 not] extended until thirty (30) days after the Court's ruling on Tile's Motion to Dismiss."  Dkt. 48

18 at 11:7–9.  In the Joint Case Management Statement, Tile also indicated that it will seek *inter*

19 *partes review* of Cellwitch's patent.  Dkt. 48 at 7:16–18.

20      On August 16, 2019, Tile filed a Request for Clarification Re Notice Vacating Hearing

21 Date on Tile's Motion to Dismiss and the Initial Case Management Conference seeking

22 clarification as to whether discovery was stayed pending resolution of its motion to dismiss.

23 Dkt. 49.  On August 21, 2019, the Courtroom Deputy instructed Tile by email that its request for

24 clarification should be filed as a motion, prompting the instant motion to stay discovery.  Before

25 filing this motion, Tile asked Cellwitch again if it would be willing to agree to stay discovery, and

26 Cellwitch declined.  Fewkes Decl. ¶ 5.

27 **III.**  **ARGUMENT**

28      The Court "may, for good cause, issue an order to protect a party or person from

FENWICK & WEST LLP
ATTORNEYS AT LAW

annoyance, embarrassment, oppression, or undue burden or expense, including … forbidding … discovery." Fed. R. Civ. P. 26(c)(1)(A). The Court has "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1989) (affirming district court's stay of discovery until defendant's immunity from claims was resolved). The Court's discretion extends to staying discovery upon a showing for good cause. *Id.* A stay of discovery is appropriate to address threshold dispositive issues, like Tile's case-dispositive motion to dismiss. *See, e.g.*, *In re Nexus 6p Prods. Liab. Litig*., No. 17-cv-02185-BLF, 2017 WL 3581188, at *2 (N.D. Cal. Aug. 18, 2017) (granting stay where a threshold challenge could be dispositive of defendant's involvement in case); *Little*, 863 F.2d at 685 (affirming district court's stay of all discovery irrelevant to the district court's determination of a threshold issue).

Courts in this district apply a two-prong test to determine whether to stay discovery pending resolution of a dispositive motion: the motion "must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed," and the court should consider "whether the pending dispositive motion can be decided absent additional discovery." *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351–52 (N.D. Cal. 2003). Both prongs are easily satisfied here.

Tile's motion to dismiss meets the first prong because, if granted, it will dispose of this entire case—Cellwitch's patent would be found invalid for lack of patentable subject matter under § 101 and its Amended Complaint would be dismissed with prejudice. Dkt. 36 at 1:2–16.

Tile's motion to dismiss meets the second prong because it can be decided entirely based upon the deficiencies in Cellwitch's pleadings, without any discovery. *See, e.g., Micron Tech., Inc. v. United Microelectronics Corp.*, No. 17-cv-06932-JSW, 2018 WL 7288018, at *2 (N.D. Cal. March 16, 2018) (staying discovery where pending motion to dismiss did not require full discovery for resolution); *In re Nexus 6P Prods. Litig.*, 2017 WL 3581188, at *2 ("[t]he Court also notes that the pending motions to dismiss are fully briefed, and can be decided without additional discovery"); *see also Hamilton v. Rhoads*, No. C 11-0227 RMW (PR), 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011) ("any discovery is unnecessary for resolution of the [defendant's] motion [to dismiss]"). Dismissal of Cellwitch's Amended Complaint under Federal

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   Rule of Civil Procedure 12(b)(6) will be based on the Amended Complaint, the patent, and its

2   prosecution—not discovery.  Dkt. 36 at 6:26–7:12.

3          A stay of discovery is appropriate when, as here, both prongs are met.  *Micron Tech.*,

4   2018 WL 7288018, at *2 (staying Rule 26(b) discovery until resolution of motion to dismiss

5   based on satisfaction of both factors).

6          The Court may, but need not, consider additional factors that demonstrate good cause for

7   a stay:  the lack of prejudice to Cellwitch and the burdensome nature of Cellwitch's requests.

8          First, good cause is shown because there is no prejudice to Cellwitch.  A stay of discovery

9   will last only so long as the Court requires to decide the pending motion to dismiss.  Because

10  there are no Court-determined deadlines for this matter, there is no set date for the end of

11  discovery.  Accordingly, the stay would not prejudice Cellwitch by cutting a discovery window

12  short.  *Hanni v. Amer. Airlines,* No. C-08-00732 CW (EDL), 2009 WL 1505286, at *8 (N.D. Cal.

13  May 27, 2009) (staying discovery would not prejudice plaintiffs by shortening discovery window,

14  but would phase the case in order to prevent the parties from incurring unnecessary costs); *see*

15  *also Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 675 n. 7 (S.D. Cal. 2001) (a

16  limited stay until resolution of a dispositive motion would not disrupt administration of the case

17  as "the Court has not yet issued a scheduling order establishing a discovery cut-off date").

18  Moreover, the patent in this case issued in 2014.  Dkt. 32 ¶ 23.  Cellwitch also alleges Tile began

19  its products in 2014 and alleges Tile had $100 million in revenue by 2016 (Dkt. 32 ¶¶ 15, 21, 42)

20  yet Cellwitch did not bring its Complaint until March 2019.  Thus, any claim of prejudice based

21  on the short stay requested here rings hollow—Cellwitch will not be prejudiced.

