September 9, 2019

VIA CM-ECF

The Honorable Jeffrey S. White
United States District Court for the Northern District of California
Oakland Courthouse
Courtroom 5 - 2nd Floor
1301 Clay Street, Oakland, CA 94612

Re:     Case 4:19-cv-01315-JSW *Cellwitch Inc. v. Tile, Inc.*

Dear Judge White:

　　　　Pursuant to Your Honor's Civil Standing Orders, Paragraph 8, Plaintiff Cellwitch Inc. ("Cellwitch") submits this letter brief in the above-captioned case to address what Cellwitch believes is a discovery dispute.  Defendant Tile, Inc. ("Tile") reluctantly joins only to point out that the same issues, which Tile believes are case management issues, are already addressed in Tile's August 23, 2019 Motion to Stay Discovery (Dkts. 50-51) pending resolution of Tile's dispositive Motion to Dismiss (Dkts. 36-37), which Motion to Stay Tile believes it filed as instructed by the Court's Deputy Clerk.

　　　　The parties' respective positions are set forth in detail below.

By: */s/ Nicole M. Jantzi*　　　　　　　　　　By: */s/ Kevin X. McGann*　　　　　　　　　
　　Nicole M. Jantzi　　　　　　　　　　　　　　Kevin X. McGann (appearance *pro hac vice*)
　　Email: njantzi@mwe.com　　　　　　　　　　Email: kmcgann@fenwick.com
　　McDERMOTT WILL & EMORY LLP　　　　　　FENWICK & WEST LLP
　　Attorneys for Plaintiff CELLWITCH INC.　　　　Attorneys for Defendant TILE, INC.

**Attachment (Tile's Motion to Stay Discovery, Dkt. 50)**

September 9, 2019
Page 2

## CELLWITCH'S POSITION

Tile should not be permitted to unilaterally stay discovery in this action without a Court order. Cellwitch seeks the Court's assistance to compel Tile to participate in discovery and produce responsive materials.

This case has been pending for nearly six months. Seeking relief from Tile's infringement, Cellwitch filed its Complaint (ECF No. 1) in this District on March 12, 2019. On March 27, 2019, the parties stipulated to a 30-day extension of Tile's response to the Complaint, making the response due May 2, 2019. ECF No. 23. On May 2, 2019, Tile moved to dismiss the Complaint. ECF No. 30. Cellwitch filed an Amended Complaint (ECF No. 32) on May 16, 2019, and Tile again filed a motion to dismiss on May 30, 2019. The parties held a Rule 26(f) conference on July 26, 2019, after which Cellwitch served its discovery requests to Tile. On August 22, 2019, Tile requested a three-day extension of the deadline to serve its responses to Cellwitch's discovery, to which Cellwitch agreed, making the responses due August 29, 2019. On August 29, 2019, Tile served its objections and responses to Cellwitch's discovery requests—generally refusing to provide any discovery until "after resolution of Tile's dispositive motion to dismiss and following the timetable and requirements under the Patent Local Rules."

Tile's refusal to participate in discovery is contrary to the Federal Rules of Civil Procedure. Specifically, Rule 26 expressly provides for discovery to proceed once the parties have conducted a Rule 26(f) conference (which is itself to occur "as soon as practicable"). *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ."). And nothing in Rule 26 suggests that parties should delay discovery pending the Court's Rule 16 case management conference. To the contrary, Rule 1 confirms that "[the rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed R. Civ. P. 1. Indeed, a stay of discovery is only effected on order of the Court. *See First Am. Title. Ins. Co. v. Commerce Assocs., LLC*, No. 2:15-cv-832-RFB-VCF, 2016 WL 951175, at *2 (D. Nev. Mar. 8, 2016) ("Absent a court order, a party must participate in discovery. The Federal Rules of Civil Procedure do not provide for automatic stays of discovery when a potentially dispositive motion is pending. Nor does the fact that discovery may involve some inconvenience and expense automatically warrant a stay of discovery.") (citations and quotation marks omitted).[1]  "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Id.* (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

Here, the parties completed their Rule 26 conference on July 26, 2019, after which time discovery was open and the parties had an obligation to work together to proceed efficiently through the discovery process. *See* Civil L.R. 11-4(a)(4) (requiring any attorney permitting to practice before this Court to "Practice with the honesty, care, and decorum required for the fair and efficient administration of justice"). When, for example, Tile requested a reasonable extension of time in which to respond to discovery,

---

[1]      To be clear, after requesting and receiving from Cellwitch an extension of its discovery response deadlines, Tile nonetheless filed a request for a stay of discovery (styled as a "motion") and noted its "motion" to be heard on November 15. (ECF No. 50.) When Cellwitch asked that Tile withdraw its improper motion in favor of a joint discovery letter, as required by Paragraph 8 of this Court's Civil Standing Orders, Tile refused to do so, preferring to benefit from the procedural delay its "motion" would impose. Cellwitch believes that resolution of the instant discovery dispute will necessarily moot Tile's "motion."

September 9, 2019
Page 3

Cellwitch agreed—not expecting that Tile would then provide boilerplate objections that amount to a self-imposed stay.

To the extent Tile argues that its pending motion to dismiss somehow justifies a self-imposed stay, Tile is wrong. "Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990); *see also First Am. Title. Ins.*, 2016 WL 951175, at *2; Fed. R. Civ. P. 1.

Accordingly, the Court should compel Tile to participate in discovery.

## **TILE'S POSITION**

The very issues that Cellwitch now attempts to raise via the current letter are already addressed in Tile's Motion to Stay (Dkts. 50-51), which will be fully briefed by September 13, 2019. Tile pointed this out to Cellwitch during the meet and confer that Cellwitch demanded for purposes of submitting the present letter. Cellwitch agreed that the issues were the same as in Tile's Motion to Stay, but Cellwitch refused to avoid burdening the Court with a letter addressing identical issues. Tile believes the issues are completely and appropriately addressed in Tile's Motion to Stay as they concern case management, not a discovery dispute per se and that a further submission was not necessary, but Cellwitch indicated it would submit the letter without Tile's input if Tile did not provide a response. Thus, Tile reluctantly provides a brief response below and attaches its Motion to Stay.

Tile has made every effort to conserve the resources of the Court and the parties through proper case management that sought to defer discovery until Tile's dispositive motion to dismiss is resolved. Tile raised this case management issue early on, during the parties' Rule 26(f) conference, and continued raise it in the Joint Case Management Statement (Dkt. 48 at 4:16-23, 7:3-12, 8:8-21, 11:7-9), including a specific request for an order regarding the same. , in Tile's Request for Clarification to the Court (Dkt. 49), and finally in Tile's pending Motion to Stay Discovery (Dkts. 50-51).

On August 8, 2019, the Court issued an order (Dkt. No. 47) vacating the hearing date for Tile's motion to dismiss and the case management conference and indicated that it would "reschedule the Initial Case Management Conference, if necessary, in its order resolving the Motion to Dismiss." When and if it is held, the initial case management conference will create a schedule for the case, and trigger dates for parties' disclosures under the Patent Local Rules, providing important foundational discovery.

The dispositive nature of Tile's Motion to Dismiss and the deferral of the case management schedule are central to Tile's pending Motion to Stay Discovery. As Tile has pointed out in its Motion to Stay, Tile's pending 12(b)(6) motion is case-dispositive and no discovery is needed to resolve this motion. Dkt. 50 at 5:17-6:2. Moreover, disclosures under the Patent Local Rules, which will require Cellwitch to disclose its asserted claims, accused products, and infringement contentions—necessary foundational information that is missing now—are all tied to the now-deferred initial case management conference. Dkt. 50 at 6:23-7:11. As shown in Tile's Motion to Stay, there is good cause for an order staying discovery because, for example, Tile's motion to dismiss would be case-dispositive if granted and there is no need for discovery to resolve the motion to dismiss. *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351–52 (N.D. Cal. 2003). Additional factors demonstrate good cause for a stay: the lack of prejudice to Cellwitch, and the burdensome nature of Cellwitch's requests. Dkt. 50 at 6:6-8:18.

September 9, 2019
Page 4

 In spite of the deferred case management schedule, Cellwitch insisted that Tile respond to ten interrogatories and forty-nine requests for production, overbroad and unduly burdensome discovery requests that prematurely encompass topics addressed by the Patent Local Rules disclosure schedule.  For example, as described in Tile's Motion to Stay Discovery (Dkt. 50 at 3:11-4:9), Cellwitch's requests demand documents and responses regarding every Tile product, device, and application, and the operations and distributions of these products without any limit as to time, version, or functionality.  Other requests are clearly premature under the Patent Local Rules, demanding claim construction, damages, prior art, and advice of counsel information from Tile.  Dkt. 50 at 7:10-8:18.

 As Cellwitch would not agree to defer discovery, Tile served its initial disclosures and objections to Cellwitch's requests for production and interrogatories, on August 29, 2019.  Contrary to Cellwitch's assertions, Tile has not taken a "self-imposed stay," but rather sought to address this in the Rule 26(f) Report, a request for clarification and, as instructed by the Court's Deputy Clerk, by filing a Motion to Stay.

 Further, Tile has followed the instruction of the Court in filing its motion to stay discovery.  The August 21, 2019 email from the Courtroom Deputy Clerk to Tile's counsel instructed Tile to re-file its request (as to whether the parties should proceed with discovery or defer discovery) (Dkt. 49) "properly" as a motion with a hearing date.  A duly-noticed motion under Local Rule 7-2 is the proper vehicle for staying discovery, as confirmed by the Clerk's instruction and Northern District of California practice.  *See, e.g., Google Inc. v. Eolas Techs. Inc*., No. 15-cv-05446-JST, Dkt. 48 (N.D. Cal. Feb. 17, 2016) (regular motion under Rule 7-2 is proper vehicle for motion to stay discovery); *see also Micron Tech., Inc. v. United Microelectronics Corp*., No. 17-cv-06932-JSW, 2018 WL 7288018 (N.D. Cal. March 16, 2018).

 For the foregoing reasons, Tile respectfully requests that the Court stay discovery for the reasons set forth in Tile's Motion to Stay.

# Attachment

KEVIN X. MCGANN (appearance *pro hac vice*)
kmcgann@fenwick.com
FENWICK & WEST LLP
902 Broadway, Suite 14
New York, NY  10010-6035
Telephone:     212.921.2001
Facsimile:      650.938.5200

BRYAN A. KOHM (CSB No. 233276)
bkohm@fenwick.com
DARGAYE H. CHURNET (CSB No. 303659)
dchurnet@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:     415.875.2300
Facsimile:      415.281.1350

REBECCA A.E. FEWKES (CSB No. 209168)
rfewkes@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
Telephone:     650.988.8500
Facsimile:      650.938.5200

Attorneys for Defendant
TILE, INC.

<div style="writing-mode: vertical-rl">FENWICK & WEST LLP
ATTORNEYS AT LAW</div>

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CELLWITCH INC., | Case No.: 4:19-CV-01315-JSW |
| Plaintiff, | **TILE, INC.'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| v. | |
| TILE, INC., | |
| Defendant. | Date:         November 15, 2019
Time:         9:00 a.m.
Courtroom: 5
Judge:        Jeffrey S. White

Trial Date:  None Set |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION ............................................................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED ......................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .............................................................. 2

I.      SUMMARY OF ARGUMENT ........................................................................................ 2

II.     STATEMENT OF FACTS ............................................................................................... 3

III.    ARGUMENT .................................................................................................................... 4

IV.     CONCLUSION ................................................................................................................ 8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Hamilton v. Rhoads*,
No. C 11-0227 RMW (PR), 2011 WL 5085504 (N.D. Cal. Oct. 25, 2011) ........................... 5

*Hanni v. Amer. Airlines*,
No. C-08-00732 CW (EDL), 2009 WL 1505286 (N.D. Cal. May 27, 2009) ........................ 6

*In re Nexus 6p Prods. Liab. Litig.*,
No. 17-cv-02185-BLF, 2017 WL 3581188 (N.D. Cal. Aug. 18, 2017).................................. 5

*InterTrust Techs. Corp. v. Microsoft Corp.*,
No. C 01-1640 SBA, 2003 WL 23120174 (N.D. Cal. Dec. 1, 2003) .................................... 6

*Little v. City of Seattle*,
863 F.2d 681 (9th Cir. 1989)................................................................................................ 5

*Micron Tech., Inc. v. United Microelectronics Corp.*,
No. 17-cv-06932-JSW, 2018 WL 7288018 (N.D. Cal. March 16, 2018)........................... 5, 6

*Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*,
417 F. Supp. 2d 1121 (N.D. Cal. 2006) .............................................................................. 7

*Orchid Biosciences, Inc. v. St. Louis Univ.*,
198 F.R.D. 670 (S.D. Cal. 2001)......................................................................................... 6

*Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
220 F.R.D. 349 (N.D. Cal. 2003) ........................................................................................ 5

*Silver State Intellectual Techs., Inc. v. Facebook, Inc.*,
No. 4:17-cv-003349-JSW, Order, Dkt. 60 (March 7, 2019)................................................ 2

**STATUTES AND RULES**

Federal Rule of Civil Procedure 12(b)(6) .................................................................................. 3, 5

Federal Rule of Civil Procedure 26(c)(1)(A) ............................................................................. 5

Patent Local Rule 2-5...................................................................................................................... 2, 7

Patent Local Rule 2-5(a) ................................................................................................................. 7, 8

Patent Local Rule 2-5(c) ................................................................................................................. 8

Patent Local Rule 2-5(d) ................................................................................................................. 8

Patent Local Rule 3-1 ..................................................................................................................... 6

FENWICK & WEST LLP
ATTORNEYS AT LAW

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:  PLEASE TAKE NOTICE that, on November 15, 2019, at 9:00 a.m., or as soon thereafter as the motion may be heard, in the courtroom of The Honorable Jeffrey S. White, located at Courtroom 5, 2nd Floor, 1301 Clay Street, Oakland, California 94612, defendant Tile, Inc. ("Tile") will and hereby does move this Court, pursuant to Fed. R. Civ. P. 26(c) and the Court's discretion, for a protective order staying discovery in this case pending the resolution of Tile's motion to dismiss plaintiff Cellwitch Inc.'s ("Cellwitch's") Amended Complaint.  The motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of Rebecca A.E. Fewkes ("Fewkes Decl.") and exhibits submitted therewith ("Fewkes Ex. __"), the pleadings and records on file in this action, all matters of which the Court may take judicial notice, and any other argument or evidence that may be presented in support of this Motion.

## STATEMENT OF ISSUES TO BE DECIDED

Does the case-dispositive nature of Tile's motion to dismiss, the lack of a need for discovery to decide the motion to dismiss, and the breadth and prematurity of Cellwitch's discovery requests furnish good cause for a stay of discovery pending resolution of the threshold motion to dismiss?

FENWICK & WEST LLP
ATTORNEYS AT LAW

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    SUMMARY OF ARGUMENT

Tile respectfully requests a protective order from the Court to defer discovery, including responses to Cellwitch's pending discovery requests, until after the Court rules on Tile's motion to dismiss, in order to conserve the resources of the parties.  *See, e.g.*, Dkt. 48 at 4:16–23, 7:3–12, 8:8–21, 11:7–9.

After Tile filed its case-dispositive motion to dismiss, the Court vacated the Initial Case Management Conference.  Dkt. 47.  Thus, disclosures under the Patent Local Rules are deferred as the timing of such disclosures is tied to the date of the conference.  Yet, Cellwitch has refused to defer Tile's responses to its ten interrogatories and forty-nine requests for production, some of which are subject to objections as premature under Patent L.R. 2-5.  Deferring the burdensome and potentially unnecessary discovery is consistent with the Court's goal of preserving parties' resources, as expressed in *Silver State Intellectual Techs., Inc. v. Facebook, Inc.*, No. 4:17-cv-003349-JSW, Order, Dkt. 60 (March 7, 2019).

The two factors considered in this district to determine whether there is good cause for a stay of discovery pending resolution of a dispositive motion are both met here.  First, Tile's motion to dismiss, if granted, is entirely dispositive of the case.  Second, no discovery is needed for a decision on Tile's motion to dismiss.  In addition, the lack of prejudice to Cellwitch and the burdensome nature of Cellwitch's overbroad and premature requests further demonstrate good cause for a stay of discovery until the pending motion to dismiss is resolved.

## II.   STATEMENT OF FACTS

Cellwitch filed its Complaint in this matter on March 12, 2019.  Dkt. 1.  On May 2, 2019, Tile filed its Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6).  Dkt. 30.  On May 16, 2019, Cellwitch filed its Amended Complaint.  Dkt. 32.  Tile filed its Motion to Dismiss the Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) on May 30, 2019.[1]  Dkt. 36.

The parties held their Rule 26(f) conference on July 26, 2019, during which Tile proposed deferring discovery in light of the pendency of Tile's motion to dismiss.  Dkt. 48 at 7:7–14. Cellwitch disagreed, and on the same day, served ten interrogatories and forty-nine requests for production.  Fewkes Exs. A (Cellwitch's First Set of Requests for Production of Documents and Things to Tile, Inc. (Nos. 1–49)), and B (Cellwitch's First Set of Interrogatories to Tile, Inc. (Nos. 1–11) [*sic*]).  Cellwitch's interrogatories and requests for production broadly address all of Tile's products, devices, and applications without restriction (time period, model, version).  *See, e.g.*, Fewkes Ex. A at 2:9–16.  For example, Cellwitch's definitions state:

> "Tile Product(s)" means any product or platform, applications, accessories, and/or services used, manufactured, imported, offered for sale, or sold, in whole or in part, by Tile or by others on Tile's behalf, including but not limited to Tile Device(s), Tile App(s), Tile Premium, and services and functionalities such as Community Find, Smart Alerts, and Share.

> "Tile Device(s)" means any device manufactured, imported, offered for sale, or sold by Tile or by others on Tile's behalf that enables monitoring of locations of items by one or more wireless devices, including but not limited to Pro, Mate, and Slim.

> "Tile App(s)" means any and all version(s) of the Tile Application.

*Id*.  Cellwitch's requests for production require documents encompassing all operations and distributions of Tile's products, devices, and applications.  For example, Request for Production No. 4 requires "All Documents that describe or explain how Tile Products operate."  Fewkes Ex. A at 6:14–15.  Further, Request for Production No. 16 requires "Documents sufficient to identify and describe the purchase, distribution, marketing, supply and/or sales channels for the Tile Products."  Fewkes Ex. A at 8:1–3.  Cellwitch's interrogatories similarly encompass all operations and distributions at Tile.  For example, Cellwitch's Interrogatory No. 1 requires that

---

[1] As Tile has moved under Rule 12(b)(6), its answer to the complaint is not yet due.

Tile:  "Identify each Tile Product by name, internal code name (if any), version(s), release date(s), operating platform(s), and any other identifying indicia."  Fewkes Ex. B at 7:2–4.  In similar fashion, Interrogatory No. 5 requires:

> For each Tile Product, provide the number of units sold in the United States on a quarterly basis since 2014, the average unit sale price during such period, the gross revenue attributable to such sales during such period, and the net profit (EBIDTA) realized on such sales during such period, as well as the person(s) most knowledgeable of the facts relating to this Interrogatory.

Fewkes Ex. B at 7:20–24.  And Interrogatory No. 4 requests Tile's noninfringement contentions, claim charts, accused products, claim constructions and all documents supporting and persons knowledgeable on these topics.  Fewkes Ex. B at 7:12–19 (full text, *infra*, at 7:20–28).

On August 8, 2019, the Clerk notified the parties that the hearing on the Motion to Dismiss and the Initial Case Management Conference, scheduled for August 16, 2019, was vacated, and that the Court would reschedule the Initial Case Management Conference, if necessary, in its order resolving the Motion to Dismiss.  Dkt. 47.

The parties filed a Joint Case Management Statement on August 9, 2019.  Dkt. 48.  The Joint Case Management Statement included a Proposed Order that "the time for responding to any discovery requests propounded before the Court's decision on Tile's Motion to Dismiss [is/is not] extended until thirty (30) days after the Court's ruling on Tile's Motion to Dismiss."  Dkt. 48 at 11:7–9.  In the Joint Case Management Statement, Tile also indicated that it will seek *inter partes review* of Cellwitch's patent.  Dkt. 48 at 7:16–18.

On August 16, 2019, Tile filed a Request for Clarification Re Notice Vacating Hearing Date on Tile's Motion to Dismiss and the Initial Case Management Conference seeking clarification as to whether discovery was stayed pending resolution of its motion to dismiss.  Dkt. 49.  On August 21, 2019, the Courtroom Deputy instructed Tile by email that its request for clarification should be filed as a motion, prompting the instant motion to stay discovery.  Before filing this motion, Tile asked Cellwitch again if it would be willing to agree to stay discovery, and Cellwitch declined.  Fewkes Decl. ¶ 5.

III.   **ARGUMENT**

The Court "may, for good cause, issue an order to protect a party or person from

Case 4:19-cv-01315-JSW   Document 50   Filed 08/28/19   Page 13 of 17

1    annoyance, embarrassment, oppression, or undue burden or expense, including … forbidding …

2    discovery." Fed. R. Civ. P. 26(c)(1)(A).  The Court has "wide discretion in controlling

3    discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1989) (affirming district court's

4    stay of discovery until defendant's immunity from claims was resolved).  The Court's discretion

5    extends to staying discovery upon a showing for good cause. *Id.*  A stay of discovery is

6    appropriate to address threshold dispositive issues, like Tile's case-dispositive motion to dismiss.

7    *See, e.g.*, *In re Nexus 6p Prods. Liab. Litig.*, No. 17-cv-02185-BLF, 2017 WL 3581188, at *2

8    (N.D. Cal. Aug. 18, 2017) (granting stay where a threshold challenge could be dispositive of

9    defendant's involvement in case); *Little*, 863 F.2d at 685 (affirming district court's stay of all

10   discovery irrelevant to the district court's determination of a threshold issue).

11       Courts in this district apply a two-prong test to determine whether to stay discovery

12   pending resolution of a dispositive motion: the motion "must be potentially dispositive of the

13   entire case, or at least dispositive on the issue at which discovery is directed," and the court

14   should consider "whether the pending dispositive motion can be decided absent additional

15   discovery." *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349,

16   351–52 (N.D. Cal. 2003).  Both prongs are easily satisfied here.

17       Tile's motion to dismiss meets the first prong because, if granted, it will dispose of this

18   entire case—Cellwitch's patent would be found invalid for lack of patentable subject matter under

19   § 101 and its Amended Complaint would be dismissed with prejudice.  Dkt. 36 at 1:2–16.

20       Tile's motion to dismiss meets the second prong because it can be decided entirely based

21   upon the deficiencies in Cellwitch's pleadings, without any discovery.  *See, e.g.*, *Micron Tech.,*

22   *Inc. v. United Microelectronics Corp.*, No. 17-cv-06932-JSW, 2018 WL 7288018, at *2 (N.D.

23   Cal. March 16, 2018) (staying discovery where pending motion to dismiss did not require full

24   discovery for resolution); *In re Nexus 6P Prods. Litig.*, 2017 WL 3581188, at *2 ("[t]he Court

25   also notes that the pending motions to dismiss are fully briefed, and can be decided without

26   additional discovery"); *see also Hamilton v. Rhoads*, No. C 11-0227 RMW (PR), 2011 WL

27   5085504, at *1 (N.D. Cal. Oct. 25, 2011) ("any discovery is unnecessary for resolution of the

28   [defendant's] motion [to dismiss]").  Dismissal of Cellwitch's Amended Complaint under Federal

Fenwick & West LLP
Attorneys at Law

Rule of Civil Procedure 12(b)(6) will be based on the Amended Complaint, the patent, and its prosecution—not discovery.  Dkt. 36 at 6:26–7:12.

A stay of discovery is appropriate when, as here, both prongs are met.  *Micron Tech.*, 2018 WL 7288018, at *2 (staying Rule 26(b) discovery until resolution of motion to dismiss based on satisfaction of both factors).

The Court may, but need not, consider additional factors that demonstrate good cause for a stay:  the lack of prejudice to Cellwitch and the burdensome nature of Cellwitch's requests.

First, good cause is shown because there is no prejudice to Cellwitch.  A stay of discovery will last only so long as the Court requires to decide the pending motion to dismiss.  Because there are no Court-determined deadlines for this matter, there is no set date for the end of discovery.  Accordingly, the stay would not prejudice Cellwitch by cutting a discovery window short.  *Hanni v. Amer. Airlines,* No. C-08-00732 CW (EDL), 2009 WL 1505286, at *8 (N.D. Cal. May 27, 2009) (staying discovery would not prejudice plaintiffs by shortening discovery window, but would phase the case in order to prevent the parties from incurring unnecessary costs); *see also Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 675 n. 7 (S.D. Cal. 2001) (a limited stay until resolution of a dispositive motion would not disrupt administration of the case as "the Court has not yet issued a scheduling order establishing a discovery cut-off date").  Moreover, the patent in this case issued in 2014.  Dkt. 32 ¶ 23.  Cellwitch also alleges Tile began its products in 2014 and alleges Tile had $100 million in revenue by 2016 (Dkt. 32 ¶¶ 15, 21, 42) yet Cellwitch did not bring its Complaint until March 2019.  Thus, any claim of prejudice based on the short stay requested here rings hollow—Cellwitch will not be prejudiced.

Second, good cause is shown because Cellwitch's requests are burdensome and overbroad.  Disclosures under the Patent Local Rules, which are designed to focus the litigation on truly disputed issues, have been postponed until after the Court's decision on Tile's motion to dismiss.  Thus, for example, disclosure of asserted claims and infringement contentions, under Patent Local Rule 3-1, has not yet occurred.  Such disclosures are meant to streamline the discovery process by replacing a series of interrogatories that defendants would likely propound, and requiring the parties to crystallize their theories of the case early in the litigation.  *InterTrust*

*Techs. Corp. v. Microsoft Corp.*, No. C 01-1640 SBA, 2003 WL 23120174, at \*2 (N.D. Cal. Dec. 1, 2003) (holding that patent owner failed to comply with the spirit of local patent rules requiring specific articulation of claims and theories of infringement, and would be required to correct deficiencies in its disclosures); *Nova Measuring Instruments Ltd. v. Nanometrics, Inc*., 417 F. Supp. 2d 1121, 1122–23 (N.D. Cal. 2006) (discussing letter and spirit of Patent Local Rules). Several of Cellwitch's discovery requests encompass topics that are addressed by the Patent Local Rules, which is why Patent Local Rule 2-5 recognizes discovery requests, such as those directed to claim construction, damages, prior art, and advice of counsel, for example, as premature before the Patent Local Rule disclosures.  Patent L.R. 2-5.

Cellwitch has not disclosed the asserted claims or any infringement contentions, but seeks to impose upon Tile the burden of responding to numerous and premature discovery requests. For example, in addition to the burden of the sheer number of the discovery requests (fifty-nine counting interrogatories and document requests), Cellwitch's requests seek discovery of several categories the Patent Local Rules expressly recognize as premature:

- **Claim construction positions** (Patent L.R. 2-5(a))
    - "Request for Production No. 32:  All Documents concerning Tile's proposed interpretation or construction of any term used in any claim of the Patent-in-Suit, and all Documents that support or refute Tile's proposed constructions of any such claim limitation or term." (Fewkes Ex. A at 9:24–27);
    - "Interrogatory No. 4:  If You contend or believe that the manufacture, use, offer for sale, or sale of any Tile Product does not infringe (directly or indirectly; literally or under the doctrine of equivalents) any claim of the Patent-in-Suit, state with specificity the complete factual basis for such contention or belief, including a claim chart identifying for each such product which claim limitation(s) are not satisfied by such product, the claim constructions or definitions used in supporting this contention or belief, all documents and things supporting this contention or belief, and an identification of the person(s) most knowledgeable of the facts relating to such contention or belief." (Fewkes Ex. B at 7:12–19);

FENWICK & WEST LLP
ATTORNEYS AT LAW

- **Damages positions** (Patent L.R. 2-5(a))
  - o "Request for Production No. 37:  Documents that Tile contends are related to a determination of a reasonable royalty and/or the amount of damages adequate to compensate Cellwitch for Tile's infringement of the Patent-in-Suit."  (Fewkes Ex. A at 10:12–15);
- **Prior art** (Patent L.R. 2-5(c))
  - o "Request for Production No. 33:  Documents Tile contends are Prior Art to the Patent-in-Suit."  (Fewkes Ex. A at 10:1–2);
- **Advice of counsel** (Patent L.R. 2-5(d))
  - o "Request for Production No. 42:  Documents relating to any infringement opinions, opinions of counsel, or any other legal opinions concerning the Patent-in-Suit."  (Fewkes Ex. A at 11:1–3);
  - o "Interrogatory No. 8:  State whether You, or anyone on your behalf, has performed, undertaken, or conducted any analysis of the Patent-in-Suit to determine whether Tile infringes the Patent-in-Suit; and, if so, state the date of such analysis, the identity of every Person who participated in such analysis, and the identity of the Person presently employed by Tile who is most knowledgeable of such analysis."  (Fewkes Ex. B at 8:8–12).

## IV.    CONCLUSION

Tile respectfully requests that the Court issue a protective order staying discovery until after the Court rules on Tile's motion to dismiss the Amended Complaint.

1   Dated:   August 23, 2019           FENWICK & WEST LLP

2

3                         By:  */s/ Kevin X. McGann*
                              Kevin X. McGann (appearance *pro hac vice*)

4                              kmcgann@fenwick.com
                              FENWICK & WEST LLP

5                              902 Broadway, Suite 14
                              New York, NY  10010-6035

6                              Telephone:     212.921.2001
                              Facsimile:     650.938.5200

7

8                              BRYAN A. KOHM (CSB No. 233276)
                              bkohm@fenwick.com

9                              DARGAYE H. CHURNET (CSB No. 303659)
                              dchurnet@fenwick.com

10                            FENWICK & WEST LLP
                            555 California Street, 12th Floor

11                            San Francisco, CA  94104
                            Telephone:     415.875.2300

12                            Facsimile:     415.281.1350

13                            REBECCA A.E. FEWKES (CSB No. 209168)
                            rfewkes@fenwick.com

14                          FENWICK & WEST LLP
                            801 California Street

15                            Mountain View, CA  94041
                            Telephone:     650.988.8500

16                            Facsimile:     650.938.5200

17               Attorneys for Defendant TILE, INC.

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW