UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELLWITCH, INC., <br><br>    Plaintiff, <br><br>v. <br><br>TILE, INC., <br><br>    Defendant. | Case No. 4:19-CV-01315 <br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY** |

Now before the Court is the motion to stay discovery filed by Defendant Tile, Inc. ("Tile"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and GRANTS Defendant's motion to stay discovery.

**BACKGROUND**

Plaintiff Cellwitch, Inc. ("Cellwitch") filed the complaint in this case on March 12, 2019. In brief, Cellwitch alleges that Tile infringed on U.S. Patent No. 8,872,655 by copying Cellwitch's technology and using it to establish a dominate position in the personal object tracking sector. Tile has moved to dismiss for failure to state a claim, and it moves to stay discovery pending resolution of that motion. The Court received the parties' joint letter dated September 9, 2019, in which Cellwitch and Tile explain their respective positions about the instant issue.

**ANALYSIS**

Federal Rule of Civil Procedure 26(c) provides that a court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, *inter alia*, forbidding discovery or by specifying terms, including time and place, for disclosure or discovery. Fed. R. Civ. Proc. 26(c)(1)(A)-(B). The Court has discretion to stay discovery pending the resolution of dispositive motions, including motions to dismiss. *See, e.g.,*

*Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987); *see also Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (good cause to stay discovery may exist where a court is "convinced that the plaintiff will be unable to state a claim for relief"). "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). "The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Id.* (citations omitted).

To determine whether to grant a protective order to stay discovery pending resolution of dispositive motions, the Court considers the following two factors: (1) whether the pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed; and (2) whether the court can decide the pending dispositive motion absent additional discovery. *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co.*, 220 F.R.D. 349, 352 (N.D. Cal. 2003) (internal citations omitted); *see also In re Nexus 6p Prod. Liab. Litig.*, No. 17-cv-2185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (citing cases). If these two questions are answered affirmatively, the court may issue a protective order. *Pacific Lumber*, 220 F.R.D. at 352. "However, if either prong of this test is not established, discovery proceeds." *Id.* The nature of this two-factor test requires the court to take a "preliminary peek" at the merits of the pending, potentially dispositive motion to determine whether a stay is granted. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011).

Tile moves to dismiss for Cellwitch's failure to state a claim for which relief can be granted. Cellwitch does not comment on whether this motion would be dispositive, but instead argues that Tile failed to meet its burden to stay discovery pending the outcome of the motion. While the Court does not provide an opinion on the merits of the pending motion to dismiss, the Court concludes that the motion has the potential to be dispositive. If granted, Cellwitch's patent would be found invalid for lack of patentable subject-matter under 35 U.S.C. section 101. As Cellwitch only claims alleged patent infringement, every claim in its complaint would be subject to dismissal. *See Carter v. Oath Holdings, Inc.*, No. 17-cv-07086-BLF, 2018 WL 3067985, at *4

1  (N.D. Cal. June 21, 2018). Accordingly, the Court concludes that Tile has satisfied the first prong

2  of the *Pacific Lumber* test.

3  Tile argues the second prong is met because the Court only needs to look at the pleadings

4  in order to issue a decision about its motion to dismiss. The Court concludes no other discovery is

5  needed for the resolution of Tile's motion. *See In Re Nexus 6p Prods.*, 2017 WL 3581188, at *2

6  ("[t]he Court also notes that the pending motions to dismiss are fully briefed, and can be decided

7  without additional discovery."). The Court therefore holds that Tile has met its burden under the

8  second prong of the *Pacific Lumber* test.

9  While it did not address the *Pacific Lumber* prongs in its analysis, Cellwitch argues that

10 the Court should deny the motion to stay discovery because (1) the stay would prejudice Cellwith,

11 (2) Tile would not suffer a hardship, and (3) the stay would not benefit the orderly course of

12 justice. (Dkt. No. 52, Plaintiff's Opposition to Plaintiff's Motion to Stay Discovery, at 8.) The

13 Court is not persuaded. Cellwitch does not demonstrate that it will suffer harm if the Court stays

14 discovery briefly until after the Court rules on Tile's motion to dismiss. In the interest of judicial

15 efficiency and conserving the Court's resources, the Court finds that Tile has met its burden to

16 stay discovery pending a decision on the upcoming motion to dismiss. The Court GRANTS Tile's

17 motion to stay discovery until such further ruling.

18 **IT IS SO ORDERED.**

19 Dated: October 22, 2019

20
21 JEFFREY S. WHITE
United States District Judge