Sarah J. Guske (CA Bar No. 232467)
Email: sarah.guske@bakerbotts.com
**BAKER BOTTS L.L.P**
101 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (415) 291-6200
Fax: (415) 291-6300

Lauren J. Dreyer (*Pro Hac Vice*)
**BAKER BOTTS L.L.P**
Email: lauren.dreyer@bakerbotts.com
700 K Street, N.W.
Washington, DC 20001
Telephone: (202) 639-7700
Fax: (202) 639-7890

John F. Gaustad (CA Bar No. 279893)
Email: john.gaustad@bakerbotts.com
**BAKER BOTTS L.L.P**
1001 Page Mill Rd., Bldg. 1, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Fax: (650) 739-7600
*Attorneys for Defendant Tile, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| CELLWITCH INC.,<br><br>              Plaintiff,<br><br>       v.<br><br>TILE, INC.,<br><br>              Defendant. | Case No.  4:19-CV-01315-JSW<br><br>**DEFENDANT TILE, INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S NOV. 21, 2019 ORDER DENYING DEFENDANT'S MOTION TO DISMISS (Dkt. 57) AND REQUEST FOR JUDICIAL NOTICE**<br><br>Courtroom: 5<br>Judge: Jeffrey S. White<br>(No hearing noticed pursuant to Civil L.R. 7-9) |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Civil L.R. 7-9, Defendant Tile, Inc. ("Tile" or "Defendant") moves the Court for leave to file a motion for reconsideration of the Court's January 21, 2019 Order Denying Defendant's Motion to Dismiss (Dkt. 57). This motion is based on this Notice of Motion, the attached memorandum of points and authorities in support thereof, the pleadings and documents on file in this case, and such other evidence and argument as may be presented at any hearing on this motion. In deciding this motion, Tile respectfully requests that the Court take judicial notice of the following documents:

1.    The Final Written Decision in *Tile, Inc. v. Cellwitch Inc.*, IPR2020-00317, Patent 8,872,655 B2 (PTAB May 13, 2021) (Exhibit A[1]);

2.    The Judgment in *Cellwitch Inc. v. Tile, Inc.*, 2021-1982, 2021-2050 (Fed. Cir. May 13, 2022) (Exhibit B);

3.    The Mandate in *Cellwitch Inc. v. Tile, Inc.*, 2021-1982, 2021-2050 (Fed. Cir. June 21, 2022) (Exhibit C); and

4.    The list of documents that currently comprise the prosecution history of Plaintiff's asserted patent, U.S. Patent No. 8,872,655 (Exhibit D).

**STATEMENT OF RELIEF REQUESTED**

Tile respectfully requests leave, pursuant to Civil L.R. 7-9(b)(1) and/or (2), to file a motion for reconsideration of the Court's November 21, 2019 Order Denying Defendant's Motion to Dismiss (Dkt. 57).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

The Court has already concluded that Plaintiff's asserted patent claims are directed to an abstract idea under *Alice*[2] step one. Dkt. 57 at 4:21–9:22. Despite that finding, the Court concluded that it "must accept" Plaintiff's factual allegation that using "a network of personal wireless

---

[1] All exhibits cited herein are to the Declaration of John F. Gaustad filed in support of this motion.

[2] *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208 (2014).

communication terminals to monitor and notify a particular user to when an item was no longer within a set range of the user"—herein after referred to as the "Buddy Limitation"[3]—was inventive under *Alice* step two. Dkt. 57 at 11:18–12:7. The Federal Circuit, however, has just affirmed a finding by the Patent Trial and Appeal Board ("PTAB") that the Buddy Limitation was obvious in view of the prior art. *See* Ex. A at 37–49; Ex. B; Ex. C. This finding both (1) bars Plaintiff's allegation that the Buddy Limitation was inventive under issue preclusion and (2) renders this allegation implausible, conclusory, and legally erroneous. In either case, Plaintiff's Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Tile is diligently pursuing reconsideration in view of this different and new material fact, Tile respectfully requests that the Court grant it leave to move for reconsideration pursuant to Local Rule 7-9(b)(1) and/or (2).

## II.     STATEMENT OF ISSUES TO BE DECIDED

Whether Tile may, pursuant to Civil L.R. 7-9(b)(1) or (2), file a motion for reconsideration of the Court's January 21, 2019 Order Denying Defendant's Motion to Dismiss (Dkt. 57).

## III.     STATEMENT OF RELEVANT FACTS

### A.     The Court's November 21, 2019 Order Denying Tile's Motion to Dismiss

On May 16, 2019, Plaintiff Cellwitch Inc. ("Plaintiff") filed an Amended Complaint, alleging that Tile infringed U.S. Patent No. 8,872,655 ("the '655 Patent"). *See* Dkt. 32, ¶¶ 69–121. Tile thereafter moved to dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) because the '655 Patent's claims are invalid under 35 U.S.C. § 101. Dkt. 36.

The Court issued an order on November 21, 2019 denying Tile's motion without prejudice. Dkt. 57. Applying the two-step analysis required by the Supreme Court's decisions in *Mayo*[4] and *Alice*, the Court first found that the claims of the '655 Patent are directed to an abstract idea. *Id.* at 4:21–9:22. In doing so, the Court treated Claim 1 "as representative because the three claims are all linked to the same abstract idea" (*id.* at 6:16–19) consistent with the fact that Plaintiff "treat[ed]

---

[3] The PTAB referred to the claim limitation encompassing the alleged inventive concept as the Buddy Limitation. *See* Ex. A at 37.

[4] *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66 (2012).

claim one as 'exemplary' in its complaint[]" (*id.* at 6:16–19 n.1 (citing Dkt. 32, ¶ 72)).

Applying the second step of the *Mayo-Alice* analysis, however, the Court found that "Plaintiff ha[d] adequately alleged that it ordered the components recited in claim one in a non-conventional manner." *Id.* at 11:25–27 (citation omitted). Those allegations were based on the aforementioned Buddy Limitation (emphasized below):

> Plaintiff alleges, "[u]pon information and belief, at the time of the '655 Patent, there existed no solution that *used a network of personal wireless communication terminals to monitor and notify a particular user to when an item was no longer within a set range of the user*." (Am. Compl. ¶ 30.) To support this allegation, Plaintiff also alleges that the examiner found that patentability resided in the fourth clause of claim one. (*Id.* ¶ 38.) Plaintiff later recites that claim in its complaint. (*Id.* ¶ 26, citing '655 Patent at 15:4-35.)

> The Court finds these allegations create enough of a factual dispute to defeat a Rule 12(b)(6) motion. Plaintiff has adequately alleged that it ordered the components recited in claim one in a non-conventional manner. *See BASCOM*, 827 F.3d at 1351. For example, Plaintiff alleges that claimed invention represents an improvement over the prior art because it offered a solution "that used a network of personal wireless communication terminals to monitor and notify a particular user to when an item was no longer within a set range of the user." (Am. Compl. ¶ 30.) The allegations in the complaint indicate that Plaintiff's patent claimed a process that "address[ed] the moment of loss itself," and this process was not well-known, routine, conventional at the time of issuance of the '655 Patent. (*See id.* at ¶ 32.) At this procedural posture, the Court must accept these allegations as true and construe the facts alleged in favor of the non-moving party. *See Cellspin*, 927 F.3d at 1317-18.

*Id.* at 11:18–12:7 (emphasis added). The Court concluded by finding that "Plaintiff ha[d] made sufficient allegations that the claims contain an inventive step which transforms the abstract idea . . . into patentable subject matter." *Id.* at 12:15–17.

### B.   The Patent Trial and Appeal Board's Final Written Decision and the Federal Circuit's Affirmance Thereof

Tile thereafter filed with the PTAB a petition for *inter partes* review of the '655 Patent. Dkt. 61 at 1:24–27. The PTAB issued a Final Written Decision on May 13, 2021 (Ex. A at 1) finding that claims 1–3, 10–15, 22, and 23 of the '655 Patent were unpatentable (*id.* at 86). The PTAB specifically found that the Buddy Limitation was obvious in view of the prior art. *Id.* at 37–49. The

1   PTAB also found that Tile had not "demonstrated . . . that claims 4–9 and 16–21 are unpatentable"

2   (*id.* at 86), and those claims therefore remain at issue in this case. The Federal Circuit affirmed the

3   PTAB on May 13, 2022 (Ex. B) and issued its mandate on June 21, 2022 (Ex. C), the day the present

4   motion was filed.

5   **IV.    LEGAL STANDARDS**

6       **A.    Issue Preclusion**

7       Issue preclusion "bars 'successive litigation of an issue of fact or law actually litigated and

8   resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in

9   the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New*

10  *Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001)). "Issue preclusion applies if '(1) the issue at

11  stake was identical in both proceedings; (2) the issue was actually litigated in decided in the prior

12  proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was

13  necessary to decide on the merits.'" *Paatalo v. JPMorgan Chase Bank, N.A.*, 684 F. App'x 601, 602

14  (9th Cir. 2017) (quoting *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012)). Dismissal of a

15  complaint under Rule 12(b)(6) is proper when the allegations depend on an issue of fact already

16  resolved against a plaintiff. *See, e.g.*, *Paatalo*, 684 F. App'x at 602–03; *Sussman v. Provident Life*

17  *& Acc. Ins.*, 326 F. App'x 421, 422 (9th Cir. 2009); *Ghalehtak v. Fay Servicing, LLC*, 304 F. Supp.

18  3d 877, 887–88 (N.D. Cal. Mar. 23, 2018).

19      **B.    Pleading Standards**

20      "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

21  as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

22  (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Such "allegations of

23  underlying facts" must (1) "give fair notice and [] enable the opposing party to defend itself

24  effectively" and (2) "plausibly suggest an entitlement to relief such that it is not unfair to require the

25  opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*,

26  652 F.3d 1202, 1216 (9th Cir. 2011). "'The court need not . . . accept as true allegations that

27  contradict matters properly subject to judicial notice'" or "'are merely conclusory, unwarranted

28  deductions of fact, or unreasonable inferences.'" *In re Gilead Sciences Securities Litig.*, 536 F.3d

1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)*, amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001)).

### C.    Reconsideration

"Before the entry of a judgment . . . , any party may make a motion . . . requesting that [a] Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9(b)." Civil L.R. 7-9(a). "The moving party must specifically show reasonable diligence in bringing the motion and one of the following:"

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

> (2) The emergence of new material facts or a change of law occurring after the time of such order . . . .

Civil L.R. 7-9(b)(1)–(2).

## V.    ARGUMENT

### A.    The Federal Circuit's Affirmance of the PTAB Created a Material Difference in Fact and/or the Emergence of New Material Facts

The Court held in its November 22, 2019 order that, because Plaintiff's Amended Complaint adequately alleged that the Buddy Limitation was inventive, the Court could not grant Tile's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) due to a factual dispute. After the Court issued this order, however, the PTAB found that the Buddy Limitation was obvious in view of the prior art, and the Federal Circuit affirmed. This different or newly emerged fact is not only material, but *dispositive*: either (1) issue preclusion bars Plaintiff from attempting to relitigate the non-inventiveness of the Buddy Limitation, or (2) the Amended Complaint's factual allegations are conclusory and/or implausible.[5] Accordingly, Tile respectfully requests that the Court grant

---

[5] Plaintiff alleged in its Amended Complaint that claim 1 was "exemplary." *See* Dkt. 32, ¶¶ 25, 72, 74, 76, 78; *see also* Dkt. 57 6:16–19 n.1 (citing Dkt. 32, ¶ 72). Plaintiff cannot take a contradictory position in any future pleadings. "Subsequent amendments to a complaint must be 'consistent with the challenged pleading' and must not 'contradict[] any of the allegations of [the] original complaint.'" *IV Solutions, Inc. v. Empire Healthchoice Assurance, Inc.*, No. 20-56132, 2021 WL 5492974 (9th Cir. Nov. 23, 2021) (quoting *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th

reconsideration under Civil Local Rule 7-9(b)(1) and/or (2).

              1.    <u>Issue Preclusion Bars Plaintiff from Attempting to Relitigate the Non-Inventiveness of the Buddy Limitation</u>

The only outstanding alleged factual issue underlying Tile's motion to dismiss—whether the Buddy Limitation was an inventive concept (*see* Dkt. 57 at 11:18–12:7)—is identical to the issue decided by the PTAB. The PTAB found that the Buddy Limitation was obvious in view of the prior art. Ex. A at 37–49. In reaching this conclusion, the PTAB found that the prior art taught the Buddy Limitation (including "generating an alert when a proximity threshold . . . is met or exceeded" (Ex. A at 42; *see also id.* at 39–49)) and that the Buddy Limitation was simply an "'arrange[ment of] old elements with each performing the same function it had been known to perform and yield[ed] no more than one would expect from such an arrangement[]'" (*id.* at 51 (quoting *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406 (2007)); *see also id.* at 49–55). Accordingly, the Buddy Limitation is not inventive. *Mayo*, 566 U.S. at 81 (recognizing that a concept was inventive because it was not "in context ***obvious***, already in use, or purely conventional" (emphasis added) (discussing *Diamond v. Diehr*, 450 U.S. 175, 187 (1981))); *see also Sakraida v. Ag Pro, Inc.*, 425 U.S. 273, 279 (1976) (noting that by codifying a non-obviousness requirement in Section 103 of the 1952 Patent Act, Congress was incorporating into statute the Constitution's requirement that there "be some 'invention' to be entitled to patent protection" (quoting *Dann v. Johnston*, 425 U.S. 219, 225 (1976)).

The Ninth Circuit often considers four factors in deciding whether "issues are identical": "(1) substantial overlap of evidence or arguments, (2) application of the same rule of law, (3) overlap in pretrial preparation, and (4) relatedness of the claims." *Wenke v. Forest Labs., Inc.*, 796 F. App'x 383, 384 (9th Cir. 2020) (citations omitted). "'[T]hese factors are not applied mechanically'" and the identical-issue assessment varies depending on the specific facts. *Sec. & Exch. Comm'n v. Stein*, 906 F.3d 823, 829 (9th Cir. 2018) (quoting *Howard v. City of Coos Bay*, 871 F.3d 1032, 1041 (9th Cir. 2017) and citing Friedenthal & Miller, *Civil Procedure* § 14.10 (5th

---

Cir. 1990)). Moreover, the other claims add nothing for § 101, reciting more abstract and conventional steps, like collecting data and generating notifications.

ed. 2015)). Here, given that both the PTAB's obviousness finding and the search for Plaintiff's alleged inventive concept require comparing the Buddy Limitation to the state of the prior art, the issues are identical in view of each of these factors. Even if Plaintiff argues that factor (2) is inapplicable because the unpatentability and obviousness inquiries stem from different statutory sections, any such argument is incorrect: even if "different rules of law" are at issue in two different actions, issue preclusion still applies so long as "the underlying issues are the same and the conclusions from the [first action] undercut [a party's] theories in the [second] action." *Wenke*, 796 F. App'x at 384.

Because the PTAB explicitly found that the Buddy Limitation was an arrangement of known elements performing known functions to accomplish known results and was obvious in view of the prior art (Ex. A at 37–49 & 51), and because the Federal Circuit affirmed (Ex. B) and has issued its mandate (Ex. C), this issue was actually decided and the Plaintiff has had a full opportunity to litigate it. *E.g.*, *Papst Licensing GMBH & Co. KG v. Samsung Elecs. Am., Inc.*, 924 F.3d 1243, 1251–52 (Fed. Cir. 2019) (applying issue preclusion to PTAB final written decisions in *inter partes* review proceedings). Finally, the PTAB's finding that the Buddy Limitation was obvious was necessary to its Final Written Decision on the merits. To find that the claims were obvious, the PTAB found that the prior art disclosed "every element" of those claims (*Wireless Protocol Innovations, Inc. v. TCT Mobile, Inc.*, 771 F. App'x 1012, 1013 (Fed. Cir. 2019)) and that the claim was "obviousness . . . as a whole" (*Gen. Electric Co. v. Raytheon Techs. Corp.*, 983 F.3d 1334, 1351–52 (Fed. Cir. 2020)).

2. <u>Alternatively, Because the PTAB's Findings Contradict the Amended Complaint's Factual Allegations Regarding the Inventiveness of the Buddy Limitation, Those Allegations Are Conclusory and/or Implausible</u>

Alternatively, the PTAB's finding that the Buddy Limitation was obvious renders Plaintiff's allegations about the Buddy Limitation conclusory and/or implausible. *See, e.g.*, *Lu v. Stanford University*, No. 17-cv-07034-VC, 2018 WL 11268585 (N.D. Cal. Mar. 26, 2018) (finding that a prior judgment rendered factual assertions implausible in granting a motion to dismiss); *Skillz Platform Inc. v. AviaGames Inc.*, No. 21-cv-02436-BLF, 2022 WL 783338, at *18 (N.D. Cal. Mar. 14, 2022) ("[The plaintiff's] allegations that the use of GPS or LPS was unconventional, innovative, or an improvement are implausible in light of the intrinsic record, which indicates that these

technologies were conventional and that the [patent] claims recite using them for generic location-determining functions." (citation omitted)). In its November 21, 2019 order, the Court recognized that Plaintiff alleged that the Buddy Limitation was inventive because "the examiner found that patentability resided in the fourth clause of claim one."[6] Dkt. 57 at 11:21–24 (citing Dkt. 32, ¶ 38). The PTAB has now found that the Buddy Limitation (the fourth clause of claim one) was obvious and ***not*** a source of patentability. Ex. A at 37–49. "'The court need not . . . accept as true allegations that contradict matters properly subject to judicial notice'" or "'are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *In re Gilead*, 536 F.3d at 1055 (quoting *Sprewell*, 266 F.3d at 988). The PTAB's finding that the Buddy Limitation was an "'arrange[ment of] old elements with each performing the same function it had been known to perform and yield[ed] no more than one would expect from such an arrangement[]'" and obvious contradicts Plaintiff's factual allegation that the Buddy Limitation was a source of patentability, and thus somehow inventive. Ex. A at 51. Absent this factual allegation, all that remains in the Amended Complaint regarding alleged inventiveness are "'[t]hreadbare recitals of the elements of a cause of action[] supported by mere conclusory statements, [which] do not suffice.'" *Id.* (quoting *Ashcroft*, 556 U.S. at 678); *see also Skillz Platform*, 2022 WL 783338, at *18 (finding that the plaintiff's allegations regarding *Alice* step two were "conclusory or implausible" "in light of the intrinsic record").

### B.   The PTAB's Final Written Decision and the Federal Circuit's Judgment and Mandate Are Subject to Judicial Notice Can Be Considered

The Court can consider the PTAB's Final Written Decision and the Federal Circuit's Judgment and Mandate in deciding Tile's 12(b)(6) motion. "Public records, including judgments and other publicly filed documents, are proper subjects of judicial notice." *Anderson v. Intel Corp. Inv. Policy Comm.*, ___ F. Supp. 3d ___, 2022 WL 74002, at *6 (N.D. Cal. Jan. 8, 2022) (citing *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007)); *see also* Fed. R. Evid. 201(b). Further, "'it is

---

[6] In the event Plaintiff argues that there are additional factual allegations in the Amended Complaint that the Court did not include in its November 21, 2019 order, the PTAB's Final Written Decision contradicts those allegations as well. *E.g.*, *compare* Dkt. 32, ¶¶18–21 and 39 (alleging that the Ty product embodied the claims of the '655 Patent and that a publication described the Ty product as "innovative"), *with* Ex. A at 55–66 (finding that the Ty product did not embody the Buddy Limitation).

proper . . . to take judicial notice of matters of public record outside the pleadings and consider them for purposes of [a] motion to dismiss.'" *Patera v. Citibank, N.A.*, 698 F. App'x 468, 469 (9th Cir. 2017) (quoting *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988)). Indeed, the PTAB's Final Written Decision is part of the '655 Patent's prosecution history (*see* Ex. D), which can be considered at the pleadings stage to resolve issues of patent eligibility under Section 101. *E.g.*, *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 760 F. App'x 1013, 1018 (Fed. Cir. 2019) (citations omitted).

### C.    Tile Diligently Brought this Motion

Tile has been diligent because it filed this motion as soon as the Federal Circuit issued its mandate following the parties' appeals of the PTAB's Final Written Decision. This case has been stayed since January 1, 2020 (Dkt. 68), and the Court specifically maintained the stay after the PTAB issued its Final Written Decision because it could not "speculate as to how the Federal Circuit w[ould] decide the parties' appeals[]" (Dkt. 86 at 4:17–20). The Federal Circuit did not relinquish its jurisdiction over the appeal until today. Ex. C.

Because the Federal Circuit's affirmance of the PTAB's Final Written Decision resolved all remaining issues regarding patent eligibility, reconsideration of Tile's motion to dismiss stands to save significant resources as it should resolve this case without protracted litigation. Reconsideration will therefore further the Federal Rules of Civil Procedure's purpose of a "just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1. As predicted by both Tile and this Court, the PTAB proceedings and subsequent appeal have streamlined the issues for this case.  Dkt. 68 at 3:6–4:5; Dkt. 76 at 4:1–5:25.

## VI.    CONCLUSION

For the foregoing reasons, Tile respectfully requests that the Court grant it leave to file a motion for reconsideration of the Court's November 21, 2019 Order (Dkt. 57).

Dated: June 21, 2022                                    **BAKER BOTTS L.L.P.**

                                                       */s/ Sarah J. Guske*
                                                       Sarah J. Guske
                                                       CA Bar No. 232467

sarah.guske@bakerbotts.com
101 California Street, Suite 3600
San Francisco, CA 94111
T: (415) 291-6200
F: (415) 291-6300

Lauren J. Dreyer (*Pro Hac Vice*)
lauren.dreyer@bakerbotts.com
700 K Street. N.W.
Washington, DC 20001
T: (202) 639-7700
F: (202) 639-7890

John F. Gaustad
CA Bar No. 279893
john.gaustad@bakerbotts.com
1001 Page Mill Rd., Bldg. 1, Suite 200
Palo Alto, CA 94304
T: (650) 739-7500
F: (650) 739-7600

*Attorneys for Defendant Tile, Inc.*