Sarah J. Guske (CA Bar No. 232467)
Email: sarah.guske@bakerbotts.com
**BAKER BOTTS L.L.P**
101 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (415) 291-6200
Fax: (415) 291-6300

Lauren J. Dreyer (*Pro Hac Vice*)
**BAKER BOTTS L.L.P**
Email: lauren.dreyer@bakerbotts.com
700 K Street, N.W.
Washington, DC 20001
Telephone: (202) 639-7700
Fax: (202) 639-7890

John F. Gaustad (CA Bar No. 279893)
Email: john.gaustad@bakerbotts.com
**BAKER BOTTS L.L.P**
1001 Page Mill Rd., Bldg. 1, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Fax: (650) 739-7600

*Attorneys for Defendant Tile, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| CELLWITCH INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>TILE, INC.,<br><br>        Defendant. | Case No. 4:19-CV-01315-JSW<br><br>**DEFENDANT TILE, INC.'S NOTICE OF MOTION AND MOTION TO MAINTAIN STAY AS TO DISCOVERY**<br><br>Date: July 29, 2022<br>Time: 9:00 a.m.<br>Courtroom: 5<br>Judge: Jeffrey S. White |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on July 29, 2022, at 9:00 a.m., or as soon thereafter as the motion may be heard, in the courtroom of The Honorable Jeffrey S. White, located at Courtroom 5, 2nd Floor, 1301 Clay Street, Oakland, California 94612, defendant Tile, Inc. ("Tile") will and hereby does move this Court, pursuant to Federal Rule of Civil Procedure 26(c) and the Court's discretion, to maintain the stay presently governing this case (*see* Dkt. 68 & 86) as to discovery, pending the resolution[1] of Tile's Motion for Leave to File a Motion for Reconsideration of the Court's Nov. 21, 2019 Order Denying Defendant's Motion to Dismiss ("Reconsideration Motion") (Dkt. 103). This motion is based on this Notice of Motion, the attached memorandum of points and authorities in support thereof, the pleadings and documents on file in this case, and such other evidence and argument as may be presented at any hearing on this motion. The parties met and conferred by telephone on June 22, 2022 in an effort to resolve this dispute without action by the Court, but were unable to reach agreement.

## STATEMENT OF RELIEF REQUESTED

Tile respectfully requests, pursuant to Federal Rule of Civil Procedure 26(c) and the Court's discretion, to maintain the stay presently governing this case (*see* Dkt. 68 & 86) as to discovery, pending the resolution of Tile's Reconsideration Motion (Dkt. 103).

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

The Court has ordered two stays during Tile's efforts to prove that the claims of U.S. Patent No. 8,872,655 ("the '655 Patent") are invalid, and each time Tile has pushed this case closer to its ultimate conclusion by simplifying remaining issues in the case. The Court stayed discovery pending Tile's motion to dismiss based on the invalidity of the claims under Section 101[2] (Dkt. 56), and Tile demonstrated that the claims were directed to an abstract idea (*see* Dkt. 57 at 4:21–9:22). This case

---

[1] When Tile refers to the "resolution" of its Motion for Reconsideration, Tile includes both resolution of the filed motion for leave and the resolution of any motion for reconsideration that the Court authorizes Tile to file.

[2] All "Section" citations are directed to Title 35 of the United States Code.

remained alive only because Plaintiff had alleged that using "a network of personal wireless communication terminals to monitor and notify a particular user to when an item was no longer within a set range of the user"—herein after referred to as the "Buddy Limitation"—was inventive. *Id.* at 11:18–12:7.

Thereafter, the Court stayed discovery pending Tile's petition for *inter partes* review that it filed with the Patent Trial and Appeal Board ("PTAB"). Dkt. 68. The PTAB found that that claims 1–3, 10–15, 22, and 23 were unpatentable (*id.* at 2:7–8) and the Federal Circuit recently affirmed (*see* Dkt. 103-3 & -4), meaning that those claims are no longer at issue in this litigation (*XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282, 1294 (Fed. Cir. 2018)).

As part of its decision, the PTAB found that the "Buddy Limitation" was obvious in view of the prior art. Dkt. 103-2 at 37–49. As Tile explains in its Reconsideration Motion, this affirmed finding both (1) bars Plaintiff's allegation that the Buddy Limitation was inventive under issue preclusion and (2) renders this allegation implausible, conclusory, and legally erroneous. *E.g.*, Dkt. 103 at 5:15–8:17. Because Tile's Reconsideration Motion has the potential to resolve the only outstanding Section 101 invalidity question for the remaining patent claims—whether the Buddy Limitation was inventive—and dispose of the entire case, Tile respectfully requests that the Court stay maintain the stay governing this case (*see* Dkt. 68 & 86) as to discovery, pending resolution of the Reconsideration Motion.

For its part, Cellwitch recently filed a Motion to Lift the current stay, which shares some overlap with Tile's present motion. *See* Dkt. 101. Tile agrees that the current stay should be lifted to allow resolution of Tile's Reconsideration Motion (and any additional briefing), but Tile does not agree that discovery should proceed for the reasons set forth in the present motion. Tile intends to additionally submit an opposition to Cellwitch's motion consistent with the present motion to continue the stay as to discovery.

## II.  STATEMENT OF ISSUES TO BE DECIDED

Whether the Court should maintain the stay presently governing this case (*see* Dkt. 68 & 86) at least as to discovery, pending the resolution of Tile's Reconsideration Motion (Dkt. 103).

### III. STATEMENT OF RELEVANT FACTS

#### A. The Court's Orders Denying Tile's Motion to Dismiss

On May 16, 2019, Plaintiff Cellwitch Inc. ("Plaintiff") filed an Amended Complaint, alleging that Tile infringed the '655 Patent. *See* Dkt. 32, ¶¶ 69–121. Tile moved to dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) because the '655 Patent's claims are invalid under 35 U.S.C. § 101. Dkt. 36. Tile thereafter filed a motion to stay discovery pending a ruling on the motion to dismiss. Dkt. 56.

The Court granted the motion to stay discovery on October 22, 2019, finding that Plaintiff "d[id] not demonstrate that it will suffer harm if the Court stays discovery briefly until after the Court rules on Tile's motion to dismiss[,]" and that "the interest of judicial efficiency and conserving the Court's resources" supported staying discovery. Dkt. 56 at 3:9–17. The Court then issued an order on November 21, 2019 denying Tile's motion to dismiss without prejudice, finding that "Plaintiff ha[d] made sufficient allegations that the claims contain an inventive step which transforms the abstract idea . . . into patentable subject matter." Dkt. 57 at 12:15–17. That alleged "inventive step" was the Buddy Limitation. *Id.* at 11:18–12:7.

#### B. The Court's Orders Entering a Stay and Denying Defendant's Motion to Lift the Stay

On December 18, 2019, Tile filed a petition for *inter partes* review before the PTAB challenging all claims of the '655 Patent. Dkt. 68 at 1:24–28. Tile then "moved to stay this action pending *inter partes* review." *Id.* at 1:28–2:1. The Court granted Tile's motion, finding that all relevant factors weighed in favor of a stay. *See id.* at 3:6–6:9.

"On May 13, 2021, the PTAB issued its Final Written Decision . . . and found claims 1-3, 10-15, 22, and 23 [of the '655 Patent] were unpatentable but claims 4-9 and 16-21 were not unpatentable." Dkt. 86 at 2:7–9 (citing Dkt. 75-1 at 2). The PTAB specifically found that the Buddy Limitation was obvious in view of the prior art. Dkt. 103-2 at 37–49. Plaintiff and Tile filed a respective appeal and cross-appeal, and Plaintiff filed a motion "to lift the stay currently in place" on June 28, 2021. Dkt. 86 at 2:9–12. The Court denied Plaintiff's motion, finding that (1) the early stage of the litigation, (2) the simplification of issues and reduced burden of litigation, and (3) additional delay would not prejudice Plaintiff. *See id.* at 3:6–7:5.

    **C.**    **The Federal Circuit's Judgment and Tile's Motion for Leave to File a Motion for Reconsideration of the Court's November 21, 2019 Order Denying Defendants' Motion to Dismiss**

The Federal Circuit affirmed the PTAB on May 13, 2022 (Dkt. 103-3) and issued its mandate on June 21, 2022 (Dkt. 103-4), the day that Tile filed its Reconsideration Motion (Dkt. 103). In its Reconsideration Motion, Tile argues that the PTAB's affirmed finding that the Buddy Limitation was obvious in view of the prior art both (1) bars Plaintiff's allegation that the Buddy Limitation was inventive under issue preclusion and (2) renders this allegation implausible, conclusory, and legally erroneous. *E.g.*, Dkt. 103 at 5:15–8:17.

## IV. LEGAL STANDARDS

The Court recognized in its previous Order Granting Defendant's Motion to Stay Discovery that the following legal standards govern the present motion:

> Federal Rule of Civil Procedure 26(c) provides that a court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, *inter alia*, forbidding discovery or by specifying terms, including time and place, for disclosure or discovery. Fed. R. Civ. Proc. 26(c)(1)(A)-(B). The Court has discretion to stay discovery pending the resolution of dispositive motions, including motions to dismiss. *See, e.g.*, *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987); *see also Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (good cause to stay discovery may exist where a court is "convinced that the plaintiff will be unable to state a claim for relief"). "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). "The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Id.* (citations omitted).
>
> To determine whether to grant a protective order to stay discovery pending resolution of dispositive motions, the Court considers the following two factors: (1) whether the pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed; and (2) whether the court can decide the pending dispositive motion absent additional discovery. *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co.*, 220 F.R.D. 349, 352 (N.D. Cal. 2003) (internal citations omitted); *see also In re Nexus 6p Prod. Liab. Litig.*, No. 17-cv-2185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (citing cases). If these two questions are answered affirmatively, the court may issue a protective order. *Pacific Lumber*, 220 F.R.D. at 352. "However, if either prong of this test is not established, discovery proceeds." *Id.* The nature of this two-factor test

> requires the court to take a "preliminary peek" at the merits of the pending, potentially dispositive motion to determine whether a stay is granted. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011).

Dkt. 56 at 1:24–2:20.

## V.   ARGUMENT

Maintaining the stay as to discovery pending the resolution of Tile's Reconsideration is proper given that (1) the motion is potentially dispositive of the entire case and (2) additional discovery is not needed to resolve the pending motion. Further, other considerations—such as the lack of prejudice to Plaintiff, the hardship to Tile, and the benefit the orderly course of justice—all support a stay.

### A.   The Pending Motion Is Potentially Dispositive of the Entire Case and the Additional Discovery Is Not Needed to Resolve the Pending Motion

Tile's pending Reconsideration Motion is potentially dispositive of the entire case. When it previously stayed discovery, the Court found that Tile's motion to dismiss "has the potential to be dispositive[]" because "[i]f granted, [the '655 Patent] would be found invalid for lack of subject-matter under 35 U.S.C. section 101." Dkt. 56 at 2:24–26. This would subject "every claim in [the] complaint . . . to dismissal." *Id.* (citation omitted). The same is true of Tile's pending Reconsideration Motion: because the PTAB concluded that the only alleged "inventive concept" of the '655 Patent's claims—the Buddy Limitation—was obvious, the claims are invalid under Section 101 and Plaintiff has failed to state a claim on which relief can be granted. *See* Dkt. 103 at 5:15–8:17. Accordingly, the Court will dispose of the entire case by ultimately granting Tile's Reconsideration Motion.

Additionally, no additional discovery is necessary to resolve Tile's pending Reconsideration Motion. The Court also found when it previously stayed discovery that "no other discovery is needed for the resolution of Tile's motion" to dismiss. Dkt. 56 at 3:3–8. Again, the same is true of Tile's pending Reconsideration Motion: the only new facts that the Court needs to consider are those stemming from the PTAB's decision and the Federal Circuit's affirmance thereof, which the Court can consider in deciding a motion to dismiss because they are subject to judicial notice and intrinsic evidence to the '655 Patent. *See* Dkt. 103 at 8:18–9:7. Discovery is irrelevant to Tile's pending

Reconsideration Motion. *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021) ("Our case law does not permit plaintiffs to rely on anticipated discovery to satisfy Rules 8 and 12(b)(6); rather, pleadings must assert well-pleaded factual allegations to advance to discovery." (citing *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 559 (2007))).

### B. Other Considerations Support a Stay

In opposing Tiles previous motion to stay discovery, Plaintiff argued only that "the Court should deny the motion to stay discovery because (1) the stay would prejudice [Plaintiff], (2) Tile would not suffer a hardship, and (3) the stay would not benefit the orderly course of justice." Dkt. 56 at 3:9–12 (citing Dkt. 52 at 8). "The Court [wa]s not persuaded." *Id.* at 3:12–13. These same considerations still support staying discovery while Tile's Reconsideration Motion is pending.

The Court specifically found that Plaintiff failed to "demonstrate that it will suffer harm if the Court stays discovery briefly until after the Court rules on Tile's motion to dismiss[]" (*id.* at 3:13–14), and the lack of harm remains true today. The Court specifically found when staying the case pending the PTAB proceedings and maintaining the stay pending the Federal Circuit's review that any prejudice alleged by Plaintiff did not weigh against a stay. *See* Dkt. 68 at 4:21–5:15.

Tile will suffer a hardship if the Court does not maintain a stay of discovery. One purpose of allowing parties to file motions under Rule 12(b)(6) is to ensure that they are not "subjected to the expense of discovery and continued litigation" when faced with deficient claims. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). As Tile noted in its previous motion to stay discovery, Plaintiff has propounded on Tile 49 requests for production and 10 interrogatories. *See* Dkt. 50 at 3:8–11 (citing Dkt. 51-1 & 51-2). These discovery requests are broad: they "address all of Tile's products, devices, and applications without restriction (time period, model, version)[]" (Dkt. 50 at 3:11–13 (citing Dkt. 51-1 at 2:9–16)). Plaintiff's "requests for production require documents encompassing all operations and distributions of Tile's products, devices, and applications[]" (*id.* at 3:21–22; *see also id.* at 3:22–26 (providing specific examples)), and its "interrogatories similarly encompass all operations and distributions at Tile[]" (*id.* at 3:26–27; *see also id.* at 3:27–4:9 (providing specific examples)).

Finally, a stay of discovery pending the resolution of Tile's Reconsideration Motion ensures

1  "the just, speedy, and inexpensive determination" of this case. Fed. R. Civ. P. 1. One primary reason why the Court stayed this case pending the PTAB proceedings (and denied Plaintiff's request to prematurely end the stay) was that the PTAB proceedings "would simplify the issues and streamline the trial, thereby reduce [sic] the burden on and preserve [sic] the resources of both the parties and the Court." Dkt. 68 at 4:2–4; *see also* Dkt. 86 at 5:23–24. Because the PTAB found that the Buddy Limitation was obvious, the only alleged "inventive concept" identified by Plaintiff is not inventive at all, and the '655 Patent's claims are invalid under Section 101. *See* Dkt. 103 at 5:15–8:17. Accordingly, staying discovery pending the resolution of Tile's Reconsideration Motion furthers primary goals of the Court's previous stay orders.

## VI.    CONCLUSION

For the foregoing reasons, Tile respectfully requests that the Court maintain the present stay as to discovery pending the resolution of Tile's Reconsideration Motion.

Dated: June 22, 2022

**BAKER BOTTS L.L.P.**

*/s/ Sarah J. Guske*
Sarah J. Guske
CA Bar No. 232467
sarah.guske@bakerbotts.com
101 California Street, Suite 3600
San Francisco, CA 94111
T: (415) 291-6200
F: (415) 291-6300

Lauren J. Dreyer (*Pro Hac Vice*)
lauren.dreyer@bakerbotts.com
700 K Street. N.W.
Washington, DC 20001
T: (202) 639-7700
F: (202) 639-7890

John F. Gaustad
CA Bar No. 279893
john.gaustad@bakerbotts.com
1001 Page Mill Rd., Bldg. 1, Suite 200
Palo Alto, CA 94304
T: (650) 739-7500
F: (650) 739-7600

*Attorneys for Defendant Tile, Inc.*