Sarah J. Guske (CA Bar No. 232467)
Email: sarah.guske@bakerbotts.com
**BAKER BOTTS L.L.P**
101 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (415) 291-6200
Fax: (415) 291-6300

Lauren J. Dreyer (*Pro Hac Vice*)
**BAKER BOTTS L.L.P.**
Email: lauren.dreyer@bakerbotts.com
700 K Street, N.W.
Washington, DC 20001
Telephone: (202) 639-7700
Fax: (202) 639-7890

John F. Gaustad (CA Bar No. 279893)
Email: john.gaustad@bakerbotts.com
**BAKER BOTTS L.L.P**
1001 Page Mill Rd., Bldg. 1, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Fax: (650) 739-7600

*Attorneys for Defendant Tile, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| CELLWITCH INC., | Case No.  4:19-CV-01315-JSW |
| Plaintiff, | |
| v. | **DEFENDANT TILE, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE COURT'S NOV. 21, 2019 ORDER DENYING DEFENDANT'S MOTION TO DISMISS (Dkt. 57) AND REQUEST FOR JUDICIAL NOTICE** |
| TILE, INC., | |
| Defendant. | |
| | Date: September 23, 2022 |
| | Time: 9:00 a.m. |
| | Courtroom: 5 |
| | Judge: Jeffrey S. White |

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................... 1

II.     ARGUMENT .................................................................................................. 2

    A.    Issue Preclusion Applies Because Plaintiff Is Judicially Estopped from
        Taking the Clearly Inconsistent Position that Obviousness and Non-
        Inventiveness Are Different Issues ................................................................ 2

        1.    Judicial Estoppel Applies ................................................................ 2

        2.    Every Element of Issue Preclusion Is Satisfied ............................... 4

    B.    Issue Preclusion Applies Even in the Absence of Judicial Estoppel ..................... 5

        1.    Applying the PTAB's Findings in These Circumstances Does Not
            Require Application of a Different Rule of Law ................................ 5

        2.    All Factors Relevant to Determining Whether the Issues Are
            Identical Favor Tile, and Every Element of Issue Preclusion Is
            Satisfied .......................................................................................... 8

    C.    Regardless of Whether Issue Preclusion Applies, the Allegations in the
        Amended Complaint Are Implausible and Conclusory .......................................... 8

    D.    Plaintiff's Allegations Regarding the InfoWorld Publication Are Also
        Barred By Issue Preclusion and Contradicted By Facts Subject to Judicial
        Notice ............................................................................................................. 9

    E.    Tile's Motion for Reconsideration and Underlying Motion to Dismiss Are
        Procedurally Proper ........................................................................................ 10

        1.    Tile's Motions Were and Are Timely .............................................. 10

        2.    The Court Can Take Judicial Notice of the PTAB's Findings at the
            Pleadings Stage ............................................................................... 11

        3.    The PTAB's Findings Are Material Facts Subject to Judicial Notice
            that Warrant Reconsideration .......................................................... 12

        4.    Plaintiff Is Not Entitled to Discovery or to a Trial Based on a
            Complaint that Is Barred By Issue Preclusion and Otherwise
            Defective ........................................................................................ 14

    F.    Section 282 Does Not Save the Dependent Claims, and Plaintiff Does Not
        Dispute that Dismissal Should Be with Prejudice ............................................. 15

III.    CONCLUSION ............................................................................................. 15

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

CASES

4

*Aldabe v. Aldabe*,
  616 F.2d 1089 (9th Cir. 1980)......................................................................................10

5

*Alexander v. Citigroup Global Mkts., Inc.*,
  607 F. App'x 696 (9th Cir. 2015)..................................................................................15

6

*Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*,
  841 F.3d 1288 (Fed. Cir. 2016)...........................................................................1, 6, 7, 8

7

8

*Am. Timber & Trading Co. v. First Nat'l Bank of Or.*,
  690 F.2d 781 (9th Cir. 1982).........................................................................................14

9

10

*Arisman v. Woodford*,
  No. C 00-4049, 2009 WL 814245 (N.D. Cal. Mar. 25, 2009) ......................................9

11

12

*Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*,
  672 F.3d 1335 (Fed. Cir. 2012).......................................................................................5

13

14

*Aspex Eyewear, Inc. v. Zenni Optical Inc.*,
  713 F.3d 1377 (Fed. Cir. 2013).......................................................................................5

15

16

*Astoria Fed. Sav. & Loan Ass'n v. Solimino*,
  501 U.S. 104 (1991).......................................................................................................11

17

*B&B Hardware, Inc. v. Hargis Indus., Inc.*,
  575 U.S. 138 (2015).......................................................................................................14

18

19

*Baughman v. Walt Disney World Co.*,
  685 F.3d 1131 (9th Cir. 2012).........................................................................................3

20

21

*Branca v. Bai Brands, LLC*,
  No. 3:18-cv-00757-BEN-KSC, 2019 WL 1082562 (S.D. Cal. Mar. 7, 2019)..............14

22

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*,
  637 F.3d 1047 (9th Cir. 2011).......................................................................................15

23

24

*Cellspin Soft, Inc. v. Fitbit, Inc.*,
  No. 17-cv-05928-YGR, 2021 WL 1421612 (N.D. Cal. Apr. 14, 2021) ........................7

25

26

*Cellspin Soft, Inc. v. Fitbit, Inc.*,
  927 F.3d 1306 (Fed. Cir. 2019)................................................................................10, 13

27

*Cisco Sys., Inc. v. Capella Photonics, Inc.*,
  No. 20-cv-01858-EMC, 2020 WL 4923697 (N.D. Cal. Aug. 21, 2020) ........................*passim*

28

*Classen Immunotherapies, Inc. v. Biogen IDEC*,
  650 F.3d 1057 (Fed. Cir. 2011) ........................................................................................7

*Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*,
  776 F.3d 1343 (Fed. Cir. 2014) ......................................................................................15

*Coleman v. Quaker Oats Co.*,
  232 F.3d 1271 (9th Cir. 2000) ........................................................................................14

*Cunningham v. Schopp*,
  No. C 14-3033-JSW, 2015 WL 218800 (N.D. Cal. Jan. 15, 2015) ...........................12

*Dailey v. A&W Concentrate Co.*,
  519 F. Supp. 3d 668 (N.D. Cal. 2021) .........................................................................12

*Diamond v. Diehr*,
  450 U.S. 175 (1981) ................................................................................................5, 6–7

*Dillon v. Murphy & Hourihane, LLP*,
  No. 14-cv-01908-BLF, 2014 WL 5409040 (N.D. Cal. Oct. 22, 2014) .......................12

*Dropbox, Inc. v. Synchronoss Techs., Inc.*,
  815 F. App'x 529 (Fed. Cir. 2020) ......................................................................6, 7, 10

*Elvig v. Calvin Presbyterian Church*,
  375 F.3d 951 (9th Cir. 2004) ..........................................................................................10

*Emrich v. Touche Ross & Co.*,
  846 F.2d 1190 (9th Cir. 1988) ........................................................................................12

*Fireman's Fund Ins. Co. v. Stites*,
  258 F.3d 1016 (9th Cir. 2001) ........................................................................................11

*Gilbert L. Loaec 2014 Trust v. Doheny*,
  No. 19-cv-02078-NC, 2019 WL 6255417 (N.D. Cal. Nov. 22, 2019) ......................10

*Graham v. John Deere Co. of Kan. City*,
  383 U.S. 1 (1966) .............................................................................................................9

*Huntleigh USA Corp. v. United States*,
  65 Fed. Cl. 178 (Fed. Cl. 2005) ...............................................................................10, 13

*In re Kemmer*,
  265 B.R. 224 (Bankr. E.D. Cal. 2001) ..........................................................................14

*Intellectual Ventures I LLC v. Symantec Corp.*,
  838 F.3d 1307 (Fed. Cir. 2016) ........................................................................................7

*Intercontinental Great Brands LLC v. Kellogg N. Am. Co.*,
  869 F.3d 1336 (Fed. Cir. 2017) ........................................................................................9

*Jui-Yang Hong v. Extreme Networks, Inc.*,
    No. 15-cv-04883-BLF, 2017 WL 1508991 (N.D. Cal. Apr. 27, 2017) ......................................9

*Keenan v. Allan*,
    91 F.3d 1275 (9th Cir. 1996)........................................................................................................9

*Lee v. City of Los Angeles*,
    250 F.3d 668 (9th Cir. 2001)...............................................................................................11–12

*Lotes Co. v. Hon Hai Precision Indus. Co.*,
    No. C-11-01036 JSW, 2011 WL 13152817 (N.D. Cal. July 14, 2011) ...................................10

*Lu v. Stanford Univ.*,
    No. 17-cv-07034-VC, 2018 WL 11268585 (N.D. Cal. Mar. 26, 2018)................................8, 11

*Mack v. S. Bay Beer Distribs., Inc.*,
    798 F.2d 1279 (9th Cir. 1986) ......................................................................................11, 12, 13

*Mayo Collaborative Servs. v. Prometheus Labs., Inc.*,
    566 U.S. 66 (2012) .............................................................................................................5–6, 7

*Neitzke v. Williams*,
    490 U.S. 319 (1989) ...................................................................................................................11

*Ohio Willow Wood Co. v. Alps S., LLC*,
    735 F.3d 1333 (Fed. Cir. 2013) .............................................................................................5, 15

*Orcinus Holdings, LLC v. Synchronoss Techs., Inc.*,
    379 F. Supp. 3d 857 (N.D. Cal. 2019) ......................................................................................15

*PPC Broadband, Inc. v. Corning Optical Commc'ns RF, LLC*,
    815 F.3d 734 (Fed. Cir. 2016) .....................................................................................................9

*Roundtree v. Adams*,
    No. CV F 01 6502 LJO SMS, 2007 WL 1232173 (E.D. Cal. Apr. 24, 2007) ...........................10

*Seismic Reservoir 2020, Inc. v. Paulsson*,
    785 F.3d 330 (9th Cir. 2015)......................................................................................................11

*Skillz Platform Inc. v. AviaGames Inc.*,
    No. 21-cv-02436-BLF, 2022 WL 783338 (N.D. Cal. Mar. 14, 2022) .....................................8–9

*Starr v. Baca*,
    652 F.3d 1202 (9th Cir. 2011).....................................................................................................14

*Sunoco Partners Mktg. & Terminals L.P. v. U.S. Venture, Inc.*,
    32 F.4th 1161 (Fed. Cir. 2022) .....................................................................................................4

*Taylor v. Sturgell*,
    553 U.S. 880 (2008) ...................................................................................................................13

*United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*,
 555 F.3d 772 (9th Cir. 2009) .................................................................................................. 3

*United States v. Southern California Edison Company*,
 300 F. Supp. 2d 964 (E.D. Cal. 2004) ................................................................................... 12

*U.S. ex rel. Fallon v. Bell Transit Corp.*,
 No. 16-cv-06994-PJH, 2021 WL 3665898 (N.D. Cal. Aug. 18, 2021) .................................. 12

*U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*,
 971 F.2d 244 (9th Cir. 1992) ................................................................................................. 12

*Vitrano v. State Farm Ins. Co.*,
 No. 08 Civ. 103(JGK), 2009 WL 3365866 (S.D.N.Y. Oct. 19, 2009) ..................................... 3

*Wagner v. Prof'l Eng'rs in Cal. Gov't*,
 354 F.3d 1036 (9th Cir. 2004) ................................................................................................. 3

*Wenke v. Forest Labs., Inc.*,
 796 F. App'x 383 (9th Cir. 2020) ............................................................................................ 7

*Whitaker v. Tesla Motors, Inc.*,
 985 F.3d 1173 (9th Cir. 2021) ............................................................................................... 13

*XY, LLC v. Trans Ova Genetics*,
 890 F.3d 1282 (Fed. Cir. 2018) .........................................................................................4, 11


**STATUTES**

35 U.S.C. § 101 .................................................................................................... *passim*

35 U.S.C. § 102 ................................................................................................................... 7

35 U.S.C. § 103 ....................................................................................................... 2, 5, 6, 7

35 U.S.C. § 282 ................................................................................................................. 15


**RULES**

California Rule of Professional Conduct 3.3 ...................................................................... 6

Civil Local Rule 7-9 ............................................................................................................ 13

Civil Local Rule 11-4 ........................................................................................................... 6

D.C. Rule of Professional Conduct 3.3 ............................................................................... 6

Federal Rule of Civil Procedure 1 ....................................................................................... 2

Federal Rule of Civil Procedure 8 ................................................................13, 15

Federal Rule of Civil Procedure 12 ...............................................10, 12, 13, 15

Federal Rule of Civil Procedure 54 ......................................................................13

# I.   INTRODUCTION

Tile continues to litigate the '655 Patent only because Plaintiff successfully convinced the Court nearly three years ago that obviousness and non-inventiveness are the same issue to evade dismissal under Rule 12. *See* Dkt. 38 at 14:1–14 & 14:26–15:11 (Plaintiff's arguments); Dkt. 57 at 11:18–12:7 (order denying Tile's prior motion to dismiss). Plaintiff does not dispute the fact that the position it takes now—that obviousness and non-inventiveness are *different* issues—is clearly inconsistent with its prior position. *See* Dkt. 115 at 14:9–15:2. Plaintiff is therefore judicially estopped from taking its newfound inconsistent position. Because all other relevant factors (substantial overlap of evidence or arguments, overlap in pretrial preparation, and relatedness of the claims) weigh in Tile's favor, issue preclusion prevents Plaintiff from pursuing its claims in view of the PTAB's Final Written Decision finding the Buddy Limitation obvious.

Even if judicial estoppel did not prevent Plaintiff from arguing that obviousness and non-inventiveness are different issues (it does), Plaintiff's argument that the PTAB applied a different rule of law for purposes of issue preclusion in these circumstances is a red herring and is in any event legally erroneous. Plaintiff's analysis primarily relies on a single, out-of-context sentence from a dissenting opinion that Plaintiff fails to identify as such (*see, e.g.*, Dkt. 115 at 9:20–21 (quoting *Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, 841 F.3d 1288, 1311 (Fed. Cir. 2016) (Reyna, J., *dissenting*)), and the additional authority it relies upon similarly fails to support its position. Accordingly, issue preclusion also prevents Plaintiff from raising its newfound argument that is inconsistent with the one that carried the day in the 2019 motion practice, even if judicial estoppel does not.

Setting aside issue preclusion, the PTAB's Final Written Decision contradicts the Amended Complaint's allegations regarding the Buddy Limitation being an alleged inventive concept, rendering those allegations implausible and conclusory. And Plaintiff does not seriously contend that any of its other allegations in the Amended Complaint save its claims—nor could it, as the only other allegations are conclusory or have also already been adjudged against Plaintiff. Plaintiff's argument that obviousness and non-inventiveness are different have no bearing in this analysis, given that the Court's order denying Tile's prior motion to dismiss was premised solely on the patent

examiner's incorrect opinion *that the Buddy Limitation was not obvious over the prior art*. See Dkt. 32, ¶¶ 33–38. Given that the PTAB's affirmed finding that the Buddy Limitation was in fact obvious in view of the prior art, and that PTAB's finding is subject to judicial notice, the Amended Complaint is devoid of any plausible allegations that the remaining claims have an inventive concept.

Plaintiff's opposition otherwise takes a shotgun approach, raising nearly every conceivable procedural and backup substantive argument. None of these arguments are legally sound, and many simply ignore or otherwise fail to address Tile's arguments. Plaintiff is not entitled to discovery or a trial because its Amended Complaint fails to state a claim upon which relief can be granted, and its arguments to the contrary ignore the first Federal Rule of Civil Procedure, requiring "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Tile respectfully requests that the Court reconsider its prior order, grant Tile's requested relief, and dismiss Plaintiff's Amended Complaint with prejudice.

## II.   ARGUMENT

### A.   Issue Preclusion Applies Because Plaintiff Is Judicially Estopped from Taking the Clearly Inconsistent Position that Obviousness and Non-Inventiveness Are Different Issues

#### 1.   Judicial Estoppel Applies

Plaintiff devotes much of its opposition to attempting to articulate a distinction with a difference between Sections 101 and 103 that is material to Tile's motion. *See generally* Dkt. 115 at 9:15–12:21 & 13:8–20. The Court need not determine whether any such alleged distinction exists, however, because Plaintiff is judicially estopped from taking this position. Plaintiff does not deny that (1) it argued in opposing Tile's prior motion to dismiss that obviousness and non-inventiveness are the same issue, or that (2) its first position was clearly inconsistent with its new position that obviousness and non-inventiveness are different issues for purposes of dismissal. *See id.* at 14:9–15:2. Plaintiff instead raises only two arguments against the application of judicial estoppel: (1) "the Court did not actually rule in [Plaintiff]'s favor on Tile's defense[,]" and (2) "[Plaintiff] did not obtain any unfair advantage in the process." *Id.* Neither of these arguments have merit.

For judicial estoppel to apply, Plaintiff needed only to have succeeded in persuading the

Court to adopt Plaintiff's prior assertion. *Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1133 (9th Cir. 2012). Plaintiff does not dispute that the Court adopted Plaintiff's prior, inconsistent assertion that obviousness and non-inventiveness are the same legal issue. *See* Dkt. 115 14:9–15:2. The Court's denial of Tile's prior motion to dismiss hinged on that determination. *See* Dkt. 57 at 11:18–12:7. Plaintiff's reliance on *Vitrano v. State Farm Ins. Co.* is inapposite because, in that case, the underlying issue was a *factual issue* that was not previously decided at all: whether "the Government seized [a] Rolex watch and $875 in cash[.]" No. 08 Civ. 103(JGK), 2009 WL 3365866, at *5 (S.D.N.Y. Oct. 19, 2009). The court "found that there was an issue of material fact" because the court did not previously find that the items were actually seized. *Id.* Here, Plaintiff does not (*see* Dkt. 115 at 14:9–15:2)—and cannot (*see* Dkt. 57 at 11:18–12:7)—dispute that it succeeded in persuading the Court that obviousness and non-inventiveness are legally synonymous such that the patent examiner's erroneous non-obviousness conclusion precluded dismissal. Judicial estoppel prevents "a party from making a legal assertion that contradict[s] its earlier legal assertion." *Baughman*, 685 F.3d at 1133 (citing *Wagner v. Prof'l Eng'rs in Cal. Gov't*, 354 F.3d 1036, 1044 (9th Cir. 2004)). With the final, non-appealable determination that the Buddy Limitation is obvious, Plaintiff has no non-estopped arguments that the Buddy Limitation is inventive.

Plaintiff cannot credibly dispute that it obtained a tactical advantage by convincing the Court to adopt its prior assertion or that doing so imposed an unfair detriment on Tile. *See, e.g.*, *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 779–80 (9th Cir. 2009) ("[The defendant] benefitted from arguing in 2001 that [a third party]'s alleged infringement claim arose from materials first published in 1999. If we allow [the defendant] to argue that the claim did not arise until 2001, [the defendant]'s 'gaming' of the courts will allow it the possibility of prevailing on the very position it successfully discredited . . . ."). The Court denied Tile's motion to dismiss based on Plaintiff's assertion. *See* Dkt. 57 at 11:18–12:7. If Plaintiff had argued in opposing Tile's prior motion to dismiss that obviousness and non-inventiveness are entirely separate legal issues (as it now argues), it would have admitted that the Amended Complaint was devoid of non-conclusory facts regarding an alleged inventive concept, resulting in dismissal nearly three years ago. Had the Court granted Tile's prior motion to dismiss, there would be nothing to litigate regarding the '655

Patent in *any forum*. Tile is still litigating issues related to the '655 Patent only because Plaintiff succeeded in convincing the Court to adopt its prior, now-inconsistent assertion and deny Tile's prior motion to dismiss.

### 2.   Every Element of Issue Preclusion Is Satisfied

Because judicial estoppel bars Plaintiff from taking a contrary position, the first and second elements of issue preclusion (identical issue that was actually litigated and decided) are satisfied. And because the PTAB needed to find the Buddy Limitation obvious (or otherwise disclosed in the art) to find the cancelled claims obvious, the fourth element of issue preclusion (necessity of deciding the issue) is similarly satisfied.

Plaintiff's arguments regarding the third element (a full and fair opportunity to litigate the issue) are contrary to law. Specifically, Plaintiff's complaints that it "had no opportunity to obtain discovery or to develop an evidentiary record" before the PTAB ignore the fact that it had every opportunity to do so. *E.g.*, *XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282, 1294 (Fed. Cir. 2018) (stating when *sua sponte* applying a PTAB judgment to an appeal from a district court litigation that "a patentee, having been afforded the opportunity to exhaust his remedy of appeal from a holding of invalidity, has had his day in court[.]" (citations and internal quotation marks omitted)).

The fact that the PTAB utilizes the preponderance-of-the-evidence standard instead of the clear-and-convincing standard is irrelevant:[1] the Federal Circuit has not only reversed district court infringement judgments by applying issue preclusion based on PTAB judgments (*e.g.*, *Sunoco Partners Mktg. & Terminals L.P. v. U.S. Venture, Inc.*, 32 F.4th 1161, 1174 (Fed. Cir. 2022)), but has done so *sua sponte* (*XY*, 890 F.3d at 1294). At least one other court in this district has similarly found that this difference in standards is irrelevant for purposes of the application of issue preclusion from PTAB proceedings. *See Cisco Sys., Inc. v. Capella Photonics, Inc.*, No. 20-cv-01858-EMC, 2020 WL 4923697, at *4–6 (N.D. Cal. Aug. 21, 2020).

Finally, the fact that the PTAB analyzed other claims is also irrelevant. Issue preclusion applies to unadjudicated patent claims "[i]f the differences between the unadjudicated patent claims

---

[1] Plaintiff had no issue with relying on the Patent and Trademark Office's use of the preponderance of the evidence standard when it relied on the patent examiner's incorrect conclusion that the Buddy Limitation was not obvious.

and adjudicated patent claims do not materially alter the question of invalidity[.][2] *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013) (citation omitted); *see also Cisco*, 2020 WL 4923697, at *6 (applying *Ohio Willow Wood* to a PTAB judgment). Tile explained in its motion that Plaintiff's Amended Complaint does not identify any separate inventive concept in the remaining patent claims and that Plaintiff cannot identify any such inventive concept. *See* Dkt. 114 at 14:20–15:24. Indeed, Plaintiff also fails to identify any such inventive concept in its opposition. *See* Dkt. 115 at 15:4–25.

### B.    Issue Preclusion Applies Even in the Absence of Judicial Estoppel

Issue preclusion still applies even if judicial estoppel does not bar Plaintiff from arguing that obviousness and non-inventiveness are different issues. Plaintiff focuses most of its argument on the second factor considered by the Ninth Circuit in deciding whether issues are identical (application of the same rule of law), but all four factors ultimately favor Tile.

#### 1.    Applying the PTAB's Findings in These Circumstances Does Not Require Application of a Different Rule of Law

Judicial estoppel alone precludes Plaintiff from now taking a position inconsistent with its prior argument, rendering the step two analysis devoid of any fact issues preventing dismissal. But even if judicial estoppel did not bar Plaintiff from maintaining an inconsistent position to avoid dismissal, issue preclusion still bars Plaintiff from relitigating the non-inventiveness of the Buddy Limitation. Contrary to Plaintiff's arguments, applying the PTAB's findings in these circumstances does not require application of a different rule of law. The Supreme Court in *Mayo* acknowledged and addressed the possible overlap between Sections 101 and 103 (*Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 79, 81, 82, 90 (2012)),[3] and Plaintiff even argued in the 2019 motion practice that the Buddy Limitation was inventive concept because "the Examiner found [that

---

[2] Federal Circuit law, as opposed to Ninth Circuit law, controls this specific issue. *Id.* at 1342 (citing *Aspex Eyewear, Inc. v. Zenni Optical Inc.*, 713 F.3d 1377, 1380 (Fed. Cir. 2013); *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1341 n.1 (Fed. Cir. 2012)).

[3] In *Mayo*, the Supreme Court repeatedly distinguished inventive concepts from obvious activities. 566 U.S. at 79 (distinguishing an inventive concept from "conventional or *obvious*" pre-solution activity (emphasis added)), 81 (noting that there was nothing suggesting that steps "were in context *obvious*, already in use, or purely conventional" in discussing *Diamond v. Diehr*, 450 U.S. 175, 187 (1981) (emphasis added)), 82 (distinguishing an inventive concept from "conventional or *obvious*" post-solution activity (emphasis added)). The Supreme Court also recognized that the obviousness and inventive concept inquiries can "overlap." *Id.* at 90. Plaintiff does not address these passages.

1   it] distinguish[ed] the '655 Patent over the prior art[]" (Dkt. 38 at 14:1–3), specifically, an

2   obviousness rejection (*see id.* at 3:3–28).

3       Plaintiff's cited cases are not inconsistent with the overlap. Tellingly, Plaintiff's argument

4   relies primarily on a single, out-of-context sentence from a *dissenting opinion*, which Plaintiff does

5   not identify as such:[4]

20   Section 101 asks "whether the claimed matter is [an] invention at all, new or otherwise."

21   *Amdocs (Isr.) Ltd. v. Openet Telecom, Inc.*, 841 F.3d 1288, 1311 (Fed. Cir. 2016). Sections 102 and

8   Dkt. 115 at 9:20–21 (quoting *Amdocs*, 841 F.3d at 1311 (Reyna, J., *dissenting*)); *see also id.* at 9:28–

9   10:1 (same), 10:20–21 (same), 10:25–26 (same), 2:9–11 (applying this single, out-of-context

10  sentence from Judge Reyna's dissenting opinion without attribution), 12:22–13:20 (same), 15:9–11

11  (same). The majority opinion in *Amdocs* explicitly recognized that the alleged inventive concept at

12  issue in that case was "a technical improvement *over prior art technologies* and served to improve

13  the performance of the system itself." *Amdocs*, 841 F.3d at 1302 (emphasis added). And later Federal

14  Circuit opinions have similarly recognized that concepts are non-inventive under Section 101 when

15  they are "known in the art." *See, e.g.*, *Dropbox, Inc. v. Synchronoss Techs., Inc.*, 815 F. App'x 529,

16  537–38 (Fed. Cir. 2020).

17      For the other cases cited by Plaintiff, Plaintiff has stripped away critical context in its

18  argument. For example, Plaintiff relies on the Supreme Court's rejection in *Mayo* of "the

19  Government's invitation to substitute [the] § 103 [inquiry] for the . . . inquiry under § 101." Dkt.

20  115 at 10:10–12 (quoting *Mayo*, 566 U.S. at 91); *see also id.* at 12:16–17 (same). But there, the

21  Supreme Court was rejecting the Government's argument that courts should rely primarily on

22  Sections 102, 103, and 112 to screen for invalid claims, not Section 101. *Mayo*, 566 U.S. at 88–91.

23  It was as part of this analysis that the Supreme Court recognized the "overlap" between these

24  sections. *Id.* at 90. Similarly, in *Diamond v. Diehr*, the Supreme Court held that the claims at issue

25  "were eligible for patent protection under [Section] 101," but recognized that these claims could

26

27  ────────────────────

28  [4] It is unclear how this practice comports with the California Rules of Professional Conduct, the D.C. Rules of Professional Conduct, or this Court's Standards of Professional Conduct. *See* Cal. R. Prof. Conduct 3.3 (requiring candor to the tribunal); D.C. R. Prof. Conduct 3.3 (same); Civil L.R. 11-4 (requiring all attorneys practicing before the Court to "[b]e familiar and comply with the standards of professional conduct required of members of the State Bar of California[]").

simultaneously be invalid under Sections 102 or 103. *See* 450 U.S. at 191. Here, Tile is not asking that the Court substitute Section 103 for Section 101; it is asking that the Court apply the overlap between these sections and recognize that—because the sole point of alleged inventiveness (the Buddy Limitation) is obvious—the claims lack an inventive concept under Section 101. The Federal Circuit's decisions in *Classen Immunotherapies, Inc. v. Biogen IDEC* and *Intellectual Ventures I LLC v. Symantec Corp.* shared the same context. 650 F.3d 1057, 1059 (Fed. Cir. 2011); 838 F.3d 1307, 1315 (Fed. Cir. 2016). And the district court's opinion in *Cellspin Soft, Inc. v. Fitbit, Inc.*— which held that a concept could be inventive even though the specification admitted it was disclosed by the prior art (No. 17-cv-05928-YGR, 2021 WL 1421612, at \*13 (N.D. Cal. Apr. 14, 2021))— conflicts, for example, with the Federal Circuit's holding to the contrary in *Dropbox*, which Tile analyzed in its opening brief (*see* Dkt. 114 at 11:17–12:3) and Plaintiff simply fails to address. *See* 815 F. App'x at 537–38 (addressing concepts described in a patent specification as "known in the art").

In sum, by applying the PTAB's affirmed finding that the Buddy Limitation is obvious, the Court is applying the same rule of law for purposes of issue preclusion. In view of *Mayo*, the concept that Plaintiff argued is inventive under Section 101 has been finally adjudged as obvious and therefore cannot serve as a basis for Plaintiff to maintain its allegations of inventiveness. Further, because the Supreme Court explicitly held in *Mayo* that a claim found novel or non-obvious under Section 102 or 103 may still be invalid under Section 101 (*see* 450 U.S. at 191), Plaintiff's argument that "some of the PTAB's findings actually **support** a finding of *inventiveness* under § 101 (even if not *invention* under § 102 or § 103)[]" (Dkt. 115 at 13:12–15; *see also id.* at 12:22–13:7) has no legal basis, especially since is entirely predicated on the single, out-of-context sentence from Judge Reyna's dissenting opinion in *Amdocs*. Accordingly, even if judicial estoppel did not prevent Plaintiff from distinguishing obviousness from non-inventiveness at this juncture (it does), the PTAB's affirmed finding that the Buddy Limitation was obvious is indeed "irreconcilable with the argument[]" that the Buddy Limitation is an inventive concept. *Wenke v. Forest Labs., Inc.*, 796 F. App'x 383, 385 (9th Cir. 2020).

2.   <u>All Factors Relevant to Determining Whether the Issues Are Identical Favor Tile, and Every Element of Issue Preclusion Is Satisfied</u>

As discussed immediately above, the second factor for determining whether issues are identical (application of the same rule of law) favors Tile. Plaintiff's arguments regarding the first (substantial overlap of evidence or arguments), third (overlap in trial preparation), and fourth (relatedness of the claims) factors are again entirely predicated on Judge Reyna's dissenting opinion in *Amdocs*, and Plaintiff cannot identify any specific evidence or argument that (1) it can collect or present in this case that it could not have collected or presented in its proceedings before the PTAB or (2) that would have been irrelevant to the PTAB's obviousness analysis and findings and yet somehow relevant to the inventive concept inquiry. *See* Dkt. 115 at 12:23–13:27.

Accordingly, in view of the analysis above regarding the other elements of issue preclusion (*see supra* § II.A.2), all factors relevant to determining whether the issues are identical favor Tile, even if judicial estoppel does not apply.

**C.   Regardless of Whether Issue Preclusion Applies, the Allegations in the Amended Complaint Are Implausible and Conclusory**

The Court should also dismiss the Amended Complaint because its allegations are now implausible and conclusory in view of the PTAB's findings. Contrary to Plaintiff's argument (*see* Dkt. 115 at 15:8–11), the Amended Complaint does not and cannot allege that the patent examiner found that the Buddy Limitation was inventive concept under Section 101: it instead alleges that the patent examiner (incorrectly) found that the Buddy Limitation was not obvious under Section 103. *See* Dkt. 32, ¶¶ 33–38. The PTAB corrected the patent examiner's error and found that the Buddy Limitation (along with the independent claims as a whole) was, in fact, obvious. Dkt. 103-2 at 37–49. The PTAB's findings are facts subject to judicial notice (*see infra* § II.E.2) that therefore contradict the Amended Complaint's factual allegations. The PTAB's findings also contradict Amended Complaint's allegations regarding the InfoWorld publication, which Tile addresses immediately below in Section II.D. Accordingly, the Amended Complaint is devoid of any plausible, non-conclusory factual allegations regarding an alleged inventive concept that are not contradicted by facts subject to judicial notice. Tile thus respectfully requests that the Court dismiss the Amended Complaint on this additional basis. *See generally Lu v. Stanford Univ.*, No. 17-cv-07034-VC, 2018 WL 11268585 (N.D. Cal. Mar. 26, 2018); *Skillz Platform Inc. v. AviaGames Inc.*,

No. 21-cv-02436-BLF, 2022 WL 783338, at *18 (N.D. Cal. Mar. 14, 2022).

The Court need not take Plaintiff at its word that "there are several other specific factual allegations in Cellwitch's Amended Complaint sufficient to survive a motion to dismiss or judgment on the pleadings." Dkt. 115 at 14:19–21 (citing Dkt. 32, ¶¶ 21, 26–40). If there were any specific factual allegations buried in these paragraphs beyond those contradicted by facts subject to judicial notice (there are not), Plaintiff could have identified them and was required to do so. "The Court is not obligated 'to scour the record' for a potential basis to grant or deny [a] motion to dismiss." *Jui-Yang Hong v. Extreme Networks, Inc.*, No. 15-cv-04883-BLF, 2017 WL 1508991, at *12 n.3 (N.D. Cal. Apr. 27, 2017) (citing *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *Arisman v. Woodford*, No. C 00-4049, 2009 WL 814245, at *2 (N.D. Cal. Mar. 25, 2009)).

### D. Plaintiff's Allegations Regarding the InfoWorld Publication Are Also Barred By Issue Preclusion and Contradicted By Facts Subject to Judicial Notice

Plaintiff acknowledges that the "Court did not even consider the InfoWorld Publication . . . to determine if there was an inventive concept." Dkt. 115 at 14:3–5. It is unclear whether Plaintiff is continuing to argue that the InfoWorld Publication is relevant to its Section 101 allegations. Regardless, as Tile explained in its motion, any allegations regarding the InfoWorld publication are also barred by issue preclusion and contradicted by facts subject to judicial notice (*see* Dkt. 114 at 12:17–23), and the above analysis applies equally to these allegations.

These allegations are also defective because the PTAB found that the InfoWorld publication did not even "disclose[] or describe[]" the Buddy Limitation. Dkt. 103-2 at 69; *id.* at 56–66. Plaintiff does not dispute that the PTAB made this finding. *See* Dkt. 115 at 14:1–7 & 15:22–25. Plaintiff instead argues that issue preclusion should not apply because this finding was "not critical and/or necessary to the PTAB's decision." Dkt. 115 at 14:1–13. The PTAB, however, was *required* to address evidence of secondary considerations in finding the challenged claims (and the Buddy Limitation) obvious. *Intercontinental Great Brands LLC v. Kellogg N. Am. Co.*, 869 F.3d 1336, 1343 (Fed. Cir. 2017) (citing *Graham v. John Deere Co. of Kan. City*, 383 U.S. 1, 17–18 (1966)); *see also PPC Broadband, Inc. v. Corning Optical Commc'ns RF, LLC*, 815 F.3d 734, 746–747 (Fed. Cir. 2016) (vacating in part a PTAB judgment that failed to properly analyze secondary considerations to arrive at an obviousness finding). The PTAB's finding that the InfoWorld

publication did not "disclose[] or describe[]" the Buddy Limitation (Dkt. 103-2 at 69; *id.* at 56–66) means that Plaintiff cannot plausibly allege that the InfoWorld publication described the Buddy Limitation as an inventive concept. *Dropbox, Inc.*, 815 F. App'x at 538 (quoting *Cellspin Soft, Inc.*, 927 F.3d 1306, 1317 (Fed. Cir. 2019)). Further, it is unclear what Plaintiff means when it argues that the PTAB's findings were "very limited" (*see* Dkt. 115 at 15:22–25), but it is irrelevant: the PTAB's finding that the InfoWorld publication did not disclose or describe the Buddy Limitation is a fact subject to judicial notice, and Plaintiff cannot rely on factual allegations in the Amended Complaint that contradict this finding to survive Tile's motion to dismiss.

E.   **Tile's Motion for Reconsideration and Underlying Motion to Dismiss Are Procedurally Proper**

1.   Tile's Motions Were and Are Timely

Because Tile filed its motion to dismiss before filing its answer, Tile's motion to dismiss was timely. Fed. R. Civ. P. 12(b)(6). Regardless, if the Court has any procedural concerns, it has discretion to convert Tile's motion to dismiss to a motion for judgment on the pleadings. *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980); *see also Lotes Co. v. Hon Hai Precision Indus. Co.*, No. C-11-01036 JSW, 2011 WL 13152817, at *1 n.1 (N.D. Cal. July 14, 2011) (White, J.) (applying *Aldabe*). Tile requested in its motion for reconsideration that the Court exercise that discretion (Dkt. 114 at 14:6–15), and Plaintiff did not oppose that request (*see* Dkt. 115 at 6:21–7:6). Plaintiff's opposition instead notes that judgment on the pleadings is proper at this stage of the case. *See id.* at 6:27–7:1 (citing Fed. R. Civ. P. 12(h)(2); *Roundtree v. Adams*, No. CV F 01 6502 LJO SMS, 2007 WL 1232173, at *5 (E.D. Cal. Apr. 24, 2007)). Further, in all of the cases cited by Plaintiff that actually address this issue,[5] the courts converted the underlying motion to dismiss to a motion for judgment on the pleadings. *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955–56 (9th Cir. 2004); *Gilbert L. Loaec 2014 Trust v. Doheny*, No. 19-cv-02078-NC, 2019 WL 6255417, at *2 (N.D. Cal. Nov. 22, 2019); *Roundtree*, 2007 WL 1232173, at *5. Tile respectfully requests that the Court do the same in this case if it has any timing concerns.

_____

[5] Plaintiff also cited the out-of-circuit case *Huntleigh USA Corp. v. United States*, 65 Fed. Cl. 178, 180 (Fed. Cl. 2005). *See* Dkt. 115 at 6:24–26. In that case, however, the court did not find the motion for reconsideration of a motion to dismiss untimely; it denied reconsideration on the merits. *Huntleigh*, 65 Fed. Cl. at 180.

1

2.      <u>The Court Can Take Judicial Notice of the PTAB's Findings at the Pleadings Stage</u>

2       The fact that Tile's motion for reconsideration is based on the PTAB's findings does not

3  convert the underlying motion to dismiss into a motion for summary judgment. In analyzing the

4  pleadings, the Court can take judicial notice of the PTAB's Final Written Decision (and the Federal

5  Circuit's affirmance thereof) to determine whether issue preclusion applies. *See, e.g.*, *Mack v. S.*

6  *Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282–83 (9th Cir. 1986) (finding no error in taking judicial

7  notice of administrative body's decision and reviewing its findings to determine the applicability of

8  issue preclusion in deciding a motion to dismiss, without converting the motion to one for summary

9  judgment), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S.

10  104 (1991); *Cisco*, 2020 WL 4923697, at *3–7 (taking judicial notice of a PTAB judgment and

11  using the PTAB's findings to determine the applicability of issue preclusion in deciding a motion

12  for judgment on the pleadings); *see also XY*, 890 F.3d at 1294 (*sua sponte* applying issue preclusion

13  on appeal based on a PTAB judgment). Indeed, [t]he availability of [issue preclusion]" is not an

14  issue of fact—it is an "issue of *law*[.]" *Fireman's Fund Ins. Co. v. Stites*, 258 F.3d 1016, 1020 (9th

15  Cir. 2001) (emphasis added). The Court can therefore decide issue preclusion on the pleadings. *E.g.*,

16  *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015) ("'Rule 12(b)(6)

17  authorizes a court to dismiss a claim on the basis of a dispositive issue of law.'" (quoting *Neitzke v.*

18  *Williams*, 490 U.S. 319, 326 (1989))). The Court can also use the PTAB's judgment to determine

19  whether the Complaint's allegations contradict or are otherwise implausible or conclusory in view

20  of facts subject to judicial notice. *See, e.g.*, *Lu*, 2018 WL 11268585 (finding that a prior judgment

21  rendered factual assertions implausible in granting a motion to dismiss).

22       To be clear, Tile is not asking the Court to take judicial notice to *determine the truth of or*

23  *otherwise reweigh* any facts; the PTAB has already done that work and has made findings against

24  Plaintiff. Tile is instead asking the Court to take judicial notice of the PTAB's *findings* (which are

25  not subject to reasonable dispute) to (1) apply issue preclusion and (2) find that the Amended

26  Complaint's allegations contradict the PTAB's findings and are implausible or conclusory.

27       The cases cited by Plaintiff (*see* Dkt. 115 at 7:27–8:19) are inapposite. For example, in *Lee*

28  *v. City of Los Angeles*, the Ninth Circuit found that the district court erred because it "incorrectly

---

DEFENDANT TILE, INC.'S REPLY ISO            11
MOTION FOR RECONSIDERATION                          CASE NO. 4:19-CV-01315-JSW

took judicial notice of the validity of [a] waiver, *which was as yet unproved*[]" (250 F.3d 668, 690 (9th Cir. 2001) (emphasis added)), as opposed to the affirmed findings that the PTAB has already made against Plaintiff. In *United States v. Southern California Edison Company*, the court explicitly indicated that its analysis of judicial notice did not apply to issue preclusion.[6] 300 F. Supp. 2d 964, 975 n.2 (E.D. Cal. 2004) ("Judicial notice is distinguished from res judicata and collateral estoppel[ (*i.e.*, issue preclusion)], which prevent a party from raising a claim or issue which has already been sufficiently addressed and decided in a prior proceeding where that party's interest was adequately represented." (citations omitted)). There was similarly no discussion of issue preclusion in *Dailey v. A&W Concentrate Company*, and the court in that case was primarily concerned with improperly relying upon judicial notice to "consider expert testimony," rather than to decide the applicability of issue preclusion. 519 F. Supp. 3d 668, 670 (N.D. Cal. 2021). Finally, issue preclusion was not at issue in *Dillon v. Murphy & Hourihane, LLP*, and the court was considering a prior judgment in the context of determining personal jurisdiction, not the sufficiency of the complaint under Rule 12(b)(6). No. 14-cv-01908-BLF, 2014 WL 5409040, at *3–12 (N.D. Cal. Oct. 22, 2014).

3.   The PTAB's Findings Are Material Facts Subject to Judicial Notice that Warrant Reconsideration

The PTAB's findings are established facts that have been affirmed by the Federal Circuit and are not subject to reasonable dispute. Plaintiff's argument that "Tile's motion fails to establish the emergence of new facts or a change in law that would warrant reconsideration" (*see* Dkt. 115 at 7:13–17) is waived because Plaintiff failed to raise it when opposing Tile's motion for leave (*see* Dkt. 106). *E.g.*, *U.S. ex rel. Fallon v. Bell Transit Corp.*, No. 16-cv-06994-PJH, 2021 WL 3665898, at *5 (N.D. Cal. Aug. 18, 2021). Regardless, Plaintiff's argument is contrary to law: the PTAB's

---

[6] This should have been apparent even without the footnote, given that courts routinely take judicial notice of prior judgments to determine the applicability of issue preclusion. *See, e.g.*, *Mack*, 798 F.2d at 1282–83; *Cisco*, 2020 WL 4923697, at *3–7; *Cunningham v. Schopp*, No. C 14-3033-JSW, 2015 WL 218800, at *4, 9 & n.12 (N.D. Cal. Jan. 15, 2015) (White, J.). Further, any out-of-context statements in *Southern California Edison* upon which Plaintiff improperly relies to suggest that a court cannot take judicial notice of prior findings conflicts with various Ninth Circuit cases cited in that very opinion. *See e.g.*, *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248–49 (9th Cir. 1992) (taking judicial notice and analyzing the findings in a state court judgment to determine the applicability of issue preclusion); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988) (finding no error in the district court's taking judicial notice of "the proceedings and determinations" of other courts in deciding a motion to dismiss).

findings are facts subject to judicial notice. *See, e.g.*, *Mack*, 798 F.2d at 1282–83 (recognizing that an administrative body's judgment presents facts outside the pleadings that are properly subject to judicial notice in deciding a motion to dismiss). The PTAB's Final Written Decision is also indisputably "new" because it did not issue until *nearly 18 months after* the Court denied Tile's original motion to dismiss. *Compare* Dkt. 57, *with* Dkt. 103-2. Accordingly, reconsideration is proper under Civil Local Rule 7-9(b)(1) and (2), as the Court recognized when it granted Tile's motion for leave. *See* Dkt. 111 (finding "good cause").

Similarly, Plaintiff's argument that "the discovery of previously unavailable evidence is irrelevant at the dismissal stage" (*see* Dkt. 115 at 7:20–21 (internal quotation marks and citations omitted)) ignores the context surrounding the recited legal principle. Discovery is irrelevant at the pleadings stage because a plaintiff cannot rely on anticipated discovery to sidestep a defective pleading. *E.g.*, *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021) ("Our case law does not permit plaintiffs to rely on anticipated discovery to satisfy Rules 8 and 12(b)(6); rather, pleadings must assert well-pleaded factual allegations to advance to discovery." (citation omitted)). Stated differently, this rule prevents Plaintiff from relying solely on anticipated discovery to defeat Tile's motion. *Cellspin*, 927 F.3d at 1317 (noting that a plaintiff must make "plausible and specific factual allegations" regarding an alleged inventive concept to survive a motion to dismiss). It does not prevent the Court from comparing the PTAB's findings to the Amended Complaint's allegations, and it certainly does not prevent the Court from reconsidering its prior order in accordance with the Court's rules. *E.g.*, Fed. R. Civ. P. 54(b) ("*[A]ny order or other decision*, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment" (emphasis added)); Civil L.R. 7-9(a) (noting that the Court may reconsider "*any* interlocutory order" (emphasis added)).

Plaintiff's primary case on this point is inapposite. *See Huntleigh*, 65 Fed. Cl. at 179. There, the court discussed a non-final opinion in which it had "assumed the facts alleged by the plaintiff were true"—it did not address a final judgment that contained actual findings against the plaintiff (*see id.* at 179), which is a prerequisite for issue preclusion (*E.g.*, *Taylor v. Sturgell,* 553 U.S. 880, 892 (2008) (citation omitted)).

4.      Plaintiff Is Not Entitled to Discovery or to a Trial Based on a Complaint that Is Barred By Issue Preclusion and Otherwise Defective

Throughout its opposition, Plaintiff argues or suggests that it is entitled to discovery or a trial just because the pleadings are now closed. *See, e.g.*, Dkt. 115 at 1:11–26, 5:26–6:8, 7:11–12, 8:20–9:7, 13:21–27. This is, of course, not the case. Issue preclusion exists to protect parties against "the expense and vexation attending multiple lawsuits" and to "conserv[e] judicial resources":

> The idea is straightforward: Once a court has decided an issue, it is "forever settled as between the parties," . . . thereby "protect[ing]" against "the expense and vexation attending multiple lawsuits, conserv[ing] judicial resources, and foster[ing] reliance on judicial action by minimizing the possibility of inconsistent verdicts[.]" . . .  In short, "a losing litigant deserves no rematch after a defeat fairly suffered." . . .

*B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 147 (2015) (citations omitted) (applying judicial estoppel to a district court proceeding based on a TTAB judgment). Pleading standards— including the requirement that a plaintiff make plausible allegations—similarly exist to protect responding parties from being "subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). These are gating legal doctrines that prevent a party from harassing another and wasting the responding party's and judicial resources. None of the cases cited by Plaintiff for the proposition that it can proceed on a pleading that is now barred by issue preclusion and otherwise implausible addressed or otherwise anticipated this case's procedural posture. *See Branca v. Bai Brands, LLC*, No. 3:18-cv-00757-BEN-KSC, 2019 WL 1082562, at *3 (S.D. Cal. Mar. 7, 2019) (deciding a motion to dismiss that did not involve a judgment from another case); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292–94 (9th Cir. 2000) (addressing the ability of a party to amend its complaint); *In re Kemmer*, 265 B.R. 224, 230 (Bankr. E.D. Cal. 2001) (same); *Am. Timber & Trading Co. v. First Nat'l Bank of Or.*, 690 F.2d 781, 786 (9th Cir. 1982) (noting that a party need not plead all "specific legal theories in the complaint").

Plaintiff presents no valid argument as to why it would be inequitable to apply these doctrines against it because the equities favor Tile. The one such argument that Plaintiff does raise— that it would allegedly be unfair to bar Plaintiff from "presenting theories regarding the inventive nature of any or all aspects of the claims of the '655 Patent" because a claim "was previously addressed as 'representative'"—is contrary to law for the reasons explained above in Section II.A.2 (addressing the application of issue preclusion to unadjudicated patent claims) and below in Section

II.F (addressing dismissal with prejudice). Regardless, equity is not the test: Federal Rules of Civil Procedure 8 and 12 bar Plaintiff's attempts to bring barred and otherwise deficient claims to trial. *See, e.g.*, Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim *showing that the pleader is entitled to relief*" (emphasis added)), 12(b), (c), & (i) (requiring that courts resolve before trial motions based on failure to state a claim upon which relief can be granted).

### F.   Section 282 Does Not Save the Dependent Claims, and Plaintiff Does Not Dispute that Dismissal Should Be with Prejudice

Federal Circuit authority contradicts Plaintiff's argument that Section 282 bars dismissal of the dependent claims. *See* Dkt. 115 at 1:27–2:2 & 9:9–14. In analyzing Section 101 generally, the Court can rely (and already has relied, *see* Dkt. 57 at 6:16–19) upon a representative claim rather than separately analyzing each and every claim. *Orcinus Holdings, LLC v. Synchronoss Techs., Inc.*, 379 F. Supp. 3d 857, 872 (N.D. Cal. 2019) (citing *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1348 (Fed. Cir. 2014)). Further, as discussed above (*see supra* § II.A.2), issue preclusion applies to unadjudicated patent claims when nothing materially alters the question of invalidity. *Ohio Willow Wood*, 735 F.3d at 1342; *see also Cisco*, 2020 WL 4923697, at *6 (applying *Ohio Willow Wood*). These legal principles are particularly applicable here because—despite having had ample opportunity to do so—Plaintiff cannot identify any alleged inventive concept in the remaining dependent claims.

Tile demonstrated in its motion that it would be futile to grant Plaintiff leave to amend and that the Court should dismiss the Amended Complaint with prejudice. *See* Dkt. 114 at 14:17–15:24. Plaintiff did not even address these arguments. Accordingly, Tile respectfully requests that the Court grant the requested relief. "[T]he district court has broad discretion" in deciding whether to grant leave to amend a complaint "where the plaintiff has previously filed an amended complaint." *Alexander v. Citigroup Global Mkts., Inc.*, 607 F. App'x 696, 697 (9th Cir. 2015) (citing *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011)).

### III.   CONCLUSION

For the foregoing reasons, Tile respectfully requests that the Court reconsider its prior order and dismiss Plaintiff's Amended Complaint with prejudice.

1  Dated: August 29, 2022                          **BAKER BOTTS L.L.P.**

2                                                  */s/ Sarah J. Guske*
                                                   Sarah J. Guske
3                                                  CA Bar No. 232467
                                                   sarah.guske@bakerbotts.com
4                                                  101 California Street, Suite 3600
                                                   San Francisco, CA 94111
5                                                  T: (415) 291-6200
                                                   F: (415) 291-6300
6
                                                   Lauren J. Dreyer (*Pro Hac Vice*)
7                                                  lauren.dreyer@bakerbotts.com
                                                   700 K Street. N.W.
8                                                  Washington, DC 20001
                                                   T: (202) 639-7700
9                                                  F: (202) 639-7890

10                                                 John F. Gaustad
                                                   CA Bar No. 279893
11                                                 john.gaustad@bakerbotts.com
                                                   1001 Page Mill Rd., Bldg. 1, Suite 200
12                                                 Palo Alto, CA 94304
                                                   T: (650) 739-7500
13                                                 F: (650) 739-7600

14                                                 *Attorneys for Defendant Tile, Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT TILE, INC.'S REPLY ISO              16
MOTION FOR RECONSIDERATION                                    CASE NO. 4:19-CV-01315-JSW