UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELLWITCH INC., <br><br> Plaintiff, <br><br> v. <br><br> TILE, INC., <br><br> Defendant. | Case No. 19-cv-01315-JSW <br><br> **ORDER DENYING MOTION FOR RECONSIDERATION, LIFTING STAY, AND SETTING CASE MANAGEMENT CONFERENCE** <br><br> Re: Dkt. No. 114 |

Now before the Court is the motion filed by Defendant Tile, Inc. ("Defendant") for reconsideration of the Court's order dated November 21, 2019 ("Order"), denying Defendant's motion to dismiss and request for judicial notice. (Dkt. No. 57.) The Court granted leave to file the motion for reconsideration which is now fully briefed. For the reasons stated herein, the Court DENIES the motion and LIFTS the stay and SETS a case management conference.

**BACKGROUND**

In May 2019, Defendant moved to dismiss on the basis that Plaintiff Cellwitch, Inc. ("Plaintiff")'s patent claim failed as a matter of law because the asserted patent, U.S. Patent No. 8,872,655 ("the '655 Patent") was invalid pursuant to 35 U.S.C. section 101 ("Section 101") for lack of patent-eligible subject matter. The '655 Patent entitled "System, Method and Network for Monitoring of Location of Items" describes a process in which a user can attach a small disc or patch to personal items in order to track those items. (Dkt. No. 32, Amended Complaint ("Am. Compl.") ¶ 19.)

On November 21, 2019, this Court denied Defendant's motion to dismiss on the basis that, despite finding the patent claims are directed to an abstract idea, based on Defendant's factual allegations, the abstract claims contained limiting inventive concepts which precluded dismissal.

The Court found that at that procedural posture, the Court must accept the factual recitation that the "claimed invention represents an improvement over the prior art because it offered a solution 'that used a network of personal wireless communications terminals to monitor and notify a particular user to when an item was no longer within a set range of the user.'" (*Id.* at 11-12 (citing Am. Compl. at ¶ 32).) This provision in the independent claims has been referred to as the "Buddy Limitation."

Based on this representation and at that procedural posture, the Court found that Plaintiff had created enough of a factual dispute to defeat a Rule 12(b)(6) motion in that the company had "adequately alleged that it ordered the components recited in claim one in a non-conventional manner." (*See id*. at 11 (citing *BASCOM Glob. Internet Servs. Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1351 (Fed. Cir. 2016).) The Court found that the allegations, taken as true, "claimed a process that 'address[ed] the moment of loss itself,' and this process was not well-known, routine, conventional at the time of issuance of the '655 Patent." (*Id.* at 12 (citing Am. Compl. at ¶ 32).)

Thereafter, Defendant filed a petition before the Patent Trial and Appeal Board ("PTAB") for *inter partes* review of the '655 Patent and the Court stayed this matter. The PTAB issued a Final Written Decision on May 13, 2021, finding that claims 1-3, 10-15, 22, and 23 of the '655 Patent were unpatentable and specifically finding that prior art "teaches all of the limitations recited in claims 1 and 12, including the 'buddy' limitation." (Dkt. No. 103-2, PTAB Order at 37-49, 86.) The Federal Circuit affirmed the PTAB and issued a mandate. (Dkt. Nos. 103-3, 103-4.)

The Court shall address other relevant facts in the remainder of the order.

**ANALYSIS**

**A.   Standard of Review.**

A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of judgment. N.D. Civ. L.R. 7-9(b)(1)-(3). The moving party may not reargue any written or oral argument

1   previously asserted to the Court.  *Id.*, 7-9(c).

2       The Court finds that the intervening issuance and affirmation of the PTAB's decision
3   constitutes a difference in fact and law from that which was presented to the Court during the
4   briefing on the motion to dismiss.

5   **B.**    **Procedural Posture.**

6       Following the Court's denial of the motion to dismiss pursuant to Federal Rule of Civil
7   Procedure 12(b)(6) for failure to state a claim, Defendant filed an answer.  Plaintiff argues that,
8   having filed an answer, Defendant cannot now move to have the Court review a motion to dismiss
9   pursuant to Rule 12(b)(6) on the basis that the patent is invalid under Section 101.  However, the
10  Court finds it appropriate to convert Defendant's motion to a motion for judgment on the
11  pleadings pursuant to Rule 12(c).  *See, e.g., Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980)
12  (holding that the court has discretion to convert a Rule 12(b)(6) motion to a Rule 12(c) motion
13  after an answer has been filed).  Accordingly, the Court does not find any procedural bar to
14  reconsidering the motion pursuant to Federal Rule of Civil Procedure 12(c).

15  **C.**    **Section 101 Analysis.**

16      Under Section 101, the scope of patentable subject matter includes "any new and useful
17  process, machine, manufacture, or composition of matter, or any new and useful improvement
18  thereof."  35 U.S.C. § 101.  The Supreme Court in *Alice* affirmed that the approach set out in
19  *Mayo* is the test to determine patent eligibility.  *Alice Corp. Pty. Ltd. v. CLS Bank Intern.*, 573
20  U.S. 208, 216 (2014) (citing *Mayo Collaborative Servs. v. Prometheus Labs., Inc*., 566 U.S. 66,
21  71).  The test, known as the *Mayo-Alice* framework, provides that courts perform a two-step
22  analysis that distinguishes patents that claim laws of nature, natural phenomenon, and abstract
23  ideas from those that claim patent-eligible applications of those processes.  The first step of the
24  analysis requires the court to determine whether claims at issue are directed to a patent-ineligible
25  concept, such as an abstract idea.  *Id.* at 217; *Mayo*, 566 U.S. at 77-78.  If the claims are not
26  directed to an abstract or ineligible idea, the inquiry ends and the claims are conferred patentable.
27  *Alice*, 573 U.S. at 217-18.  However, if the claims are directed to an ineligible or abstract idea, the
28  court addresses the second step of the inquiry to "search for 'an inventive concept' – *i.e.*, an

1  element or combination of elements that is 'sufficient to ensure that the patent in practice amounts
2  to significantly more than a patent upon the [ineligible concept] itself.'" *Id.* (citing *Mayo*, 566
3  U.S. at 72-73).

4　　In its order denying the motion to dismiss, this Court found that the first step of the *Alice-*
5  *Mayo* framework was met because the '655 Patent recites an abstract idea in which a computer is
6  used as a tool to help individuals locate lost personal items. (*See* Order at 4-8.) The Court also
7  found, however, that it could "only resolve the question of patent eligibility, particularly at the
8  'inventive step' prong of the *Mayo-Alice* analysis, when there are no factual allegations in dispute
9  that preclude the resolution of the issue as a matter of law." (*See id.* at 10.) The Court found that
10 Plaintiff had adequately alleged in the complaint that "it ordered the components recited in claim
11 one in a non-conventional manner." (*Id.* at 11 (citing *BASCOM*, 827 F.3d at 1351).) The Court
12 found that "*[f]or example*, Plaintiff alleges that [the] claimed invention represents an improvement
13 over the prior art because it offered a solution 'that used a network of personal wireless
14 communication terminals to monitor and notify a particular user to when an item was no longer
15 with a set range of the user.'" (*Id.* at 11-12 (citing Am. Compl. at ¶ 30) (emphasis added.) "The
16 allegations in the complaint indicate that Plaintiff's patent claimed a process that 'address[ed] the
17 moment of loss itself,' and this process was not well-known, routine, conventional at the time of
18 issuance of the as'655 Patent." (*Id.* at 12 (citing Am. Compl. at ¶ 32).)

19　　Defendant now seeks to have the Court reconsider the finding of possible, claimed
20 inventiveness based on the PTAB's finding that the Buddy Limitation is not patentable in view of
21 prior art. Defendant contends that the Court's original finding of sufficient pleading of
22 inventiveness is no longer valid. The Court does not agree with Defendant that the only
23 outstanding issue underlying the original motion to dismiss – whether the Buddy Limitation was
24 an inventive concept – is the precise issue decided by the PTAB. The PTAB decision was
25 rendered pursuant to Sections 102 and 103, not Section 101.

26　　In this matter, the PTAB was limited to its review of whether the claims were novel
27 (pursuant to Section 102) and non-obvious (pursuant to Section 103) and found by a
28 preponderance of the evidence that the combination of two prior art iterations "teaches the [Buddy

4

1  Limitation of the '655 Patent]." (Dkt. No. 103-2, PTAB Order at 39.)

2  "Given the many moving parts at work in the Patent Act, there is a risk of merely conforming our preconceived notions of what should be patentable or of seeing common attributes that track 'the familiar issues of novelty and obviousness' that arise under other sections of the statute but are not relevant to § 101." *Bilski v. Kappos*, 561 U.S. 593, 623-24 (2010) (citing *Parker v. Flook*, 437 U.S. 584, 588 (1978)). The "'novelty' of any element or steps in a process, or even of the process itself, is of no relevance in determining whether the subject matter of a claim falls with the § 101 categories of possibly patentable matter." *Intellectual Ventures I v. Symantec Corp.*, 838 F.3d 1307, 1315 (Fed. Cir. 2016 (quoting *Diamond v. Diehr*, 450 U.S. 175, 188-89 (1981)). A "rejection on either [§§ 102 or 103] grounds does not affect the determination that respondents' claims recited subject matter which was eligible for patent protection under § 101." *Diamond*, 450 U.S. at 191.

The PTAB opinion, as required by statute, did not make a determination of inventiveness as required under Section 101. The Court finds that the issues decided by the PTAB are not identical to the determination made in this Court's prior order and those findings not made under the same standard of proof. "The doctrine [of issue preclusion] applies only to issues that are identical in both actions. Issues are not identical if the second action involves application of a different legal standard, even though the factual setting of both suits be the same." *Peterson v. Clark Leasing Corp.*, 451 F.21d 1291, 1292 (9th Cir. 1971) (citation omitted). Here, the decision by the PTAB invalidated different claims, based on different legal standards, and under different statutes. Although the determinative finding of obviousness in view of prior art will be limiting to the claims going forward, the Court does not find that the PTAB decision precludes the Court's earlier finding of possible inventiveness based on the pleadings. The patent's subject matter can be "eligible under § 101 to be considered for patenting, [even if] the claims may not meet the substantive criteria of patentability as set forth in § 102, § 103, and § 112 of Title 35." *Classen Immunotherapies, Inc. v. Biogen IDEC*, 659 F.3d 1057, 1059 (Fed. Cir. 2011). The factual and legal bases for the PTAB's conclusion are simply not identical to the issue of inventiveness before this Court. Further, the Court does not find that Plaintiff's arguments on the motion to dismiss

5

prevents them from pursuing their claims after the PTAB's decision under a theory of judicial estoppel. The Court specifically found that Plaintiff's contention that the claimed invention represents an improvement over the prior art was only an example of the bases for the Court's finding of pleading inventiveness. Obviousness and non-inventiveness are different analyses employing different standards of proof and at different stages of this litigation.

Accordingly, the Court DENIES Defendant's motion for reconsideration.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion for reconsideration. The Court ORDERS that the stay of this case be lifted. Lastly, a case management conference is HEREBY SET for March 10, 2023, at 11:00 a.m. The parties are ORDERED to file a joint case management statement by no later than March 3, 2023.

**IT IS SO ORDERED.**

Dated: January 13, 2023

_____
JEFFREY S. WHITE
United States District Judge