UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CELLWITCH INC.,

        Plaintiff,

   v.

TILE, INC.,

        Defendant.

Case No.  19-cv-01315-JSW (AGT)

**DISCOVERY ORDER**

Re: Dkt. No. 180

This order resolves the discovery disputes raised in the July 21, 2023, joint statement.

\* \* \*

1. <u>Requests for Production</u>. By August 17, 2023, Tile must produce the four "git logs" identified in the joint statement and a "git blame" utility for each of the four code bases. *See* Dkt. 180 at 5. By September 12, 2023, Tile must produce all Confluence webpages within the folders (or "spaces") identified in Exhibit D to the joint statement. *See* Dkt. 180-9. The "git logs," "git blame" utility, and Confluence webpages contain technical information that appears responsive to Cellwitch's RFPs Nos. 3–8. Tile hasn't persuaded the Court that the burden of producing this information will outweigh the likely benefit.

Cellwitch will not be precluded from challenging the adequacy of Tile's supplemental

production, or from making demands for more discovery, if warranted. *See* Dkt. 180 at 5. The Court isn't suggesting that Tile's production will be deficient or that more discovery will be needed, but Cellwitch can take those positions if appropriate.

2. <u>30(b)(6) Depositions</u>. The Court denies Cellwitch's request for permission to take two 30(b)(6) depositions, with the two depositions potentially covering the same topics with the same witnesses. Cellwitch hasn't cited authority for its request and hasn't persuaded the Court that there is good cause for approving it.

3. <u>Source Code Discovery</u>. The Court denies Cellwitch's requests for an order that would compel Tile "to provide Cellwitch's technical expert and counsel with laptops containing Tile's source code," and "to produce paper copies of any portions of the source code Cellwitch deems necessary to advance its case." Dkt. 180 at 3. Cellwitch's requests, if granted, would effectively rewrite the stipulated protective order. *See* Dkt. 128 at 14, Stipulated Protective Order § 9(c) (requiring source code to be viewed "on a secured computer in a secured room" and restricting the use of paper copies to portions of source code that are "reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial"). Cellwitch hasn't asked Judge White to amend the stipulated protective order, which he signed, and the undersigned won't compel discovery that is inconsistent with that order.

**IT IS SO ORDERED.**

Dated: August 4, 2023

Alex G. Tse
United States Magistrate Judge