Sarah J. Guske (CA Bar No. 232467)
Email: sarah.guske@bakerbotts.com
**BAKER BOTTS L.L.P**
101 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (415) 291-6200
Fax: (415) 291-6300

Lauren J. Dreyer (*Pro Hac Vice*)
**BAKER BOTTS L.L.P**
Email: lauren.dreyer@bakerbotts.com
700 K Street, N.W.
Washington, DC 20001
Telephone: (202) 639-7700
Fax: (202) 639-7890

John F. Gaustad (CA Bar No. 279893)
Email: john.gaustad@bakerbotts.com
**BAKER BOTTS L.L.P**
1001 Page Mill Rd., Bldg. 1, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Fax: (650) 739-7600

*Attorneys for Defendant Tile, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| CELLWITCH INC.,<br><br>            Plaintiff,<br><br>      v.<br><br>TILE, INC.,<br><br>            Defendant. | Case No.  4:19-CV-01315-JSW<br><br>**DEFENDANT TILE, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A FIRST AMENDED ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>**[REDACTED VERSION]**<br><br>Courtroom: 5<br>Judge: Jeffrey S. White |

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 2

    A. Cellwitch Is Not Prejudiced and Tile Has Both Proceeded In Good Faith and Is Continuing to Pursue Discovery ................................................................. 2

    B. Diligence Is Not the Standard, But—Even if It Were—Tile Was Diligent ............ 3

    C. Tile's Proposed Amendment Is Not Futile ............................................................. 6

        1. Tile's Proposed Amendment Sufficiently Pled the Materiality of the Klitsgaard-Bluetags Patent ......................................................................... 6

        2. Tile's Proposed Amendment Sufficiently Pled Mr. Orrick's Deceptive Intent ......................................................................................... 9

        3. Tile's Proposed Amendment Also Sufficiently Pled Inequitable Conduct Based on Mr. Orrick's Egregious Misconduct ............................ 13

        4. Regardless, Tile Can Correct Any Purported Deficiency By Further Amendment ............................................................................................... 14

III. CONCLUSION ............................................................................................................. 14

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Andritz Inc. v. Cortex North Am. Corp.*,
    No. 20-cv-00029, 2020 WL 4495267 (D. Or. Aug. 4, 2020) .......................................................7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..................................................................................................................8

*Aventis Pharma S.A. V. Hospira, Inc.*,
    675 F.3d 1324 (Fed. Cir. 2012) ...............................................................................................10

*Avocent Huntsville, LLC v. ZPE Sys., Inc.*,
    No. 3:17-cv-04319-WHO, 2018 WL 4859527 (N.D. Cal. July 23, 2018) ..............................13

*BASF Corp. v. Aristo, Inc.*,
    872 F. Supp. 2d 758 (N.D. Ind. 2012) .......................................................................................7

*BlackBerry Limited v. Typo Prods. LLC*,
    No. 14-cv-00023, 2014 WL 1867009 (N.D. Cal. May 8, 2014) .........................................12–13

*Breville Pty Ltd. v. Storebound LLC*,
    No. 12-cv-01783-JST, 2013 WL 1758742 (N.D. Cal. Apr. 24, 2013) .......................................7

*Certainteed Gypsum, Inc. v. Pac. Coast Bldg. Prods, Inc.*,
    19-cv-00802, 2021 WL 5449073 (N.D. Cal. Nov. 22, 2021) ....................................................8

*Chrimar Sys. Inc. v. Cisco Sys. Inc.*,
    No. 13-cv-01300-JSW, 2016 WL 1623922 (N.D. Cal. Apr. 21, 2016) ............................ passim

*Digital Control Inc. v. Charles Mach. Works*,
    437 F.3d 1309 (Fed. Cir. 2006) .................................................................................................8

*DNA Genotek Inc. v. Spectrum Solutions L.L.C.*,
    No. 21-cv-00516, 2023 WL 3442085 (S.D. Cal. May 12, 2023) ..............................................3

*Eminence Capital, LLC v. Aspeon, Inc.*,
    316 F.3d 1048 (9th Cir. 2003) ...............................................................................................1, 2

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
    575 F.3d 1312 (Fed. Cir. 2009) ......................................................................................... passim

*Gonzalez v. Jones*,
    No. 2:15-cv-2448-TLN-KJN, 2020 WL 9144005 (E.D. Cal. Apr. 13, 2020) ............................3

*GS Cleantech Corp. v. Adkins Energy LLC*,
    951 F.3d 1310 (Fed. Cir. 2020) ...............................................................................................10

*Gutta v. Renaud*,
   No. 20-cv-06579-DMR, 2021 WL 533757 (N.D. Cal. Feb. 12, 2021) ........................................ 6

*Human Genome Sciences, Inc v. Genentech, Inc.*,
   No. 2:11-cv-6519-MRP (JEMx), 2011 WL 7461786 (C.D. Cal. Dec. 9, 2011) ........................ 13

*Illumina Inc. v. BGI Genomics Co.*,
   No. 20-cv-01465-WHO, 2021 WL 428632 (N.D. Cal. Feb. 8, 2021) .......................................... 7

*Jackson v. Bank of Hawaii*,
   902 F.2d 1385 (9th Cir.1990) ...................................................................................................... 5

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992) ....................................................................................................... 3

*KFx Med., LLC v. Stryker Corp.*,
   No. 18-cv-01799, 2019 WL 2012977 (S.D. Cal. May 7, 2019) ................................................... 7

*Lockheed Martin Corp. v. Network Solutions, Inc.*,
   194 F.3d 980 (9th Cir. 1999) .................................................................................................. 5–6

*Lopez v. Smith*,
   203 F.3d 1122 (9th Cir. 2000) ............................................................................................... 6, 14

*Mallinkrodt, Inc. v. Masimo Corp.*,
   147 F. App'x 158 (Fed. Cir. 2005) (nonprecedential) ......................................................... 13, 14

*McKesson Info. Sols., Inc. v. Bridge Med., Inc.*,
   487 F.3d 897 (Fed. Cir. 2007) ................................................................................................. 8, 9

*Morongo Band of Mission Indians v. Rose*,
   893 F.2d 1074 (9th Cir. 1990) ..................................................................................................... 4

*Ojmar US, LLC v. Security People, Inc.*,
   No. 16-cv-04948-HSG, 2017 WL 3301214 (N.D. Cal. Aug. 2, 2017) ...................................... 13

*OSU Student Alliance v. Ray*,
   699 F.3d 1053 (9th Cir. 2012) ..................................................................................................... 8

*PLS.com, LLC v. Nat'l Assoc. of Realtors*,
   32 F.4th 824 (9th Cir. 2022) ........................................................................................................ 8

*Rabellde v. United States*,
   No. 4:17-cv-05031, 2020 WL 11421467 (N.D. Cal. June 17, 2020) ........................................... 5

*Texaco, Inc. v. Ponsoldt*,
   939 F.2d 794 (9th Cir. 1991) ................................................................................................... 5, 6

*Therasense, Inc. v. Becton, Dickinson & Co.*,
   649 F.3d 1275 (Fed. Cir. 2011) (en banc) ................................................................................ 4, 9

*Unicorn Energy GMBH v. Tesla Inc.*,
    No. 21-cv-07476, 2022 WL 16528138 (N.D. Cal. Oct. 28, 2022)..............................................5

*United States v. Bell Transit Corp.*,
    No. 16-cv-06994, 2020 WL 5076358 (N.D. Cal. Aug. 24, 2020) .............................................5

*United States v. Pend Oreille Pub. Util. Dist. No. 1*,
    926 F.2d 1502 (9th Cir.1991)....................................................................................................5

*United States v. Webb*,
    655 F.2d 977 (9th Cir. 1981).....................................................................................................3


**STATUTES**

28 U.S.C. § 1927 ...............................................................................................................................11

35 U.S.C. § 285 .................................................................................................................................11


**RULES**

37 C.F.R. § 1.56 ..................................................................................................................................9

California Rule of Professional Conduct 3.3 ...................................................................................11

Federal Rule of Civil Procedure 9......................................................................................................6

Federal Rule of Civil Procedure 11..................................................................................................11

Federal Rule of Civil Procedure 12....................................................................................................6

Federal Rule of Civil Procedure 15....................................................................................................3

Federal Rule of Civil Procedure 16.................................................................................................3, 5

Federal Rule of Civil Procedure 26....................................................................................................3

Patent Local Rule 3-3.........................................................................................................................8

**I.   INTRODUCTION**

████████████ one of the named inventors of the '655 Patent—Mr. Orrick—████ ████████████████████████████████████████████████████████████████ Mr. Orrick ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ Mr. Orrick then ████ ████████████████████████████████████████, intentionally withheld it from the Patent Office with intent to deceive, omitting it from three different information disclosure statements filed with the Patent Office. Mr. Orrick also perpetuated a false description of the prior art and a false statement that "[t]here is therefore a need for a means of monitoring for the loss of small items and notifying a person of that loss[.]" In fact, the Klitsgaard-Bluetags Patent is undeniably material because it discloses such a means for monitoring loss and the very claim limitations that the examiner found were absent from the prior art of record: the Buddy Limitation. Accordingly, the '655 Patent is unenforceable due to Mr. Orrick's inequitable conduct.

Despite ████████████████████████████████████████████████████████████ only recently producing the materials to Tile, Cellwitch now blames Tile for failing to identify it in a manner of months. But Cellwitch's arguments against leave rely on an application of the incorrect standard for both the sufficiency of pleadings in general and for pleading inequitable conduct in this District. Cellwitch has suffered no prejudice (much less unreasonable prejudice)—the most important factor—and Tile acted in good faith and did not unduly delay. Tile's defense and counterclaim are well-pled (not futile), and Tile has not previously sought leave to amend. "'Absent prejudice, or a strong showing of any of the remaining … factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend.'" *Chrimar Sys. Inc. v. Cisco Sys. Inc.*, No. 13-cv-01300-JSW, 2016 WL 1623922, at *2 (N.D. Cal. Apr. 21, 2016) (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). Tile therefore respectfully requests that the Court grant it leave to file its first amended answer and counterclaim (Dkt. 185-12).

## II. ARGUMENT

### A. Cellwitch Is Not Prejudiced and Tile Has Both Proceeded In Good Faith and Is Continuing to Pursue Discovery

"Prejudice is the most significant factor for considering whether leave to amend should be granted," and Cellwitch will not be prejudiced by Tile's amendment. *Chrimar Sys.*, 2016 WL 1623922, at *3 (citing *Eminence Capital*, 316 F.3d at 1052). There are no deadlines for the close of fact discovery, dispositive motions, or trial (*see* Dkt. 123), and no depositions will need to be retaken (*see* Dkt. 186-1, ¶ 25). In attempting to punt on its own discovery obligations, Cellwitch itself represented days ago that "fact discovery . . . remains in its early stages" and "the only depositions that have taken place are those of the parties' claim construction experts[.]" Dkt. 193 at 3.

Cellwitch's complaints regarding alleged prejudice are hollow. *See* Dkt. 8:22–9:8. Cellwitch's own efforts to pursue discovery from Tile are irrelevant and wrong, as the record readily demonstrates. And the fact that Tile's proposed amendment will open the door to additional discovery is a natural consequence of virtually ***every*** amendment and is thus not a basis to overlook Rule 15(a)'s extremely liberal policy favoring amendment. Given that the Court has not set a date for the close of fact discovery (much less trial), the need for additional discovery is not prejudice, much less the requisite "substantial" prejudice. *See Chrimar Sys.*, 2016 WL 1623922, at *3.

Tile has also proceeded in good faith. Tile deferred taking the depositions of Cellwitch's inventors because it first "intend[ed] to proceed with email discovery" (Dkt. 194-3 at 1), as Cellwitch acknowledges (Dkt. 194 at 8:6–10). Deferring inventor depositions in favor of full email discovery is particularly justified given that, in just the fraction of emails that Cellwitch has produced thus far, those emails revealed case-dispositive fraud on the Patent Office. Further, Cellwitch's counsel threatened that the named inventors would be available for deposition only "once." Dkt. 194-2 at 1. And, without further leave of court, each party's requests for e-mail production are limited to five custodians at (Dkt. 130 at 7:12–13) and five search terms (*id.* at 8:3–4). Accordingly, given that both inventor depositions and e-mail discovery is limited, Tile reasonably needs to ensure that it has Cellwitch's complete document and e-mail production and understands the full scope of Cellwitch's and Mr. Orrick's conduct before the depositions. Further, given that discovery is limited to "any nonprivileged matter that is relevant to any party's claim or

defense" (Fed. R. Civ. P. 26(b)(1)) and the Court has not yet granted Tile leave to plead inequitable conduct, Cellwitch would have undoubtedly (1) obstructed Tile from obtaining any discovery relevant to this defense if it did not first amend its answer and (2) then blocked a second deposition of Cellwitch's named inventors once the motion was granted. Cellwitch has already even resisted discovery into Tile's existing defenses. *See* Dkt. 193.

Cellwitch's citations to and reliance on *DNA Genotek Inc. v. Spectrum Solutions L.L.C.* and *Gonzalez v. Jones* are non-sensical because, in those cases, the party seeking leave to amend filed its motion after discovery had closed (No. 21-cv-00516, 2023 WL 3442085, *5 (S.D. Cal. May 12, 2023)) and at the very end of the discovery period (No. 2:15-cv-2448-TLN-KJN, 2020 WL 9144005, at *2 (E.D. Cal. Apr. 13, 2020)), respectively. Here, the Court has not set a date for the close of fact discovery (*see* Dkt. 123), and Tile sought leave to amend immediately after uncovering the evidence buried in Cellwitch's productions (Dkt. 186-1, ¶ 24) and despite Cellwitch's best efforts to thwart Tile's effort to develop any of its defenses (*see* Dkt. 156). Here, there is ample time remaining both for Tile to depose Cellwitch's named inventors and to take email discovery and to conduct all other necessary discovery relating to inequitable conduct.

**B.     Diligence Is Not the Standard, But—Even if It Were—Tile Was Diligent**

Tile also did not unduly delay and—although not required to be shown to justify an amendment under Rule 15(a)—was diligent. Cellwitch applies the wrong legal standard in its opposition. *See, e.g.*, Dkt. 194 at 6:11. "'Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality[]'" (*Chrimar Sys.*, 2016 WL 1623922, at *1 (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981))), and alleged "undue delay" is but one of five primary factors to consider (*e.g.*, *id.*, at *2). Whether Tile was "diligent" in seeking leave to amend would be relevant only if the time had expired under a court-issued scheduling order for amending pleadings. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (contrasting "Rule 15(a)'s liberal amendment policy" with "Rule 16(b)'s 'good cause' standard," which "primarily considers the diligence of the party seeking the amendment[]"). The Court has set no such deadline in this case (*see* Dkt. 123), and Cellwitch itself has already stipulated that Rule 15—***not*** Rule 16 and its good cause/diligence standard—controls (*see* Dkt. 122 at 4:9–

1    10). Accordingly, Tile did not need to exercise diligence, and whether it unduly delayed is not only
2    just one of many factors to consider, but a factor that, by itself, "is not sufficient to deny leave to
3    amend[.]" *Chrimar Sys.*, 2016 WL 1623922, at *1 (citing *Morongo Band of Mission Indians v. Rose*,
4    893 F.2d 1074, 1079 (9th Cir. 1990)).

5    However, even if diligence were the standard (it is not), Tile was diligent, and it certainly
6    did not unduly delay seeking leave. The evidence of Mr. Orrick's specific intent to deceive the
7    Patent Office and the bad-faith withholding of material art was solely in Cellwitch's possession—
8    meaning that Tile needed the benefit of Cellwitch's productions to discover the fraud. "Tile's
9    counsel began diligently reviewing [Cellwitch's] document production immediately when it was
10   received." Guske Decl., ¶ 24. Consistent with what Tile informed the Court via its Motion to Strike,
11   there were, in fact, documents in Cellwitch's production documents revealing that the inventors
12   knew of but did not disclose certain prior art to the Patent Office. *See* Dkt. 141 at 13:12–14.
13   Although Tile was aware of some such documents and argued that Cellwitch should not be allowed
14   to "further thwart Tile's ***discovery*** of prior art . . . and inequitable conduct" at the time of its Motion
15   to Strike (*id.* at 13:14–16 (emphasis added)), it required significant review of Cellwitch's 107,287-
16   pages' worth of production (*see* Dkts. 186-24 & 186-26) for Tile to "ultimately discover[] the
17   specific facts underlying its inequitable conduct defense and counterclaims[,]" "and [Tile]
18   immediately thereafter began drafting its Amended Answer[]" (Guske Decl., ¶ 24). As Cellwitch
19   itself acknowledges, inequitable conduct based on withheld art requires more than a mere failure to
20   disclose a prior art reference to the patent office: a reference must be material, and the inventor (or
21   other person with a duty to disclose) must have intentionally withheld the reference knowing of its
22   materiality. *See* Dkt. 194 at 1:16–26 (quoting *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d
23   1275, 1289 (Fed. Cir. 2011) (en banc)), 9:12–15:1 (arguing that Tile's proposed amendment is futile
24   based on alleged lack of materiality and intent). The materiality of the Klitsgaard-Bluetags Patent,
25   along with the evidence that Mr. Orrick intentionally withheld it from the Patent Office and
26   otherwise committed egregious misconduct, are among the specific facts that Tile only "recently
27   discovered." *See* Guske Decl., ¶ 24. To blame (and attempt to punish) Tile for taking some amount
28   of time to discover that Cellwitch obtained its patent by committing fraud on the Patent Office after

1  Cellwitch has withheld this evidence from Tile for more than four years and ▮▮▮▮▮▮▮▮▮▮

2  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is nothing short of victim blaming.

3        The cases that Tile relied upon in its Motion for Leave are directly on point, and Cellwitch
4  either identifies distinctions without differences or demonstrates that it did not attempt to understand
5  facts of those cases. *See* Dkt. 194 at 7:1–7. These cases show that any purported delay by Tile was
6  not undue, even if Tile had discovered months ago the facts underlying its proposed amended answer
7  (which, as discussed above, it had not). As in *Unicorn Energy GMBH v. Tesla Inc.*, Tile has not
8  missed a Court-ordered deadline: one was set in *Unicorn Energy* that had not yet been reached
9  (which would have triggered Rule 16), and the Court has not set ***any*** such deadline in this case. No.
10 21-cv-07476, 2022 WL 16528138, at *2 (N.D. Cal. Oct. 28, 2022). The existence of a stipulated
11 dismissal with prejudice in *United States v. Bell Transit Corp.* only means that the parties opposing
12 leave to amend had an (ultimately unsuccessful) prejudice argument that is entirely absent to
13 Cellwitch. No. 16-cv-06994, 2020 WL 5076358, at *2–3 (N.D. Cal. Aug. 24, 2020). And in *Rabellde*
14 *v. United States*, the Court forgave most of a delay of ***two years*** because the party seeking leave to
15 amend had been without pro bono counsel, but explicitly found that a delay of ***four months***
16 following the appointment of counsel was not undue. No. 4:17-cv-05031, 2020 WL 11421467, at
17 *2 (N.D. Cal. June 17, 2020). All these cases still stand for the proposition that "[c]ourts in this
18 District routinely find that similar—or even significantly longer timeframes between discovery of a
19 defense and seeking leave—to be reasonable." Dkt. 186 at 8:27–9:1 (citing the above cases).

20        And finally, the cases that Cellwitch cites are readily distinguishable. Despite Cellwitch's
21 out-of-context quote, the Ninth Circuit in *Texaco, Inc. v. Ponsoldt* recognized in the very next
22 sentence that "[s]ome courts have stressed prejudice to the opposing party as the key factor" (939
23 F.2d 794, 798 (9th Cir. 1991) (citing *United States v. Pend Oreille Pub. Util. Dist. No. 1*, 926 F.2d
24 1502, 1511 (9th Cir.1991); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990))) and
25 relied upon a finding of "unreasonabl[e] prejudice" because "Texaco did not move to amend
26 until . . . eight months after the district court granted summary judgment against it" and "waited
27 until after discovery was over, just four and a half months before the trial date, before moving to
28 amend" (*id.* at 798–99). And in *Lockheed Martin Corp. v. Network Solutions, Inc.*, "Lockheed's

motion to amend came several months after the stipulated deadline for amending or supplementing the complaint" and there was "[a] need to reopen discovery and therefore delay the proceedings[.]" 194 F.3d 980, 986 (9th Cir. 1999). None of the dispositive facts present in *Texaco* or *Lockheed Martin* are present here: dates have not even been set for the close of fact discovery, the dispositive motion deadline, or trial.

### C. Tile's Proposed Amendment Is Not Futile

Tile's proposed amendment is not futile: it contains plausible allegations of both materiality and intent, substantiated with evidence taken directly from Cellwitch's own production. To assess lack of futility, "the Court must evaluate the claim by evaluating whether the allegations are sufficient to withstand a motion to dismiss under Rule 12(b)(6)." *Chrimar Sys.*, 2016 WL 1623922, at *4 (citations omitted). "Whether inequitable conduct has been pleaded with particularity under Rule 9(b) is a question governed by Federal Circuit law." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1318 (Fed. Cir. 2009) (citation omitted). "[T]he pleading must identify the specific who, what, when, where, and how of the material representation or omission committed before the PTO[]" (*id.* at 1328), which Tile's proposed amended answer did. While Cellwitch pays lip service to *Exergen*, its arguments are, in reality, about the merits of Tile's inequitable conduct defense and counterclaim, which are inappropriate at this stage. *See, e.g.*, *Gutta v. Renaud*, No. 20-cv-06579-DMR, 2021 WL 533757, at *8 (N.D. Cal. Feb. 12, 2021). Moreover, in making them, Cellwitch only confirms that, at best for it, there are factual disputes that require resolution by the fact finder, and the parties need to be permitted to further develop the record to fully unearth and evaluate Cellwitch and Mr. Orrick's egregious misconduct.

The Court "should grant leave to amend . . . unless it determines that the pleading **could not possibly** be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (emphasis added) (collecting cases). Because Tile's inequitable conduct defense and counterclaim are well-pled, granting Tile leave to amend is not futile.

#### 1. Tile's Proposed Amendment Sufficiently Pled the Materiality of the Klitsgaard-Bluetags Patent

Tile's proposed amendment more than adequately pleads the materiality of the Klitsgaard-Bluetags Patent. For materiality, Tile's proposed answer and counterclaim needed simply to plead

the "particular claim limitations, or combination of claim limitations, that are supposedly absent from the information of record," because such allegations are necessary "to explain both 'why' the withheld information is material and not cumulative, and 'how' an examiner would have used this information in assessing the patentability of the claims." *Breville Pty Ltd. v. Storebound LLC*, No. 12-cv-01783-JST, 2013 WL 1758742, at *6 (N.D. Cal. Apr. 24, 2013) (quoting *Exergen*, 575 F.3d at 1329–30). Tile's proposed amendment could not have been more explicit, pleading that (1) Cellwitch added immediately before allowance the "at least one buddy wireless communication terminal" limitations (the "Buddy Limitation") to Claims 1 and 12 and argued that these amendments overcame the prior art of record (Dkt. 185-12, ¶ 30), (2) the examiner allowed the '655 Patent based on Cellwitch's addition of the Buddy Limitation (*id.*, ¶ 31), and (3) the Klitsgaard-Bluetags Patent discloses the "Buddy Limitation found in Claims 1 and 12.[1] *Id.*, ¶ 31. Under *Exergen*, the relevant inquiry ends here.

Consistent with Tile's proposed amendment and contrary to Cellwitch's arguments, Courts in this District have concluded that *Exergen* does **_not_** "requir[e] a court to determine, on the face of the pleadings, whether the allegedly missing material is in fact material and not cumulative. Instead, it requires a claimant to 'identify' the claim limitations which are supposedly absent because 'such allegations are necessary to explain why' the information is material and not cumulative." *Breville Pty*, 2013 WL 1758742, at *6 (citing *Exergen*, 575 F.3d at 1329); *see also, e.g.*, *Illumina Inc. v. BGI Genomics Co.*, No. 20-cv-01465-WHO, 2021 WL 428632, at *5 (N.D. Cal. Feb. 8, 2021). As discussed immediately above, this is precisely what Tile did, and Cellwitch's reliance on out-of-district cases for the contrary proposition is improper. *See* Dkt. 194 at 12:20–13:1 (citing *Andritz Inc. v. Cortex North Am. Corp.*, No. 20-cv-00029, 2020 WL 4495267, at *4–5 (D. Or. Aug. 4, 2020); *KFx Med., LLC v. Stryker Corp.*, No. 18-cv-01799, 2019 WL 2012977, at *6 (S.D. Cal. May 7, 2019); *BASF Corp. v. Aristo, Inc.*, 872 F. Supp. 2d 758, 778 (N.D. Ind. 2012)). And the one case actually from this District that Cellwitch relies on (*see* Dkt. 194 at 10:1–4) also recognized (as in

---

[1] The proposed amendment also identified where specifically the Klitsgaard-Bluetags Patent disclosed exemplary material information, both explicitly in the body of the proposed amended answer (*see id.*, citing Dkt. 186-5 at 3:58–63, 9:24–27, 11:3–7, 11:12–16, 12:31–42, 12:54–56, 12:58–65, 14:8–10, 14:16–19, Figs. 11, 13, & 14) and in a chart comparing the Buddy Limitation to exemplary disclosures from the Klitsgaard-Bluetags Patent (*see id.* (citing Ex. Dkt. 186-19)).

*Breville Pty* and *Illumina*) that a party pleading inequitable conduct must "identify the particular claim limitations, or combination of claim limitations, that are supposedly absent from the information of record[]"—which Tile did—and otherwise stands for the unremarkable proposition that invalidity contentions describing a reference are cumulative of the reference itself[2]—which is not the situation here where the existence of the reference was withheld entirely from the Patent Office. *Certainteed Gypsum, Inc. v. Pac. Coast Bldg. Prods, Inc.*, 19-cv-00802, 2021 WL 5449073, at *10 (N.D. Cal. Nov. 22, 2021).

Accordingly, at this stage of the case, the Court need not waste its resources comparing the Klitsgaard-Bluetags Patent to (1) the Buddy Limitation or (2) the other art under consideration by the examiner, as Cellwitch demands (*see* Dkt. 194 at 9:21–12:2). Such issues will be resolved at trial. Indeed, Tile need not **prove** inequitable conduct at this stage, as Cellwitch's arguments attempt to require. *E.g.*, *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1078 (9th Cir. 2012) (citing *Ashcroft v. Iqbal*, in). Instead, "'the scope and content of prior art and what the prior art teaches are questions of fact[]'" (*McKesson Info. Sols., Inc. v. Bridge Med., Inc.*, 487 F.3d 897, 913 (Fed. Cir. 2007) (quoting *Digital Control Inc. v. Charles Mach. Works*, 437 F.3d 1309, 1319 (Fed. Cir. 2006))) that cannot be resolved at the pleadings stage (*e.g.*, *PLS.com, LLC v. Nat'l Assoc. of Realtors*, 32 F.4th 824, 839–40 (9th Cir. 2022) (citation omitted)).

However, even a cursory review of Cellwitch's arguments reveal that they cannot survive scrutiny at trial. Tile was under no obligation to identify and describe inequitable conduct theories (and therefore the Klitsgaard-Bluetags Patent) in its invalidity contentions (*see* Patent L.R. 3-3). Cellwitch's argument to the contrary is disingenuous (*see* Dkt. 194 at 10:9–19), given its IPR estoppel argument that no art with any corresponding written materials can be used for invalidity or should have even been mentioned in Tile's contentions (*see* Dkt. 156). Further, despite Cellwitch's argument to the contrary (*see* Dkt. 194 at 10:20–28), the Klitsgaard-Bluetags Patent is material regardless of the fact that other prior art of record taught limitations other than the Buddy Limitation

---

[22] Specifically, in *Certainteed Gypsum*, a prior art reference (Hirata) had already been disclosed to the Patent Office, and the pleading party argued that inequitable conduct existed because the patentee had not disclosed invalidity contentions describing Hirata on a limitation-by-limitation basis. But those invalidity contentions were facially cumulative. *See id,* at *9–10.

requirements that the Examiner deemed missing from the other art (37 C.F.R. § 1.56(b)(1) (stating that information is still material even if it "establishes, . . . *in combination with other information*, a prima facie case of unpatentability of a claim" (emphasis added))). The Klitsgaard-Bluetags Patent clearly disclosed the Buddy Limitation, as well pled by Tile's proposed amended answer (*see, e.g.*, Dkt. 185-12, ¶ 31 (citing Dkt. 186-5 at 3:58–63, 9:24–27, 11:3–7, 11:12–16, 12:31–42, 12:54–56, 12:58–65, 14:8–10, 14:16–19, Figs. 11, 13, & 14; Dkt. 186-19), and Cellwitch's arguments to the contrary focus on limitations not found in the Buddy Limitation and otherwise ignore the other prior art of record—the art the Examiner found disclosed *every other* claim limitation and dependent claim (*see* Dkt. 194 at 11:1–13). And Cellwitch's arguments that the Klitsgaard-Bluetags Patent is somehow cumulative of the Kreiner reference (*see id.* at 11:14–13:2) are non-sensical, given that (1) Cellwitch's attorneys already argued that Kreiner does not disclose the Buddy Limitation (*see* Dkt. 185-12, ¶ 30), which automatically renders the Klitsgaard-Bluetags non-cumulative, (2) the Klitsgaard-Bluetags Patent share no overlap in inventors, assignee, or written description (*compare* Dkt. 186-5, *with* Dkt. 194-4) and (3) parts of the Buddy Limitation are clearly absent from Cellwitch's discussion of Kreiner—including, for example, "alert[ing] ***the user of the buddy wireless communication terminal***"—and explicitly disclosed by the Klitsgaard-Bluetags Patent[3] (*see, e.g.*, Dkt. 185-12, ¶ 31 (citations omitted)).

        2.        <u>Tile's Proposed Amendment Sufficiently Pled Mr. Orrick's Deceptive Intent</u>

Cellwitch's arguments relating to intent also depend on the wrong standard being applied at the pleading stage. "Because direct evidence of deceptive intent is rare, a district court may infer intent from indirect and circumstantial evidence." *Therasense*, 649 F.3d at 1290 (citation omitted). While at trial the inference of intent to deceive must be the "single most reasonable inference[,]" this is not true at the pleadings stage. *Exergen*, 575 F.3d at 1329 n.5 (citation and internal quotation marks omitted). Instead, the inference need simply be reasonable: "although knowledge and intent may be averred to generally, a pleading of inequitable conduct . . . must include sufficient

---

[3] Even if Kreiner's various disclosures arguably disclosed this example part of the Buddy Limitation, the fact that the disclosures of the Klitsgaard-Bluetags Patent are more explicit render it non-cumulative. *E.g.*, *McKesson Info. Sols.*, 487 F.3d at 914–15 (finding that a first reference was material where the first reference and a second, previously disclosed reference were not "on equal footing"). This is again, at best for Cellwitch, a fact dispute and not a basis to find futility.

1   allegations of underlying facts from which a court may *reasonably infer* that a specific individual
2   (1) knew of the withheld material information or of the falsity of the material representation, and
3   (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *Exergen*,
4   575 F.3d at 1328–29 (emphasis added). Tile's proposed amendment specifically pled facts from
5   which the Court can reasonably infer Mr. Orrick's deceptive intent. The pled facts, supported by
6   documents produced by Cellwitch, demonstrate that Mr. Orrick (1) ▆▆▆▆▆▆▆▆▆▆
7   ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ (*see* Dkt. 185-12, ¶ 11
8   (citing Dkts. 185-4 & 186-5)), (2) ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
9   ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ (*see id.*, ¶ 12 (citing Dkts. 185-5 & 186-7 at
10  Cover & ¶ 91)), (3) ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
11  ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
12  ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ (*id.*, ¶ 13 (citing Dkt. 185-7 at 879,
13  892–93, 894; Dkt. 185-9 at 609–10 & 611)), and (4) never disclosed the Klitsgaard-Bluetags Patent
14  to the Patent Office, despite acknowledging under penalty of perjury his duty to disclose (*id.*, ¶¶ 19–
15  33). The pled facts also establish that Cellwitch has continued to knowingly make
16  misrepresentations about the '655 Patent, both to this Court and to the Patent Office. *Id.*, ¶ 34 (citing
17  Dkt. 32, ¶ 30–32; Dkt. 38 at 8:7–23; Dkt. 186-21 at 6). The Court can reasonably infer from these
18  facts that Mr. Orrick knew of the materiality of the Klitsgaard-Bluetags Patent and withheld it with
19  a specific intent to deceive the Patent Office. *Exergen*, 575 F.3d at 1328–29. In fact, although not
20  required at this stage (*id.* at 1329 n.5), this is the single most reasonable inference from the facts
21  currently known to Tile and presented in its proposed amended answer. *See, e.g.*, *Aventis Pharma*
22  *S.A. V. Hospira, Inc.*, 675 F.3d 1324, 1335 (Fed. Cir. 2012) (affirming a specific intent finding
23  because, as found by the district court, "[t]here simply is no justification for telling the [PTO] about
24  the prior art disclosing the problem [a specific individual] examined while concealing key prior art
25  disclosing the solution he chose[]" (internal quotation marks and citation omitted)); *GS Cleantech*
26  *Corp. v. Adkins Energy LLC*, 951 F.3d 1310, 1329–30 (Fed. Cir. 2020) (affirming a specific intent
27  finding in part because a specific individual recognized a non-disclosed prior art reference was a
28  "threat[]" and made false statements to the Patent Office).

1    Cellwitch's arguments fail to disprove or even cast doubt on this reasonable inference. To
2 even be able to advance its arguments, Cellwitch's counsel carefully excised language from its
3 screen captures ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*see* Dkt. 194 at 13:24–14:6) to intentionally
4 omit evidence of Mr. Orrick's knowing conduct, including ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
5 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, in nothing short of a deliberate effort to mislead the Court
6 (*contra* Fed. R. Civ. P. 11(b); Cal. R. of Prof'l Conduct 3.3) and to avoid reckoning with Mr.
7 Orrick's inequitable conduct:[4]

| **Snapshot from Dkt. 185-7** | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
|---|---|
| | Dkt. 185-7 at 892. |
| **Corresponding Snapshot that Cellwitch Presented in Its Opposition** | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| | Dkt. 194 at 14:2–3 (quoting Dkt. 185-7 at 892). |

Cellwitch's second argument (*see* Dkt. 194 at 14:7–10) is similarly based on a snapshot that omits the evidence that Cellwitch and Mr. Orrick ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

---

[4] Cellwitch's abuses of the Court's sealing rules and protective order are also troubling and appear designed to harass Tile and run up its litigation costs. Cellwitch's lead counsel submitted a declaration under penalty of perjury that Cellwitch "does not publicly disclose the information contained in [this document] in the ordinary course of business, and actively seeks to prevent competitors from gaining access to such information." Dkt. 187-1, ¶ 10. Yet, one week later, Cellwitch publicly filed snapshots from this document with its opposition to the present motion, along with detailed descriptions of this document. *See* Dkt. 194 at 13:24–14:10. This is but a continuing pattern of misconduct that will entitle Tile to attorneys' fees at the conclusion of this case under at least 35 U.S.C. § 285, 28 U.S.C. § 1927, and the Court's inherent authority.

| | |
|---|---|
| **Snapshot from Dkt. 185-7** | ██████████████████████████<br>Dkt. 185-7 at 894. |
| **Corresponding Snapshot that Cellwitch Presented in Its Opposition** | ██████████████████████████<br>Dkt. 194 at 14:2–3 (quoting Dkt. 185-7 at 894). |

And Mr. Orrick's ███████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████ the '655 Patent's claims (*see, e.g.*, Dkt. 32, Ex. A, cls. 1 & 12), and the '655 Patent even specifically describes an airport luggage embodiment (*see id.* at 11:19–44). Thus, Mr. Orrick ██████████ ████████ Further, the fact that Mr. Orrick ██████████████████████ ██████████████████████████████████████████████████████████████████ ████████████████████████, contrary to Cellwitch's suggestion (supported only by attorney argument) that Mr. Orrick's knowledge of the Klitsgaard-Bluetags Patent was somehow lost to time (*see* Dkt. 194 at 13:18–21)—a determination that cannot be made at this stage in any event, particularly given that Cellwitch offers no evidence.

Finally, all of the cases cited by Cellwitch on this point are inapposite. *See id.* at 14:14–25. In *Exergen*, the party claiming inequitable conduct could allege only that the patentee (and not a specific individual) had become aware of a reference during prosecution, and—unlike here—there was no evidence that any specific individual ██████████████████████████████ ██████████████████████████████████████████████████████████ *See* 575 F.3d at 1330. In *BlackBerry Limited v. Typo Prods. LLC*, as Cellwitch acknowledges in its parenthetical,

1  "[a]ll that Typo ha[d] alleged is that a material reference which was widely available was not
2  disclosed to the PTO"—specific facts were entirely absent from that pleading. No. 14-cv-00023,
3  2014 WL 1867009, at *3 (N.D. Cal. May 8, 2014). And in *Human Genome Sciences, Inc v.*
4  *Genentech, Inc.*, the pleading party merely pled that the patentee's counsel knew about the
5  significance of allegedly material art based on the payment of royalty fees, not on any evidence that
6  any specific person (here, Mr. Orrick) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
7  ▮. No. 2:11-cv-6519-MRP (JEMx), 2011 WL 7461786, at *4 (C.D. Cal. Dec. 9, 2011). Indeed, the
8  facts presented in Tile's proposed amended answer are far more specific and indicative of an intent
9  to deceive than those presented in other cases from this District finding that the pleading party
10 sufficient pled specific intent. *See, e.g.*, *Avocent Huntsville, LLC v. ZPE Sys., Inc.*, No. 3:17-cv-
11 04319-WHO, 2018 WL 4859527, at *9–10 (N.D. Cal. July 23, 2018); *Ojmar US, LLC v. Security*
12 *People, Inc.*, No. 16-cv-04948-HSG, 2017 WL 3301214, at *5 (N.D. Cal. Aug. 2, 2017).

        3.     <u>Tile's Proposed Amendment Also Sufficiently Pled Inequitable Conduct Based on Mr. Orrick's Egregious Misconduct</u>

15         Cellwitch does not seriously challenge Tile's second inequitable conduct theory: that Mr.
16 Orrick committed egregious misconduct by knowingly (1) "provid[ing] a false description of the
17 state of the prior art" and (2) "falsely claim[ing] that '[t]here is therefore a need for a means of
18 monitoring for the loss of small items and notifying a person of that loss[.]'" Dkt. 185-12, ¶ 35.a.
19 Cellwitch buries its complaints against these allegations in a footnote, entitling the arguments to no
20 weight. *See* Dkt. 194 at 15 n.5. Given that, as pled in Tile's proposed amended answer, the
21 Klitsgaard-Bluetags Patent undeniably rendered false the '655 Patent's statement that there was "a
22 need for a means for monitoring the loss of small items and notifying a person of that loss" (*see* Dkt.
23 185-12, ¶ 19 (citing Ex. 186-5 at 3:8–16, 11:3–7, 11:12–16, 13:12–17, 13:63–14:5) and that Mr.
24 Orrick ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
25 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*see supra*, § II.C.2), Tile more than sufficiently pled
26 inequitable conduct based on this false claim. And contrary to Cellwitch's suggestion, this statement
27 was entirely unqualified, meaning that its citation to *Mallinkrodt, Inc. v. Masimo Corp.* is
28 inapplicable. *See* Dkt. 194 at 15 n.5 (citing 147 F. App'x 158, 186 (Fed. Cir. 2005) (nonprecedential)). The '655 Patent does not qualify its description of the prior art. The '655 Patent

1   states that "[e]xisting approaches *typically* address the tracking and locating of already lost

2   objections ***but do not address*** the moment of loss itself[,]" and then goes on to describe three prior

3   art references that do not include the Klitsgaard-Bluetags Patent

4   ███████████████████████. *See* Dkt. 32, Ex. A at 1:19–43 (emphasis added). In other

5   words, while at most the '655 Patent's statement regarding existing approaches "addressing the

6   tracking and locating of already lost objects" was arguably qualified; the rest of the assertions in

7   the '655 Patent were not. *See id.* Accordingly, *Mallinkrodt* is inapposite for at least this reason. *See*

8   147 F. App'x at 186.

9                     4.      Regardless, Tile Can Correct Any Purported Deficiency By Further Amendment

10         As discussed above, each of Tile's inequitable conduct allegations is well pled. *See supra*

11  §§ II.C.1–3. Regardless, the Court "should grant leave to amend . . . unless it determines that the

12  pleading ***could not possibly*** be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1127

13  (emphasis added) (collecting cases). Because all of the alleged deficiencies identified by Cellwitch

14  could be cured by the allegation of other facts, Tile's proposed amended answer is not futile, and

15  the Court should grant leave to amend. *See, e.g.*, *Chrimar Sys.*, 2016 WL 1623922, at *4.

16  **III.   CONCLUSION**

17         For the foregoing reasons, Tile respectfully requests that the Court grant it leave to file its

18  proposed amended answer.

| | | |
|---|---|---|
| 1 | Dated: August 31, 2023 | **BAKER BOTTS L.L.P.** |
| 2 | | */s/ Sarah J. Guske* |
| | | Sarah J. Guske |
| 3 | | CA Bar No. 232467 |
| | | sarah.guske@bakerbotts.com |
| 4 | | 101 California Street, Suite 3600 |
| | | San Francisco, CA 94111 |
| 5 | | T: (415) 291-6200 |
| | | F: (415) 291-6300 |

Lauren J. Dreyer (*Pro Hac Vice*)
lauren.dreyer@bakerbotts.com
700 K Street. N.W.
Washington, DC 20001
T: (202) 639-7700
F: (202) 639-7890

John F. Gaustad
CA Bar No. 279893
john.gaustad@bakerbotts.com
1001 Page Mill Rd., Bldg. 1, Suite 200
Palo Alto, CA 94304
T: (650) 739-7500
F: (650) 739-7600

*Attorneys for Defendant Tile, Inc.*