UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CELLWITCH INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>TILE, INC.,<br><br>    Defendant. | Case No. 4:19-CV-01315-JSW (AGT)<br><br>**[PROPOSED] ORDER COMPELLING CELLWITCH TO SUPPLEMENT ITS RESPONSES TO TILES'S INTERROGATORY NOS. 1 AND 5**<br><br>Judge:    Hon. Alex G. Tse |

The Parties submitted a discovery dispute to the Court via a joint letter brief (Dkt. 193), and the Court heard argument on September 21, 2023. The Parties thereafter submitted a second joint letter brief (Dkt. 212). It is HEREBY ORDERED that, within 14 days from entry of this order:

1.  Cellwitch must supplement its response to Tile's Interrogatory No. 1 to:

    a.  Identify with specificity (by document, specific pages, paragraphs, figures, etc.), for each asserted claim element, all written description support (if any) provided by each and every one of the priority applications identified by Cellwitch.

    b.  Identify with specificity (by document, specific pages, paragraphs, figures, etc.), for each asserted claim element, all evidence from each and every one of the priority documents identified by Cellwitch regarding Cellwitch's contention that the named inventors conceived of the asserted claims on April 8, 2006.

    c.  Identify with specificity (by both date and type) any alleged reduction to practice of each asserted claim.

    d.    Identify with specificity (by document, specific pages, paragraphs, figures, etc.), for each asserted claim element, all evidence from each and every one of the priority documents identified by Cellwitch regarding any contention by Cellwitch that any asserted claim was reduced to practice (*see* 1.c above).

    e.    Identify with specificity (by document, specific pages, paragraphs, figures, etc.), for each asserted claim element, all evidence from each and every one of the priority documents identified by Cellwitch regarding any contention by Cellwitch that there was reasonable diligence between alleged conception and any alleged reduction to practice (*see* 1.b through 1.d above), including the date on which Cellwitch contends any specific document shows activity toward reduction to practice.

2. Cellwitch must supplement its response to Tile's Interrogatory No. 5 to identify with specificity (by document, specific pages, paragraphs, figures, etc.), for each asserted claim element, all written description support (if any) provided by each and every one of the priority applications identified by Cellwitch in its response to Interrogatory No. 1.

3. Cellwitch must omit from its responses to Tile's Interrogatory Nos. 1 and 5 any qualifying language (*e.g.*, "illustrative examples") that characterizes Cellwitch's responses as anything less than its complete, current contentions.

**IT IS SO ORDERED.**

Dated:_____      _____
                                                              The Honorable Alex G. Tse
                                                              UNITED STATES MAGISTRATE JUDGE