UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELLWITCH INC.,<br><br>    Plaintiff,<br><br>v.<br><br>TILE, INC.,<br><br>    Defendant. | Case No. 19-cv-01315-JSW<br><br>**ORDER REGARDING PARTIES' ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 162, 185, 192, 197, 199 |

Pending before the Court are the Parties' various requests to seal portions of their briefing on Plaintiff Cellwitch, Inc.'s ("Cellwitch") Motion to Enforce IPR Estoppel (Dkt. No. 162), portions of their briefing on Defendant Tile, Inc.'s ("Tile") Motion for Leave to File a First Amended Answer to the Amended Complaint (Dkt. Nos. 185, 197), portions of a July 13, 2023 Meet and Confer transcript (Dkt. No. 192), and portions of Tile's Responsive Claim Construction Brief (Dkt. No. 199).

For most judicial records, the party seeking to seal the record must demonstrate "compelling reasons" that would overcome the public's right to view public records and documents, including judicial records. *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115-16 (9th Cir. 2009), *opinion amended and superseded on denial of reh'g,* 605 F.3d 665 (9th Cir. 2010) (citing *Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir.2006)). A "party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings ... outweigh the general history of access and the public policies favoring disclosure.' " *Id*. (quoting *Kamakana*, 447 F.3d at 1178-79).

Records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809

F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id*. at 1097. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation and internal quotation marks omitted); *see also*, Fed. R. Civ. P. 26(c).

Applying these standards where appropriate, the Court rules as follows:

| Docket. No. | Description | Ruling |
|---|---|---|
| 162-3 | Ex. C to Tile's Opposition to Motion for IPR Estoppel | **GRANTED.** |
| 162-4 | Ex. D to Tile's Opposition to Motion for IPR Estoppel | **GRANTED.** |
| 185-4 | Ex. 3 to Tile's Motion for Leave to Amend | **GRANTED.** |
| 185-5 | Ex. 5 to Tile's Motion for Leave to Amend | **DENIED.** Cellwitch has failed to demonstrate compelling reasons sufficient to overcome the strong policy favoring public access and disclosure. Specifically, this document contains no confidential information – only that Mr. Orrick searched for "Bluetags" and found a publicly available patent. |
| 185-6 | Ex. 7 to Tile's Motion for Leave to Amend | **DENIED.** Cellwitch did not request for this document to be sealed in its statement pursuant to L.R. 79-5(f)(3) |

| | | | |
|---|---|---|---|
| 1<br>2 | 185-7 | Ex. 8 to Tile's Motion for Leave to Amend | **GRANTED.** |
| 3<br>4<br>5<br>6 | 185-8 | Ex. 9 to Tile's Motion for Leave to Amend | **DENIED.**<br><br>Cellwitch did not request for this document to be sealed in its statement pursuant to L.R. 79-5(f)(3). |
| 7<br>8 | 185-9 | Ex. 10 to Tile's Motion for Leave to Amend | **GRANTED.** |
| 9<br>10 | 185-10 | Ex. 11 to Tile's Motion for Leave to Amend | **GRANTED.** |
| 11<br>12<br>13<br>14<br>15<br>16<br>17 | 185-11 | Ex. 12 to Tile's Motion for Leave to Amend | **DENIED.**<br><br>Cellwitch failed to demonstrate compelling reasons sufficient to overcome the strong policy favoring public access and disclosure. Specifically, this document contains no confidential information – only that Mr. Orrick found the webpage "http://www.freepatentsonline.com" "very good." |
| 18<br>19<br>20<br>21<br>22<br>23<br>24<br>25 | 185-12 | Highlighted portions of Ex. 21 to Tile's Motion for Leave to Amend | **DENIED.**<br><br>Cellwitch failed to demonstrate compelling reasons sufficient to overcome the strong policy favoring public access and disclosure. Specifically, as to much of the highlighted portions of Ex. 21, Cellwitch has already filed this information publicly in other documents. *See, e.g.*, Dkt. No. 201-1.  Accordingly Cellwitch is directed to file a statement proposing narrower redactions consistent with its other publicly filed documents within 7 days of this order. |
| 26<br>27<br>28 | 185-13 | Highlighted portions of Ex. 22 to Tile's Motion | **DENIED.**<br><br>Cellwitch failed to demonstrate compelling |

| | | | |
|---|---|---|---|
| | | for Leave to Amend | reasons sufficient to overcome the strong policy favoring public access and disclosure. Specifically, as to much of the highlighted portions of Ex. 22, Cellwitch has already filed this information publicly in other documents. *See, e.g.*, Dkt. No. 201-1. Accordingly Cellwitch is directed to file a statement proposing narrower redactions consistent with its other publicly filed documents within 7 days of this order. |
| | 185-14 | Highlighted portions of Ex. 23 to Tile's Motion for Leave to Amend | **DENIED.** Cellwitch did not request for this document to be sealed in its statement pursuant to L.R. 79-5(f)(3). |
| | 185-15 | Highlighted portions of Ex. 25 to Tile's Motion for Leave to Amend | **DENIED.** Cellwitch did not request for this document to be sealed in its statement pursuant to L.R. 79-5(f)(3). |
| | 192-3 | Highlighted portions of the July 13, 2023 Meet and Confer Transcript | **DENIED.** Tile is directed to file its proposed shortened except of the transcript (Dkt. No. 192-4) in lieu of filing Dkt. 192-3 under seal. |
| | 197-3 | Highlighted portions of Tile's Reply in Support of its Motion for Leave to Amend. | **GRANTED** as to Cellwitch's proposed redactions (Dkt. No. 201-1). |
| | 199-3 | Highlighted Portions of Tile's Responsive Claim Construction Brief | **DENIED.** Cellwitch did not request for this document to be sealed in its statement pursuant to L.R. 79-5(f)(3). |
| | 199-4 | Highlighted Portions of Ex. 9 to Tile's Responsive Claim | **GRANTED.** The highlighted portions of Ex. 9 to Tile's Responsive Claim Construction Brief discuss |

| | | Construction Brief | documents Cellwitch has requested to remain sealed. |
|---|---|---|---|
| | 199-5 | Ex. 10 to Tile's Responsive Claim Construction Brief | **DENIED.** Cellwitch did not request for this document to be sealed in its statement pursuant to L.R. 79-5(f)(3). |
| | 199-6 | Ex. 11 to Tile's Responsive Claim Construction Brief | **GRANTED.** |
| | 199-7 | Ex. 12 to Tile's Responsive Claim Construction Brief | **GRANTED.** |
| | 199-8 | Ex. 13 to Tile's Responsive Claim Construction Brief | **GRANTED.** |
| | 199-9 | Ex. 14 to Tile's Responsive Claim Construction Brief | **GRANTED.** |
| | 199-10 | Ex. 15 to Tile's Responsive Claim Construction Brief | **GRANTED.** |
| | 199-11 | Ex. 16 to Tile's Responsive Claim Construction Brief | **GRANTED.** |
| | 199-12 | Ex. 17 to Tile's Responsive Claim Construction Brief | **GRANTED.** |

1  The Parties are directed to file these documents on the Court's docket consistent with the
2 above rulings within 7 days of the date of this order. With regards to Dkt. Nos 185-12 and 185-
3 13, Cellwitch is directed to file a statement proposing narrower redactions consistent with its other
4 publicly filed documents, within 7 days of the date of this order.

**IT IS SO ORDERED.**

Dated: October 27, 2023

_____
JEFFREY S. WHITE
United States District Judge