UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELLWITCH INC.,<br><br>    Plaintiff,<br><br>v.<br><br>TILE, INC.,<br><br>    Defendant. | Case No. 19-cv-01315-JSW<br><br>**ORDER DENYING PLAINTIFF CELLWITCH, INC.'S MOTION TO ENFORCE IPR ESTOPPEL**<br><br>Re: Dkt. No. 156 |

Now before the Court for consideration is Plaintiff Cellwitch, Inc.'s ("Cellwitch" or "Plaintiff") motion to enforce IPR estoppel pursuant to 35 U.S.C § 315(e)(2). (Dkt. No. 156 ("Mot").) Having carefully reviewed the parties' papers, considered their arguments, and the relevant legal authority, the Court **DENIES** Cellwitch's motion.

## BACKGROUND

Cellwitch filed this suit on March 12, 2019, alleging that Defendant Tile, Inc. ("Tile" or "Defendant") infringes its U.S. Patent No. 8,872,655 (the "'655 Patent"). The '655 Patent describes a process in which a user can attach a small disc to his or her personal items in order to track these items. (Dkt. No. 32 ¶ 19.) Cellwitch alleges that Tile leveraged Cellwitch's invention to establish Tile's dominant position in the personal object tracking sector. (*Id.* ¶ 41.)

In response, on December 18, 2019, Tile filed a petition before the Patent Trial and Appeal Board ("PTAB") for *inter partes* review ("IPR") of the '655 Patent, which challenged all the claims on grounds that relied upon three prior art references: U.S. Patent No. 6,967,576 ("Hayes"); U.S. Patent Pub. No. 2006/0055538 ("Ritter"); and U.S. Patent Pub. No. 2004/0087314 ("Duncan"). (Dkt. No. 62-5 at 1, 3–4.) Tile then moved for an order staying the litigation, (Dkt. No. 61) which the Court granted on January 17, 2020. (Dkt. No. 68.) The PTAB issued a Final

Written Decision on May 13, 2021, finding that claims 1-3, 10-15, 22, and 23 of the '655 Patent were unpatentable and specifically finding that prior art "teaches all of the limitations recited in claims 1 and 12, including the 'buddy' limitation." (Dkt. No. 103-2 at 37–49, 86.) The Federal Circuit affirmed the PTAB and issued a mandate. (Dkt. Nos. 103-3, 103-4.) The Court then lifted the stay on January 13, 2023 (Dkt. No. 119.)

Subsequently, on May 8, 2023, Tile served its invalidity contentions pursuant to Patent Local Rule 3-3, in which Tile asserted nineteen alleged prior art references. These included six printed publications (Ritter, Duncan, Hayes, and U.S. App. Pub. No. 2008/0143516 ("Mock"), U.S. App. No. 60/886,065 (the "'065 Provisional") and PCT Appl. Pub. No. WO 2008/090377 (the "'377 PCT")) and thirteen prior art systems. (*See* Dkt. No. 163-2.) In conjunction, Tile has served subpoenas upon sixteen entities, seeking discovery related to these alleged prior art systems. (*See* Dkt. Nos. 163-3 through 163-20). Cellwitch objected on the basis of IPR estoppel (*See* Dkt. No. 157-3) and filed this motion on June 9, 2023. In its motion, Cellwitch requests two forms of relief: (1) "the Court issue an order stopping Tile from advancing any of its anticipation or obviousness arguments as set forth in its Invalidity Contentions, given that Tile either raised or reasonably could have raised each such argument in its December 18, 2019 petition for *inter partes* review of the '655 Patent[]" and (2) "the Court enter a protective order shielding Cellwitch from the burden and expense of additional discovery related to such estopped arguments." (Mot. at 2.)

**ANALYSIS**

**A.   IPR Estoppel**

Cellwitch's first request in its motion is for the Court to enforce IPR estoppel and issue an Order precluding Tile "from advancing any of its anticipation or obviousness arguments as set forth in its Invalidity Contentions[.]" (Mot. at 2.) Section 315 of the Patent Act provides that "[t]he petitioner in an *inter partes* review of a claim in a patent under this chapter that results in a final written decision under section 318(a) . . . may not assert either in a civil action . . . that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that *inter partes* review." 35 U.S.C. § 315(e)(2); *see also California Institute of Technology v.*

2

*Broadcom Ltd.*, 25 F.4th 976, 991 (Fed. Cir. 2022) (Estoppel applies "to all grounds not stated in the petition but which reasonably could have been asserted against the claims included in the petition."). However, IPR estoppel does not apply to prior art products or systems, as the statute only permits an IPR petitioner to raise "prior art consisting of patents or printed publications." 35 U.S.C. § 311(b); *see also In re Koninklijke Philips Pat. Litig.*, No. 18-CV-01885-HSG, 2020 WL 7392868, at *26 (N.D. Cal. Apr. 13, 2020) ("*Koninklijke II*") ("Under the express terms of 35 U.S.C. § 311(b), a petitioner can only raise 'patents or printed publications' in an IPR."). "[A]s the party asserting and seeking to benefit from the affirmative defense of IPR estoppel[,]" the patentee bears the burden of proof by a preponderance of the evidence. *Ironburg Inventions Ltd. v. Valve Corp.*, 64 F.4th 1274, 1299 (Fed. Cir. 2023).

Cellwitch is unclear as to the procedural posture of its motion and has not specified what legal standard the Court should use to resolve its request to enforce IPR estoppel, while Tile argues that Cellwitch's motion is a premature motion for summary judgment. Here, the Court is inclined to agree with Tile, as for the most part, the case law Cellwitch relies upon are orders resolving summary judgment motions[1] and Cellwitch is apparently asking for judgment as a matter of law as to its defense of IPR estoppel. *See, e.g.*, *Wasica Fin. GmbH v. Schrader Int'l, Inc.*, 432 F. Supp. 3d 448, 453–55 (D. Del. 2020) (granting patentee's motion for summary judgment as to IPR estoppel); *Singular Computing LLC v. Google LLC*, No. CV 19-12551-FDS, 2023 WL 2839282, at *6–7 (D. Mass. Apr. 6, 2023) (same); *Koninklijke II*, 2020 WL 7392868, at *27 (denying motion for summary judgment on IPR estoppel); *Milwaukee Elec. Tool Corp. v. Snap-On Inc.*, 271 F. Supp. 3d 990, 1032 (E.D. Wis. 2017) (resolving IPR estoppel on summary judgment).

Under Federal Rule of Civil Procedure 56, "[s]ummary judgment is appropriate if the evidence and all reasonable inferences in the light most favorable to the nonmoving party 'show that there is no genuine issue as to any material fact and that the moving party is entitled to a

---

[1] In *Avanos Med. Sales, LLC v. Medtronic Sofamor Danek USA, Inc.*, No. 219CV02754JPMTMP, 2021 WL 8693677, at *1 (W.D. Tenn. Oct. 8, 2021), the patentee asserted IPR estoppel on a motion in limine, and thus the issue resolved at an even later point in the litigation.

judgment as a matter of law.'" *Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-CV-00072-BLF, 2020 WL 532991, at *2 (N.D. Cal. Feb. 3, 2020) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "The moving party bears the burden of showing there is no material factual dispute, by 'identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact.'" *Id.* (quoting *T.W. Elec. Serv. Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)); *see also Koninklijke II*, 2020 WL 7392868, at *6 (N.D. Cal. Apr. 13, 2020). As both the moving party and the party which bears the ultimate burden of proof at trial as to IPR estoppel, Cellwitch must therefore demonstrate that there is no genuine issue as to any material fact that Tile's invalidity grounds are estopped under 35 U.S.C. § 315.[2]

In support of its motion, Cellwitch makes two arguments. First, Cellwitch argues that Tile should be estopped from asserting any obviousness combination that includes patents or printed publications that were raised or reasonably could have been raised at its IPR. (Mot. at 7–8.) Accordingly, Cellwitch argues that IPR estoppel precludes all of Tile's asserted invalidity grounds, all of which rely on some combination of its system art and patents or printed publications. (*Id.*) Second, Cellwitch argues that Tile should also be estopped from asserting any of its alleged system art, because Tile's disclosure of this system art in its invalidity contentions relies exclusively upon printed publications, and therefore Tile is merely "cloaking" prior art

---

[2] Cellwitch, in its reply, cites to three cases in arguing that the Court may resolve the issue of IPR estoppel prior to the close of discovery, but all three involved motions to strike invalidity contentions, which Cellwitch has not requested here. *See Medline Indus., Inc. v. C.R. Bard, Inc.*, No. 17 C 7216, 2020 WL 5512132, at *1 (N.D. Ill. Sept. 14, 2020) (granting in part and denying in part motion to strike invalidity contentions); *Star Envirotech, Inc. v. Redline Detection, LLC*, No. 12-01861 JDB (DFMx), 2015 WL 4744394, at *4 (C.D. Cal. Jan. 29, 2015) (denying motion to strike invalidity contentions); *Asetek Danmark A/S v. CoolIT Sys. Inc.*, No. 19-CV-00410-EMC, 2019 WL 7589209, at *3 (N.D. Cal. Dec. 30, 2019) (granting motions to strike invalidity contentions). Moreover, in the only case of the three in which the motion to strike was granted on IPR estoppel grounds, the court did so after on the basis that "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances" would IPR estoppel fail to apply. *Asetek Danmark,* 2019 WL 7589209, at *3 (quoting *S.E.C. v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1996)). Accordingly, to the extent the Court should construe this motion as a motion to strike, it is still premature given the unresolved factual question subject to discovery. *See* Section A.2, *infra*.

grounds it could have raised at IPR as system art, in an attempt to skirt IPR estoppel. (Mot. at 8–12.) The Court addresses each of these arguments in turn.

### 1. Combinations of System Art and Patents or Printed Publications

Cellwitch first argues that because Ritter, Duncan, and Hayes are prior art references that Tile raised at IPR, and that Mock, the '065 Provisional, and the '377 PCT are prior art references that Tile reasonably could have raised at IPR, Tile should be precluded from advancing any invalidity theory that relies upon these references, including obviousness combinations under 35 U.S.C. § 103. (Mot. at 6–8.) The Court finds this argument unpersuasive, and unsupported by the case law. The purpose of IPR estoppel is "to discourage 'abusive serial challenges to patents' and provide 'faster, less costly alternatives to civil litigation to challenge patents.'" *Intuitive Surgical, Inc. v. Ethicon LLC*, 25 F.4th 1035, 1043 (Fed. Cir. 2022) (quoting 157 Cong. Rec. S936, S952 (daily ed. Feb. 28, 2011) (statement of Sen. Grassley)). Precluding a party from advancing a Section 103 obviousness theory that combines a patent or printed publication with system art that could not have been raised at IPR would be contrary to these goals. Cellwitch's position would effectively preclude an alleged infringer who petitions for IPR from ever advancing *any* obviousness combination that included a patent or printed publication – this would only serve to discourage parties from pursuing IPR as a "faster, less costly alternative" to district court litigation, and does nothing to avoid "abusive, serial challenges to patents." *Id.*

Recognizing this, District Courts across the country have rejected Cellwitch's argument, with the majority construing the term "ground" as used in Section 315 to mean "the specific piece of prior art or combination of prior art that a petitioner raised, to challenge the validity of a patent during an IPR" *Medline Indus., Inc. v. C.R. Bard, Inc.*, No. 17 C 7216, 2020 WL 5512132, at *4 (N.D. Ill. Sept. 14, 2020). Thus, these courts have held that IPR estoppel does not preclude a petitioner "from pursuing an invalidity ground in litigation that relies upon at least one product or non-patent/non-printed publication as a prior art reference, even if the theory also relies upon patents or printed publications that could have been raised in an IPR." *Id.*; *see also Microchip Tech. Inc. v. Aptiv Servs. US LLC*, No. 1:17-CV-01194-JDW, 2020 WL 4335519, at *4 (D. Del. July 28, 2020) (holding IPR estoppel does not estop "references based on physical prior art,

5

whether standing alone or in combination with a printed reference."); *SPEX Techs. Inc v. Kingston Tech. Corp.*, No. SACV1601790JVSAGRX, 2020 WL 4342254, at *2 (C.D. Cal. June 16, 2020) (same); *Chemours Co. FC, LLC v. Daikin Indus., Ltd.*, No. CV 17-1612 (MN), 2022 WL 2643517, at *2 (D. Del. July 8, 2022) (same); *Koninklijke II*, 2020 WL 7392868, at *27 (same).

Cellwitch, for its part, has not identified any case in which a court has estopped a Section 103 obviousness combination of system art and printed references, based solely on the fact that the printed references were raised or reasonably could have been raised at IPR. The sole authority it has cited, *Singular Computing*, does not stand for this proposition. In *Singular Computing*, the IPR estoppel issue before the court was whether the defendant could advance a theory of anticipation under 35 U.S.C. § 102 based upon three prior art systems, where it intended to present evidence at trial that it could not have submitted to the PTAB during IPR, "in combination with printed publications, and . . . expert testimony [that] may rely in part upon those publications." *Singular Computing*, 2023 WL 2839282 at *7. In this context, the *Singular* court held that IPR estoppel "applies whether the patents and printed publications are offered as stand-alone evidence, or in combination with other evidence that could not have been presented at the IPR proceeding." *Id.* The *Singular Computing* court did not, as Cellwitch argues, apply IPR estoppel to preclude any Section 103 obviousness combination which included a patent or printed publication which reasonably could have been raised at IPR, even if combined with a prior art system that indisputably could not have been raised at IPR.

Accordingly, the Court finds no support in the statute or case law for Cellwitch's argument that Tile should be estopped from relying upon obviousness combinations of system art and Ritter, Duncan, Hayes, Mock, the '655 Provisional, or the '377 PCT, merely because it raised, or reasonably could have raised, those references at IPR.

**2.    Tile's System Art References**

Cellwitch's second argument is that Tile should be estopped from asserting any of the thirteen prior art systems it disclosed in its invalidity contentions, because those systems are actually nothing more than printed publications re-labelled as system art to skirt IPR estoppel. (Mot. at 8–12.) In support, Cellwitch argues that Tile's disclosures of these prior art systems in its

invalidity contentions rely exclusively upon publicly available printed documents, demonstrating that these systems are duplicative of those printed publications and nothing more.  Thus, Cellwitch argues that Tile is attempting to "skirt [IPR estoppel] by purporting to rely on a device without actually relying on the device itself."  *Milwaukee Elec. Tool*, 271 F. Supp. 3d at 1032.

The Federal Circuit has not explicitly delineated the contours of IPR estoppel in such situations, and district courts are split on this question.  *See Wasica*, 432 F. Supp. 3d at 453–54 (noting lack of Federal Circuit guidance and division amongst district courts as to question of whether "IPR estoppel extend[s] to invalidity 'grounds' that include a physical product when a patent or prior art publication – to which the physical product is entirely cumulative – was reasonably available during the IPR[.]").  The *Wasica* court held that it does, and estopped the defendant from raising obviousness combinations that included prior art systems that were "materially identical" to prior art publications that reasonably could have been raised at IPR.  *Id.* at 455.  However, other courts have disagreed.  *See*, *e.g.*, *Chemours*, 2022 WL 2643517, at *2 ("Congress could have dictated that estoppel applies to products covered by the paper art underlying the IPR where the paper art discloses the same claim limitations as the product. But Congress did not do so."); *Medline*, 2020 WL 5512132, at *4 (declining to follow the reasoning in *Wasica* because "[i]f Congress had wanted to estop an IPR petitioner from pursuing invalidity grounds that relied upon a physical product in a particular situation, such as where a patent or printed publication discloses the same claim limitations as the product, it could have provided language to that effect.").

Here however, the Court need not wade into this dispute at this juncture because Cellwitch's argument is premature, as discovery is ongoing in this case, and there are open factual questions as to the extent Tile's system art relies upon printed publications.  For example, Tile has requested discovery that may reveal evidence of how these prior art systems function that could not have been raised at IPR, including source code.  (*See* Dkt. No. 163-1 at ¶ 30.)  Such evidence may demonstrate that Tile's system art is not duplicative of the printed publications it has thus far cited, and therefore not subject to IPR estoppel.  Thus, "granting summary judgment [on Cellwitch's defense of IPR estoppel] before [Tile] has been able to conduct full discovery would

7

be premature." *Le v. Sentinel Ins. Co., Ltd.*, No. 21-CV-03057-VC, 2021 WL 4316565, at *1 (N.D. Cal. Sept. 23, 2021) (citing *Celotex*, 477 U.S. at 326).

      Cellwitch does not meaningfully dispute that Tile has requested this discovery. Rather, Cellwitch argues that Tile is not *entitled* to such discovery, because there can be no dispute that Tile's system art is nothing more than a "cloak" for printed publications that could have been raised at IPR. (Mot. at 14.) However, Cellwitch's only support for this argument is that Tile has thus far failed to discover evidence to the contrary, or disclose such evidence in its invalidity contentions. (*Id.*) In this circular logic, Cellwitch argues that IPR estoppel applies as a matter of law because of Tile's disclosure deficiencies, and simultaneously that Tile *cannot* remedy these disclosure deficiencies because IPR estoppel applies as a matter of law. At best, this argument puts the cart before the horse, essentially asking this Court to treat the disclosure deadlines of Patent Local Rule 3-3 as a discovery cut-off for the purposes of IPR estoppel and to hold that the failure to discover and disclose evidence should mean that no such evidence *can* be discovered.[3] The Court finds no support for such a proposition and declines to do so here.

      Cellwitch is correct in that Patent Local Rule 3-3[4] is "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366

---

[3] Cellwitch's reliance on cases such as *Joseph v. LineHaul Logistics, Inc.*, No. 11-cv-114-M-JCL, 2012 WL 3779202, at *11 (D. Mont. Aug. 31, 2012) and *U & I Corp. v. Advanced Med. Design, Inc.*, 251 F.R.D. 667, 673 (M.D. Fla. 2008) underscore this conclusion. In both cases, the courts issued protective orders protecting parties from engaging in discovery *after the discovery cut-off passed*. Cellwitch argues that this Court should do the same here, where discovery is ongoing and only the disclosure deadline of Patent Local Rule 3-3 has passed.

[4] Patent Local Rule 3-3 requires that, not later than 45 days after receipt of infringement contentions, each party opposing a claim of patent infringement serve invalidity contentions. Patent L.R. 3-3. As relevant here, these disclosures must contain "[t]he identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious[,]" and "if obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness[.]" Patent L.R. 3-3(a)-(b). These disclosures must also include a "chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found[.]" Patent L.R. 3-3(c).

8

n.12 (Fed. Cir. 2006) (quoting *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006)). "However, these rules are 'not a straitjacket into which litigants are locked from the moment their contentions are served;' rather, there is 'a modest degree of flexibility, at least near the outset.'" *Slot Speaker Techs., Inc. v. Apple, Inc.*, No. 13-CV-01161-HSG(DMR), 2017 WL 235049, at *2 (N.D. Cal. Jan. 19, 2017) (quoting *Tessera, Inc. v. Advanced Micro Devices, Inc.*, No. C 05-4063 CW, 2007 WL 1288199, at *1–2 (N.D. Cal. Apr. 30, 2007)).  Here, Tile has disclosed its invalidity theories, and, in contrast to the cases Cellwitch relies upon, is not seeking to add wholly new prior art theories or references in its contentions. *Cf. Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846, 2012 WL 1067548, at *6–7 (N.D. Cal. Mar. 27, 2012) (denying motion to amend invalidity contentions to add a new prior art reference); *Tech. Props. Ltd. LLC v. Canon Inc.*, No. 14-cv-03640-CW, 2016 WL 1570163, at *3 (N.D. Cal. Apr. 19, 2016) (same); *In re Koninklijke Philips Pat. Litig.*, No. 18-CV-01885-HSG, 2019 WL 2359206, at *2 (N.D. Cal. June 4, 2019) (*Koninklijke I*) (same); *HID Glob. Corp. v. Farpointe Data, Inc.*, No. SACV1001954JVSAJWX, 2012 WL 13018379, at *1 (C.D. Cal. Feb. 6, 2012) (same, also seeking to amend after service of claim construction and rebuttal expert reports).

      Cellwitch spends much of its motion and reply arguing that Tile's invalidity contentions are deficient under these Patent Local Rules. (*See e.g.*, Mot. at 12–14; Dkt. No. 166 ("Reply") at 3–5, 9–10.)   The Court need not decide the merits of these arguments in this Order.  Even assuming that these complaints have merit, Cellwitch has not moved to compel Tile to amend its contentions to correct these alleged deficiencies.  Instead, Cellwitch has taken the extreme position that these alleged failures in discovery and disclosure prove that further amendment would be futile as a matter of law, and should justify effectively entering terminating sanctions against Tile's 35 U.S.C §§ 102 and 103 invalidity defenses.  The Court finds no reason to support such a severe penalty, especially where, as here, there is no meaningful dispute that Tile has not completed discovery into the relevant prior art systems.

      Accordingly, because there are unresolved factual questions as to Tile's asserted system art which are material to the issue of IPR estoppel, and discovery is ongoing, the Court declines to find Tile's system art references subject to IPR estoppel at this juncture.

### B. Protective Order

Cellwitch argues that it is entitled to a protective order in order to protect it from the "undue burden or expense" of discovery into prior art references that should be estopped as a matter of law. Federal Rule of Civil Procedure 26(c) permits a court to, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by (1) prohibiting disclosure or discovery; (2) conditioning disclosure or discovery on specified terms; (3) preventing inquiry into certain matters; or (4) limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1). The moving party has the burden of showing a particular need for protection under Rule 26(c), and "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir.1992) (quoting *Cipollone v. Ligget Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986)). Here, because the Court has found that there are unresolved factual questions as to Tile's asserted system art which are material to the issue of IPR estoppel, there is no good cause to issue a protective order. Accordingly, Cellwitch's request for a protective order is denied.

### C. Attorney's Fees

Tile requests that the Court award it attorney's fees incurred in opposing this motion, under 28 U.S.C. § 1927 and the Court's own inherent power. (*See* Dkt. No. 163 ("Opp") at 15). Tile argues that this request is appropriate in light of Cellwitch's unilateral decision to block all relevant discovery into its IPR estoppel defense, including discovery into the relevant prior art systems and even discovery as to its defense to §§ 101 and 112 invalidity. *See id.* "An award of fees under Section 1927 'must be supported by a finding of subjective bad faith.'" *Nelson v. SeaWorld Parks and Entertainment, Inc.*, No. 15-CV-02172-JSW, 2021 WL 8134398, at *2 (N.D. Cal. July 9, 2021), *aff'd sub nom. Morizur v. SeaWorld Parks & Ent., Inc.*, No. 21-16495, 2022 WL 15761398 (9th Cir. Oct. 28, 2022). A court may find bad faith "when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *Id.* "Similarly, 'when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an

improper purpose[,]' a court has the inherent power to impose attorneys' fees as a sanction." *Id.*

While the Court is troubled by Cellwitch's apparent unilateral decision to withhold discovery, especially as to invalidity issues that are completely irrelevant to IPR estoppel (*e.g.*, defenses under 35 U.S.C. §§ 101 and 112), the Court is not convinced that Cellwitch's conduct has risen to the level of subjective bad faith. Accordingly, the Court declines to award Tile attorney's fees in connection with opposing this motion. However, in light of this Order, the Court will not look lightly upon further efforts to withhold or block discovery into matters relevant to the Parties' claims or defenses.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to enforce IPR estoppel.

**IT IS SO ORDERED.**

Dated: December, 20, 2023

_____
JEFFREY S. WHITE
United States District Judge