22         Second, good cause is shown because Cellwitch's requests are burdensome and

23  overbroad.  Disclosures under the Patent Local Rules, which are designed to focus the litigation

24  on truly disputed issues, have been postponed until after the Court's decision on Tile's motion to

25  dismiss.  Thus, for example, disclosure of asserted claims and infringement contentions, under

26  Patent Local Rule 3-1, has not yet occurred.  Such disclosures are meant to streamline the

27  discovery process by replacing a series of interrogatories that defendants would likely propound,

28  and requiring the parties to crystallize their theories of the case early in the litigation.  *InterTrust*

FENWICK & WEST LLP
ATTORNEYS AT LAW

*Techs. Corp. v. Microsoft Corp.*, No. C 01-1640 SBA, 2003 WL 23120174, at *2 (N.D. Cal. Dec. 1, 2003) (holding that patent owner failed to comply with the spirit of local patent rules requiring specific articulation of claims and theories of infringement, and would be required to correct deficiencies in its disclosures); *Nova Measuring Instruments Ltd. v. Nanometrics, Inc*., 417 F. Supp. 2d 1121, 1122–23 (N.D. Cal. 2006) (discussing letter and spirit of Patent Local Rules). Several of Cellwitch's discovery requests encompass topics that are addressed by the Patent Local Rules, which is why Patent Local Rule 2-5 recognizes discovery requests, such as those directed to claim construction, damages, prior art, and advice of counsel, for example, as premature before the Patent Local Rule disclosures.  Patent L.R. 2-5.

Cellwitch has not disclosed the asserted claims or any infringement contentions, but seeks to impose upon Tile the burden of responding to numerous and premature discovery requests. For example, in addition to the burden of the sheer number of the discovery requests (fifty-nine counting interrogatories and document requests), Cellwitch's requests seek discovery of several categories the Patent Local Rules expressly recognize as premature:

- **Claim construction positions** (Patent L.R. 2-5(a))
  - "Request for Production No. 32:  All Documents concerning Tile's proposed interpretation or construction of any term used in any claim of the Patent-in-Suit, and all Documents that support or refute Tile's proposed constructions of any such claim limitation or term." (Fewkes Ex. A at 9:24–27);
  - "Interrogatory No. 4:  If You contend or believe that the manufacture, use, offer for sale, or sale of any Tile Product does not infringe (directly or indirectly; literally or under the doctrine of equivalents) any claim of the Patent-in-Suit, state with specificity the complete factual basis for such contention or belief, including a claim chart identifying for each such product which claim limitation(s) are not satisfied by such product, the claim constructions or definitions used in supporting this contention or belief, all documents and things supporting this contention or belief, and an identification of the person(s) most knowledgeable of the facts relating to such contention or belief." (Fewkes Ex. B at 7:12–19);

FENWICK & WEST LLP
ATTORNEYS AT LAW

- **Damages positions** (Patent L.R. 2-5(a))

  o "Request for Production No. 37:  Documents that Tile contends are related to a determination of a reasonable royalty and/or the amount of damages adequate to compensate Cellwitch for Tile's infringement of the Patent-in-Suit."  (Fewkes Ex. A at 10:12–15);

- **Prior art** (Patent L.R. 2-5(c))

  o "Request for Production No. 33:  Documents Tile contends are Prior Art to the Patent-in-Suit."  (Fewkes Ex. A at 10:1–2);

- **Advice of counsel** (Patent L.R. 2-5(d))

  o "Request for Production No. 42:  Documents relating to any infringement opinions, opinions of counsel, or any other legal opinions concerning the Patent-in-Suit."  (Fewkes Ex. A at 11:1–3);

  o "Interrogatory No. 8:  State whether You, or anyone on your behalf, has performed, undertaken, or conducted any analysis of the Patent-in-Suit to determine whether Tile infringes the Patent-in-Suit; and, if so, state the date of such analysis, the identity of every Person who participated in such analysis, and the identity of the Person presently employed by Tile who is most knowledgeable of such analysis."  (Fewkes Ex. B at 8:8–12).

## IV.    CONCLUSION

Tile respectfully requests that the Court issue a protective order staying discovery until after the Court rules on Tile's motion to dismiss the Amended Complaint.

1

2

Dated:    August 23, 2019                        FENWICK & WEST LLP

3                                                By:  */s/ Kevin X. McGann*
                                                     Kevin X. McGann (appearance *pro hac vice*)
4                                                    kmcgann@fenwick.com
                                                     FENWICK & WEST LLP
5                                                    902 Broadway, Suite 14
                                                     New York, NY  10010-6035
6                                                    Telephone:      212.921.2001
                                                     Facsimile:      650.938.5200
7
                                                     BRYAN A. KOHM (CSB No. 233276)
8                                                    bkohm@fenwick.com
                                                     DARGAYE H. CHURNET (CSB No. 303659)
9                                                    dchurnet@fenwick.com
                                                     FENWICK & WEST LLP
10                                                   555 California Street, 12th Floor
                                                     San Francisco, CA  94104
11                                                   Telephone:      415.875.2300
                                                     Facsimile:      415.281.1350
12
                                                     REBECCA A.E. FEWKES (CSB No. 209168)
13                                                   rfewkes@fenwick.com
                                                     FENWICK & WEST LLP
14                                                   801 California Street
                                                     Mountain View, CA  94041
15                                                   Telephone:      650.988.8500
                                                     Facsimile:      650.938.5200
16
                                                 Attorneys for Defendant TILE, INC.
17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW